UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 20-00387-FMO |
|---|---|
| Plaintiff, | ) |
| v. | ) **CASE MANAGEMENT ORDER** |
| STEVEN DUARTE, | ) |
| Defendant. | ) |

**Please read this Order carefully. It governs this case and differs in some respects from the Local Criminal Rules.** All parties shall comply with the requirements of this Order, the Federal Rules of Criminal Procedure, and the Local Criminal Rules of this District. When applicable directly or by analogy, the Local Civil Rules shall govern this case. See Local Criminal Rule 57-1.

The court has scheduled certain dates and deadlines on the last two pages of this Order. Additionally, to effectuate the speedy and orderly administration of justice, the court **orders** as follows.

I.  DISCOVERY.

   A.  Generally.

These discovery procedures are set forth to expedite the transfer of discoverable material between the parties and to ensure that pretrial discovery motions are filed **only** when these

discovery procedures have failed to timely result in the exchange of all legitimately discoverable material. Notwithstanding any other rule, (see Fed. R. Crim. P. 41), all applications for search warrants related to the instant prosecution shall be brought before this court instead of the magistrate judge. No such applications may be filed after the discovery cutoff set forth below without leave of court.

Unless defendant provides notice to the government that he or she elects not to receive discovery, the parties must provide discovery in accordance with Fed. R. Crim. P. 16.

B.   Government's Initial Disclosure.

No later than the date set forth below, the government shall:

1. make available for inspection or copying all materials set forth in Fed. R. Crim. P. 16(a) in its possession, custody, or control, or which may become known to the government through due diligence;

2. make available for inspection or copying any electronic eavesdrop, wiretap, or any other interception of defendant's wire or oral communications as defined by 18 U.S.C. § 2510, et seq., the authorization for and information gathered from a tracking device, GPS locator, pen register, trap and trace, or any other video or audio recording used during the course of the investigation of the case;

3. make available for inspection or copying any search warrants and supporting affidavits which resulted in the seizure of evidence which is intended for use by the government, or which was obtained from, or belongs to, defendant;

4. inform defendant whether any physical evidence intended to be offered by the government in the case was seized by the government pursuant to any exception to the warrant requirement;

5. make available for inspection or copying all photographs used in any photograph lineup, show up, or photo spread, and identify any other identification technique and the results thereof; and

6. advise defendant of evidence that is favorable to defendant and material to defendant's guilt or punishment pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194

(1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972).

C.      Government's Supplemental Disclosure.

No later than the date set forth below, the government shall provide defendant:

   1. The information required by United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991) (holding that "the government has a duty to examine [the] personnel files" of testifying law enforcement officers and disclose any material information found therein);

   2. A summary of any evidence of other crimes, wrongs, or acts which the government intends to offer under Fed. R. Evid. 404(b), in sufficient detail that the court may rule on the admissibility of the proffered evidence if challenged; and

   3. A list of convictions the government intends to offer under Fed. R. Evid. 609, so that the court may rule on their admissibility if challenged.

D.      Defendant's Disclosure.

No later than the date set forth below, defendant shall make available for inspection or copying all materials set forth in Fed. R. Crim. P. 16(b) within defendant's possession, custody, or control that defendant intends to use in defendant's case-in-chief.

E.      Continuing Duty to Disclose.

If at any time either party identifies or obtains additional evidence not previously disclosed that is subject to discovery or inspection under this Order, Fed. R. Crim. P. 16, or any other governing law, that party shall **promptly** disclose it to the other party.

F.      Discovery Cutoff.

The discovery deadlines established in this Order are firm. If either party fails to comply with the discovery deadlines set by this Order, the court will impose sanctions in accordance with Fed. R. Crim. P. 16(d)(2) and/or 28 U.S.C. § 1927.

The government must produce all discovery related to evidence that it intends to use at trial no later than the date set forth below (the "discovery cutoff"). **The government will not be permitted to introduce any evidence at trial that is produced subsequent to the discovery cutoff**, unless the evidence was first identified or obtained after that date **and** supplements discovery previously identified and produced to defendant before that date. The discovery cutoff

does not affect the government's continuing duty to disclose; that is, the government must continue to promptly disclose any relevant, discoverable evidence to which defendant is entitled even if the evidence is first identified or obtained after the discovery cutoff.

      G.    <u>Motions to Compel</u>.

If either party fails to comply with their discovery obligations, or if either party requests discovery or inspection beyond that provided for by this Order, the parties shall meet and confer in person or by telephone with a view toward resolving the dispute informally without involving the court. All motions to compel shall include a certification stating:

      1. that counsel have met and conferred in person or by telephone to discuss the subject matter of the motion, and have been unable to reach agreement;

      2. the date and time when the meet and confer took place; and

      3. the names of the attorneys and parties who were in attendance.

Any motion to compel that does not include the required certification may be summarily denied.

II.    PRETRIAL DOCUMENTS.

      A.    <u>Pretrial Motions</u>.

All pretrial motions, including motions to compel, motions to suppress, and motions <u>in limine</u>, must be filed no later than the date set forth below. For each pretrial motion, the opposing party is required to file a response brief in opposition or a notice of non-opposition no later than the date set forth below. If the opposing party files a response brief in opposition to the motion, the moving party shall file a reply brief no later than the date set forth below.

Any challenge to expert testimony pursuant to <u>Daubert v. Merrell Dow Pharm.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be filed in the form of a motion in limine.

      B.    <u>Pretrial Exhibit Stipulation</u>.

The parties shall meet and confer in person or by telephone to discuss the admissibility of the government's trial exhibits. No later than the date set forth below, the parties shall submit a Pretrial Exhibit Stipulation containing the government's numbered list of trial exhibits, with defense objections, if any, to each exhibit, including the basis of the objection and the government's brief

response.  Each objection must include the grounds for the objection (e.g., a Federal Rule of Evidence) and an explanation of why the disputed exhibit is not admissible.  All exhibits to which there is no objection shall be deemed admitted.  **The parties shall stipulate to the authenticity and foundation of exhibits whenever possible.**  The Pretrial Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to so stipulate.  **Do not submit** blanket or boilerplate objections.  These will be disregarded and overruled.

The Pretrial Exhibit Stipulation must be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Exhibit No.**    **Description**    **Stipulation**[1]    **Objection**    **Response to Objection**

C.   Proposed Jury Instructions.

The parties shall meet and confer in person or by telephone to discuss the proposed jury instructions.  The proposed jury instructions must be filed no later than the date set forth below, and must conform to the following requirements:

1. **Selection and Modification of Proposed Instructions**.

If the Ninth Circuit's Manual of Model Criminal Jury Instructions provides an applicable jury instruction, the parties should use the most recent version of that instruction.  If there is no applicable Ninth Circuit model jury instruction, the parties should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions ("O'Malley").  If neither the Ninth Circuit nor O'Malley provides an applicable jury instruction, the parties should consult the model jury instructions published by other Circuit Courts of Appeal.

The parties shall modify the instructions to fit the facts of the case, i.e., where language appears in brackets in the model instruction, the parties shall select and insert appropriate text.  **The parties shall not, however, modify or supplement an instruction's statement of**

---

[1] This column shall indicate whether defendant objects to the exhibit, agrees to admission for its substance, or agrees to admission for identification purposes only.

5

**applicable law** unless absolutely necessary and strongly supported by controlling case law or other persuasive authority. Each requested instruction must also: (a) cite the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

2. **Joint Proposed Jury Instructions**.

The parties shall file a set of joint proposed jury instructions on which both parties agree. The court expects the parties to agree on the substantial majority of jury instructions, particularly when the model instructions provide a statement of applicable law. If one party fails or refuses to comply with the requirements of this section, the other party shall file a unilateral set of proposed jury instructions.

3. **Disputed Proposed Jury Instructions**.

The parties shall separately file a set of disputed proposed jury instructions containing all instructions proposed by one party to which another party objects. On a separate page following each disputed instruction, the party opposing the instruction shall briefly state: (a) the basis for the objection; (b) any authority in support thereof; and (c) if applicable, an alternative instruction. On the following page, the party proposing the disputed instruction shall briefly state: (d) its response to the objection; and (e) any authority in support of the instruction.

4. **Index**.

For both the Joint and Disputed Proposed Jury Instructions, the parties must provide an index including the following: (a) the number of the instruction; (b) the title of the instruction; (c) the source of the instruction and any relevant case citations; and (d) the page number of the instruction. The index must be substantially in the following form:

**Index of [Joint/Disputed] Jury Instructions**

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2010 ed.) | 5 |

    D.    <u>Proposed Verdict Forms</u>.

The parties shall meet and confer in person or by telephone to discuss the Proposed Verdict Forms. No later than the date set forth below, the parties shall file a set of Joint Proposed Verdict Forms on which both parties agree. If the parties are unable to reach agreement, each party shall file a unilateral set of Proposed Verdict Forms along with a brief explanation, not to exceed one page, addressing the dispute.

    E.    <u>Joint Statement of the Case</u>.

No later than the date set forth below, the parties shall jointly file an objective, non-argumentative statement of the case, which the court will read to all prospective jurors at the beginning of voir dire. The statement should not exceed one page.

    F.    <u>Voir Dire</u>.

The court will conduct voir dire. Each party may, but need not, file its own set of Proposed Voir Dire Questions no later than the date set forth below.

    G.    <u>Government's Trial Memorandum</u>.

No later than the date set forth below, the government shall file a Trial Memorandum addressing, at minimum: (1) a factual summary of the government's case, including any stipulations between the parties; (2) a statement of the charged offenses and the elements of each charge; (3) an estimate of the length of the government's case in chief, including anticipated cross-examination; (4) the names of witnesses the government intends to call; (5) a discussion of relevant legal and evidentiary issues as applied to the facts of the case; and (6) the current status of the case, including any pending motions or other issues to be resolved before trial.

III.    TRIAL REQUIREMENTS.

    A.    <u>Government's Documents and Exhibits</u>.

On the morning of the first day of trial, the government shall provide the following documents to the Courtroom Deputy Clerk ("CRD"): (1) three copies of the government's witness list, in the order in which the witnesses are expected to testify; (2) three copies of the Pretrial Exhibit Stipulation; and (3) three identical three-ring binders containing all exhibits to be admitted (not including those to be used for impeachment purposes only), with tabs and official exhibit tags

bearing the same number as shown on the Pretrial Exhibit Stipulation.

  B. <u>Defendant's Documents and Exhibits</u>.

On the morning of the first day of trial, defendant shall provide the CRD with: (1) three copies of the defense witness list; (2) three copies of the defense exhibit list; and (3) in trials where defendant expects to admit 20 exhibits or more, two identical three-ring binders (one for the court and one for the witnesses) containing all exhibits to be admitted, with tabs and official exhibit tags. If defendant expects to admit fewer than 20 exhibits, the court prefers that defendant deliver one copy of each exhibit to the CRD on the first day of trial, but defendant is not required to do so if the exhibit has not been previously provided to the government, in which case defendant shall provide a copy of each exhibit to the CRD upon its admission during trial.

IV. OTHER MATTERS.

  A. <u>Mandatory Chambers Copies</u>.

The parties must submit paper chambers copies of all documents filed in the case. The parties shall deliver chambers copies to the box outside of the court's chambers by 12:00 p.m. on the day after filing. The court will not rule on stipulations or <u>ex parte</u> applications until chambers copies have been received.

  B. <u>Under Seal Documents</u>.

The parties shall comply with the Local Criminal Rules, the instructions posted on the court's website at the "Judges' Procedures and Schedules" link, and the PDF attachment entitled "FMO CR Under Seal Procedures.pdf" on the court's website with respect to all filings under seal.

  C. <u>Continuances</u>.

The government and the court share responsibility for enforcement of the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq</u>. <u>See</u> <u>United States v. Perez-Reveles</u>, 715 F.2d 1348, 1353 (9th Cir. 1983) ("[T]he monitoring of the limitations period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement."). The court expects the government to monitor the "speedy trial clock" and ensure that any continuance sought by either party does not violate the limitations period set forth by the Speedy Trial Act.

If either party seeks a continuance, that party shall file a motion or stipulation for a

continuance setting forth, at minimum: (1) a detailed explanation of the grounds for continuance; (2) the range of dates to be excluded from the Speedy Trial Act's time limitations; and (3) the statutory basis for exclusion under 18 U.S.C. § 3161(h).  If defendant seeks, or consents to, a continuance, the motion or stipulation must contain: (1) a statement that defendant understands and waives the right to a speedy trial established by 18 U.S.C. § 3161; and (2) the signatures of defendant and defense counsel.

D.     Bail Review and Modification.

If defendant seeks bail review due to changed circumstances or information not previously presented to the Magistrate Judge, defendant must first present the request for bail review to the Magistrate Judge, and must serve the request on the government and Pretrial Services.

Any request by defendant for a modification of release conditions, e.g., to permit travel, must: (1) be supported by a showing of good cause; (2) be made only after consultation with both Pretrial Services and the government; (3) contain a statement of the positions of both Pretrial Services and the government; and (4) be served on both Pretrial Services and the government. If the Magistrate Judge set the release conditions for which modification is sought, the request for modification shall first be presented to the Magistrate Judge.

V.     COMPLIANCE WITH THIS ORDER AND APPLICABLE RULES.

All parties are required to be familiar with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the Local Rules of the Central District of California, and the court's standing orders.  Failure by any party or attorney to comply with the requirements of this Order or any applicable rule may result in the imposition of sanctions.

/ / /

/ / /

/ / /

<u>United States v. Steven Duarte</u>
Case No. CR 20-00387-FMO

## CASE DEADLINES

1. No later than **November 23, 2020**, the government shall produce its initial disclosure to defendant.

2. No later than **November 27, 2020**, the government shall produce its supplemental disclosure to defendant.

3. The discovery cutoff date shall be **November 30, 2020**. No later than the discovery cutoff: (A) defendant shall produce pretrial discovery to the government; and (B) the government shall produce to defendant all remaining discovery related to evidence it intends to use at trial. **Evidence produced by the government after this date will not be admissible**, unless the evidence was first identified or obtained after that date **and** supplements discovery previously identified and produced to defendant before that date.

4. No later than **December 4, 2020**, the parties shall file: (A) all pretrial motions, including motions to compel, motions to suppress, and motions <u>in</u> <u>limine</u>; (B) the Joint Proposed Jury Instructions; (C) if necessary, the Disputed Proposed Jury Instructions; and (D) the Proposed Verdict Forms.

The parties shall also submit copies of all jury instructions and verdict forms via e-mail to the court's chambers e-mail address (fmo_chambers@cacd.uscourts.gov) in WordPerfect (the court's preference) or Word format.

5. No later than **December 4, 2020**, the government shall file its Pretrial Exhibit Stipulation.

6. No later than **December 11, 2020**, the parties shall file: (A) response briefs in opposition to pretrial motions; (B) the Joint Statement of the Case; and (C) the Proposed Voir Dire Questions.

The parties shall also submit copies of the statement of the case and voir dire questions via e-mail to the court's chambers e-mail address (fmo_chambers@cacd.uscourts.gov) in WordPerfect (the court's preference) or Word format.

7. No later than **December 11, 2020**, the government shall file its Trial Memorandum.

8. No later than **December 15, 2020**, the parties shall file reply briefs in support of pretrial motions.

9. A pretrial conference is scheduled for **December 18, 2020,** at 2:00 p.m. Unless otherwise ordered, hearings on all pending pretrial motions will be held at the same time as the pretrial conference.

10. The trial is scheduled to begin on **January 5, 2021,** at 9:00 a.m. On the first day of trial, counsel must appear at 8:30 a.m. to discuss preliminary matters with the court.

IT IS SO ORDERED.

Dated this 18th day of November, 2020.

/s/
Fernando M. Olguin
United States District Judge