NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
AMANDA ELBOGEN (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5748
    Facsimile: (213) 894-0141
    E-mail:   amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| STEVEN DUARTE, | **[PROPOSED] TRIAL DATE: 06/01/2021** |
| Defendant. | **[PROPOSED] PRE-TRIAL CONFERENCE DATE:    05/20/2021** |

    Having considered the United States of America's Ex Parte Application to Continue the Trial Date and Exclude Time Under the Speedy Trial Act (the "Application"), as well as the Central District of California's General Orders Nos. 20-02, 20-03, 20-05, 20-08, 20-09 In Re: Coronavirus Public Emergency, and the Orders of the Chief Judge Nos. 20-042, 20-043, 20-080, 20-097, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case charging defendant with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), was filed on September 1, 2020.

2. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 13, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 22, 2020.

3. On October 13, 2020, the Court set a trial date of January 5, 2021.

4. Defendant currently is detained at Metropolitan Detention Center Los Angeles ("MDC") pending trial.

5. In recognition of this public health crisis, and following the President's declaration of a national emergency and the California Governor's declaration of a State of Emergency in response to COVID-19, since March 13, 2020, the Court has issued general orders that have suspended jury selection and jury trials as a result of the COVID-19 pandemic. Specifically, on March 13, 2020, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020). The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of

Operations Plan ("COOP"), closing all C.D. Cal. courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions though May 1, 2020.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).

6.   On March 29, 2020, by Order of the Chief Judge, the Court found "that emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within the Central District of California."  C.D. Cal. Order of the Chief Judge No. 20-043 (March 29, 2020).

7.   On April 13, 2020, the Court extended the COOP through June 1, 2020.  C.D. Cal. General Order 20-05 (April 13, 2020).

8.   On May 28, 2020, the Court extended the activation of the COOP Plan through and including June 22, 2020.  C.D. Cal. General Order 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court, at 2 (May 28, 2020).  This extension order also set forth a plan for reopening, which is to occur in three phases.  The last phase (Phase 3) contemplates the resumption of jury trials, but a date for commencement of this phase was not given.

9.   On June 26, 2020, and September 23, 2020, the Court extended the findings and authorizations in the Order of the Chief Judge 20-043 for an additional 90 days.  C.D. Cal. Order of the Chief Judge No. 20-080, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 1 (June 26, 2020); C.D. Cal. Order of the Chief Judge No. 20-097, In Re: Coronavirus Public Emergency, Use of Video

and Telephonic Conference Technology in Certain Criminal Proceedings, at 1 (September 23, 2020).

10. On August 6, 2020, the Court entered General Order 20-09, which supersedes General Order 20-08. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court. (Aug. 6, 2020). The Order recognizes (1) that "the number of people infected by [COVID-19], continues to grow, with thousands of confirmed cases and deaths in the Central District of California; and (2) the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, including implementing physical distancing and reducing the size of in-person gatherings." Id. at 1. In addition, with certain exceptions, the Courthouses will be closed to the public, and until further notice, no jury trials will be conducted in criminal cases. Id. at 2-3.

11. Specifically, in connection with the continued suspension of criminal jury trials, the Court made the following findings:

> The Center for Disease Control and Prevention has warned that "in the coming months, most of the U.S. population will be exposed to this virus." The COVID-19 rates of infection, hospitalizations and deaths have significantly increased in the Central District of California in the last thirty days such that holding jury trials substantially increases the chances of transmitting the Coronavirus. The Court concludes that conducting jury trials would also likely place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk. Therefore, the Court finds that suspending criminal jury trials in the Central District of California because of the increase in reported COVID-19 infections, hospitalizations, and deaths serves the ends of justice and outweigh the

      interests of the public and the defendants in a speedy trial.

Id.

12. Emergency proclamations, restrictions, and guidance change daily, or more often.

13. Given the grave public-health concerns discussed in the Central District of California's General Orders Nos. 20-02, 20-03, 20-05, 20-08, 20-09 In Re: Coronavirus Public Emergency, and the Orders of the Chief Judge Nos. 20-042, 20-043, 20-080, 20-097, and given the facts set forth in the government's Application (which the Court incorporates fully by reference here), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

14. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

15. Failure to continue the trial in this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk. The Court finds it would be irresponsible to fail to continue the trial date.

16. Due to the restrictions imposed by current public-health concerns, it is it is also unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

17. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from January 5, 2021 to June 1, 2021. The pretrial conference is continued from December 18, 2020 to May 20, 2021.

2. The time period of December 2, 2020 to June 1, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv). The time period of December 2, 2020 until the defendant is again available for trial is also excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(3)(A).

//
//
//
//
//
//
//
//

3.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____          _____
 DATE                                    HONORABLE FERNANDO M. OLGUIN
                                         UNITED STATES DISTRICT JUDGE

Presented by:

     /s/
_____
AMANDA ELBOGEN
Assistant United States Attorney

7