NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
AMANDA ELBOGEN (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5748
     Facsimile: (213) 894-0141
     E-mail:    amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | ORDER GRANTING EX PARTE APPLICATION [20] CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| STEVEN DUARTE, | |
| Defendant. | **TRIAL DATE:          06/01/2021** |
| | **PRE-TRIAL CONFERENCE DATE:          05/14/2021** |

     Having considered the United States of America's <u>Ex Parte</u>

Application to Continue the Trial Date and Exclude Time Under the

Speedy Trial Act (the "Application"), as well as the Central

District of California's General Orders Nos. 20-02, 20-03, 20-05,

20-08, 20-09 In Re: Coronavirus Public Emergency, and the Orders of

the Chief Judge Nos. 20-042, 20-043, 20-080, 20-097, and good cause

appearing, the Court hereby FINDS AS FOLLOWS:

1    1.    The Indictment in this case charging defendant with being

2 a felon in possession of a firearm and ammunition in violation of 18

3 U.S.C. § 922(g)(1), was filed on September 1, 2020.

4    2.    Defendant first appeared before a judicial officer of the

5 court in which the charges in this case were pending on October 13,

6 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required

7 that the trial commence on or before December 22, 2020.

8    3.    On October 13, 2020, the Court set a trial date of January

9 5, 2021.

10    4.    Defendant currently is detained at Metropolitan Detention

11 Center Los Angeles ("MDC") pending trial.

12    5.    In recognition of this public health crisis, and following

13 the President's declaration of a national emergency and the

14 California Governor's declaration of a State of Emergency in

15 response to COVID-19, since March 13, 2020, the Court has issued

16 general orders that have suspended jury selection and jury trials as

17 a result of the COVID-19 pandemic.  Specifically, on March 13, 2020,

18 the Central District of California entered a General Order

19 suspending jury selection and jury trials scheduled to begin before

20 April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re:

21 Coronavirus Public Emergency, Order Concerning Jury Trials and Other

22 Proceedings (March 13, 2020).  The same day, the Court entered

23 another General Order imposing health- and travel-related

24 limitations on access to Court facilities.  C.D. Cal. General Order

25 No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning

26 Access to Court Facilities (March 13, 2020).  On March 19, 2020, by

27 Order of the Chief Judge, the Court instituted its Continuity of

28

1    Operations Plan ("COOP"), closing all C.D. Cal. courthouses to the

2    public (except for hearings on criminal duty matters) and taking

3    other emergency actions though May 1, 2020.  C.D. Cal. Order of the

4    Chief Judge No. 20-042 (March 19, 2020).

5         6.    On March 29, 2020, by Order of the Chief Judge, the Court

6    found "that emergency conditions due to the COVID-19 virus outbreak

7    will materially affect the functioning of the courts within the

8    Central District of California."  C.D. Cal. Order of the Chief Judge

9    No. 20-043 (March 29, 2020).

10        7.    On April 13, 2020, the Court extended the COOP through

11   June 1, 2020.  C.D. Cal. General Order 20-05 (April 13, 2020).

12        8.    On May 28, 2020, the Court extended the activation of the

13   COOP Plan through and including June 22, 2020.  C.D. Cal. General

14   Order 20-08, In Re: Coronavirus Public Emergency, Order Concerning

15   Phased Reopening of the Court, at 2 (May 28, 2020).  This extension

16   order also set forth a plan for reopening, which is to occur in

17   three phases.  The last phase (Phase 3) contemplates the resumption

18   of jury trials, but a date for commencement of this phase was not

19   given.

20        9.    On June 26, 2020, and September 23, 2020, the Court

21   extended the findings and authorizations in the Order of the Chief

22   Judge 20-043 for an additional 90 days.  C.D. Cal. Order of the

23   Chief Judge No. 20-080, In Re: Coronavirus Public Emergency, Use of

24   Video and Telephonic Conference Technology in Certain Criminal

25   Proceedings, at 1 (June 26, 2020); C.D. Cal. Order of the Chief

26   Judge No. 20-097, In Re: Coronavirus Public Emergency, Use of Video

27

28

3

1    and Telephonic Conference Technology in Certain Criminal

2    Proceedings, at 1 (September 23, 2020).

3         10.  On August 6, 2020, the Court entered General Order 20-09,

4    which supersedes General Order 20-08.  C.D. Cal. General Order No.

5    20-09, In Re: Coronavirus Public Emergency, Order Concerning Phased

6    Reopening of the Court.  (Aug. 6, 2020).  The Order recognizes

7    (1) that "the number of people infected by [COVID-19], continues to

8    grow, with thousands of confirmed cases and deaths in the Central

9    District of California; and (2) the Centers for Disease Control and

10   Prevention and other public health authorities have advised the

11   taking of precautions to reduce the possibility of exposure to the

12   virus and slow the spread of the disease, including implementing

13   physical distancing and reducing the size of in-person gatherings."

14   Id. at 1.  In addition, with certain exceptions, the Courthouses

15   will be closed to the public, and until further notice, no jury

16   trials will be conducted in criminal cases.  Id. at 2-3.

17        11.  Specifically, in connection with the continued suspension

18   of criminal jury trials, the Court made the following findings:

19       The Center for Disease Control and Prevention has warned
         that "in the coming months, most of the U.S. population
20       will be exposed to this virus."  The COVID-19 rates of
         infection,    hospitalizations    and    deaths    have
21       significantly  increased  in  the  Central  District  of
         California  in  the  last  thirty  days  such  that  holding
22       jury  trials  substantially  increases  the  chances  of
         transmitting the Coronavirus.  The Court concludes that
23       conducting  jury  trials  would  also  likely  place
         prospective  jurors,  defendant,  attorneys,  and  court
24       personnel  at  unnecessary  risk.    Therefore,  the  Court
         finds  that  suspending  criminal  jury  trials  in  the
25       Central District of California because of the increase
         in reported COVID-19 infections, hospitalizations, and
26       deaths  serves  the  ends  of  justice  and  outweigh  the
27

28
                                      4

interests of the public and the defendants in a speedy trial.

Id.

12.   Emergency proclamations, restrictions, and guidance change daily, or more often.

13.    Given the grave public-health concerns discussed in the Central District of California's General Orders Nos. 20-02, 20-03, 20-05, 20-08, 20-09 In Re: Coronavirus Public Emergency, and the Orders of the Chief Judge Nos. 20-042, 20-043, 20-080, 20-097, and given the facts set forth in the government's Application (which the Court incorporates fully by reference here), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

14.   Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

15.    Failure to continue the trial in this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.   The Court finds it would be irresponsible to fail to continue the trial date.

16.   Due to the restrictions imposed by current public-health concerns, it is it is also unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the Speedy Trial Act time limits.   Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

1    17.   The continuance is not based on congestion of the Court's

2    calendar, lack of diligent preparation on the part of the attorney

3    for the government or the defense, or failure on the part of the

4    attorney for the Government to obtain available witnesses.

5    Accordingly, the Court finds that there are facts that support

6    a continuance of the trial date in this matter, and good cause for a

7    finding of excludable time pursuant to the Speedy Trial Act, 18

8    U.S.C. § 3161.

9    THEREFORE, FOR GOOD CAUSE SHOWN:

10   1.   The trial in this matter is continued from January 5, 2021

11   to June 1, 2021, at 8:30 a.m.   The pretrial conference is continued

12   from December 18, 2020 to May 14, 2021, at 2:00 p.m.

13   2.   The time period of December 2, 2020 to June 1, 2021,

14   inclusive, is excluded in computing the time within which the trial

15   must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i),

16   and (h)(7)(B)(iv).   The time period of December 2, 2020 until the

17   defendant is again available for trial is also excluded in computing

18   the time within which the trial must commence, pursuant to 18 U.S.C.

19   § 3161(h)(3)(A).

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

6

1       3.    Nothing in this Order shall preclude a finding that other

2   provisions of the Speedy Trial Act dictate that additional time

3   periods are excluded from the period within which trial must

4   commence.  Moreover, the same provisions or other provisions of the

5   Speedy Trial Act may in the future authorize the exclusion of

6   additional time periods from the period within which trial must

7   commence.

8       IT IS SO ORDERED.

9

   December 4, 2020                            /s/
10   DATE                          HONORABLE FERNANDO M. OLGUIN
                                  UNITED STATES DISTRICT JUDGE
11

 Presented by:
12
     /s/
13   AMANDA ELBOGEN
 Assistant United States Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28