

FILED
CLERK, U.S. DISTRICT COURT

DECEMBER 17, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

STEVEN DUARTE,

    Defendant.

Case No.  CR 20-00387-FMO

ORDER OF DETENTION

I.

On November 13, 2020, Defendant made his initial appearance, by consent to appear by video teleconference, on the indictment filed in this matter. Oliver Cleary, a member of the indigent defense panel, was appointed to represent Defendant. At Defendant's request, a detention hearing was scheduled for November 18, 2020. Due to Defense counsel's calendar conflict, the detention hearing was continued to November 23, 2020. However, due to the suspension of video teleconference hearings at the MDC, where Defendant was then housed, the detention hearing was re-scheduled to December 1, 2020, and subsequently re-scheduled to December 17, 2020.

A detention hearing was held on December 17, 2020. Defendant consented to appear by video teleconference.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ allegations in indictment
- ☒ convictions for evading law enforcement
- ☒ nature and circumstances of arrest

As to danger to the community:

- ☒ allegations in the indictment
- ☒ criminal history includes convictions for felon in possession of firearms and ammunition (the charge in the indictment), possession of narcotics for sale, and evading law enforcement.
- ☒ nature and circumstances of arrest

The Court is especially concerned about the circumstances involving Defendant's arrest in this matter, which involved Defendant barricaded in his home with minor children and the use of a SWAT team and tear gas to effectuate the arrest. These circumstances give rise to serious concerns about Defendant's ability

to abide by any conditions that the Court would set as well as the safety of the others and the community.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 17, 2020

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE