TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RACHEL N. AGRESS (Cal. Bar No. 281703)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0487
     Facsimile: (213) 894-6269
     E-mail:    rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR SPEEDY TRIAL ACT FINDINGS OF EXCLUDABLE DELAY |
| v. | |
| STEVEN DUARTE, | **CURRENT TRIAL DATE:    07-27-21** |
| Defendant. | **PROPOSED TRIAL DATES: 08-24-21 / 08-31-21 / 09-07-21** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Rachel N. Agress, seeks entry of an order excluding time from the Speedy Trial Act calculation of excludable delay, and continuing the trial in this matter. Defendant Steven Duarte opposes this ex parte application.

**BACKGROUND**

The Indictment in this case was filed on September 1, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 13, 2020.

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial begin on or before January 22, 2021.  On November 13, 2020, the Court set a trial date of January 5, 2021.

Defendant is detained pending trial.  The government estimates that its case-in-chief in this matter will last approximately one to two days.  The government has produced discovery to the defense, including over 100 pages of reports and records relating to defendant's criminal history, and approximately 20 images and audio recordings.

On November 13, 2020 and November 18, 2020, the Court set a pretrial conference date of December 18, 2020, and additional pretrial deadlines and a briefing schedule.  (Dkts. 9, 10.)  On December 4, 2020, the Court continued the trial to June 1, 2021, and found the time period of December 2, 2020 to June 1, 2021 to be excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).  (Dkt. 22.)

On April 23, 2021, defendant filed a motion to suppress evidence, motion to dismiss and motions in limine, which were denied without prejudice.  (Dkt. 26, 32.)  Defendant has not yet re-filed those motions.

On April 29, 2021, the Court continued the trial to July 27, 2021, and made findings of excludable time, and modified the pretrial deadlines and briefing schedule.  (Dkt. 30.)

By this application, the government seeks an order from this Court finding that the time between July 27, 2021 and September 7, 2021 should be excluded from the calculation of the time in which trial must commence, and continuing the trial to August 24, 2021,

August 31, 2021, or September 7, 2021 and the pretrial conference to August 6, 2021, August 13, 2021, or August 20, 2021, along with a continuance of the pretrial deadlines, as set out below. Even without such a finding, the expiration of the Speedy Trial Act's trial clock is September 16, 2021, and as such, an August 24, 2021, August 31, 2021, or September 7, 2021 trial date would be timely.

## COVID-19 AND THE SUSPENSION OF JURY TRIALS

In March 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

The suspension of jury trials was one of the many health and safety restrictions adopted in response to COVID-19. During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use of video-teleconference and telephonic hearings. See, e.g., C.D. Cal. General Order No. 20-03 (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020); C.D. Cal. Order of the Chief Judge No. 20-043 (Mar. 29, 2020); C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31, 2020); C.D. Cal. General Order No. 20-08 (May 28, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D. Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal. Order of the Chief Judge No. 21-002 (Jan. 6, 2021); C.D. Cal. Order of the Chief Judge No. 21-031 (Mar. 16, 2021); C.D. Cal. General Order No. 21-03 (Mar. 19, 2021).

The Court's orders were based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the

virus and slow its spread. See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1. Local conditions necessitated an especially robust response. California has reported over 3.6 million COVID-19 cases and approximately 60,000 deaths. See https://covid19.ca.gov/state-dashboard/. State and local orders at various times during the pandemic have required residents to stay home, prohibited travel, closed businesses, and suspended in-person schooling. See, e.g., California Executive Order N-33-20 (Mar. 19, 2020); Safer at Home, Public Order Under City of Los Angeles Emergency Authority (Mar. 19, 2020); California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020); Blueprint for a Safer Economy, https://covid19.ca.gov/safer-economy/. At the height of the pandemic, ICU availability in the Central District of California dropped to 0.0%. Chief Judge Order 21-002, at 1.

The Federal Bureau of Prisons (BOP) also adopted aggressive procedures to protect federal inmates and combat the spread of COVID-19. The BOP's response has included facility lockdowns, quarantine and isolation measures, restrictions on inmate movement and visitation, and a nationwide vaccination campaign.

Given these facts, the Central District suspended jury trials to protect public health, reduce the size of public gatherings, and avoid unnecessary travel. See General Order 20-09, at 1. Now, based on improving conditions and data trends documented in accordance with California's Blueprint for a Safer Economy, the Central District has entered the final phase (Phase 3) of its phased reopening plan. In the Southern Division, jury trials resumed on May 10, 2021. C.D. Cal. General Order No. 21-07, at 3 ¶ 3(a) (Apr.

15, 2021). In the Western and Eastern Divisions, jury trials will resume on June 7, 2021. See id., at 3 ¶ 3(b).

The resumption of jury trials, however, will necessitate rigorous safety protocols "to protect the health and safety of all trial participants." Id. at 2-3 ¶ 4. The Central District has developed and announced detailed measures covering a range of subjects, including courtroom ventilation and cleaning, masks and face shields, physical distancing, venireperson seating, courtroom layout options, sidebar proceedings, and juror deliberations. https://www.cacd.uscourts.gov/sites/default/files/documents/Conducting%20Jury%20Trials%20During%20the%20COVID-19%20Pandemic.pdf. Implementation of those protocols to protect health and safety will limit the number of jury trials that can be conducted simultaneously. General Order 21-07, at 2-3 ¶ 4.

## DISCUSSION

The time between July 27, 2021 and September 7, 2021 should be excluded from the Speedy Trial Act calculation of the date by which trial must commence.

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2).

Certain periods of time, however, are excluded from the Speedy Trial Act's trial clock. Id. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness. Id. § 3161(h)(3)(A). Other periods of time are excluded

5

only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

In this case, the time between July 27, 2021 and September 7, 2021 should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A). The Court should also continue the pretrial conference to August 6, 2021, August 13, 2021, or August 20, 2021 at 2:00 p.m., and the pretrial deadlines as follows: a discovery cut off of July 9, 2021, July 16, 2021 or July 23, 2021, with supplemental disclosures provided no later than that date. The briefing schedule for any motions should be continued as follows: pretrial motions, including motions to compel, motions to suppress and motions in limine, jury instructions, proposed verdict forms and the pretrial exhibit stipulation due no later than July 16, 2021, July 23, 2021 or July 30, 2021; responses to pretrial motions, joint statement of the case, proposed voir dire questions and trial memorandum no later than July 23, 2021, July 30, 2021 or August 6, 2021; and reply briefs in support of pretrial motions no later than July 30, 2021, August 6, 2021 or August 13, 2021.

Although the General Orders have addressed district-wide health concerns and make Speedy Trial Act findings under § 3161(h)(7)(A), individualized findings are also required. See General Order 21-07, at 2-3 ¶ 4; General Order 20-02, at 2 ¶ 4; General Order 20-09, at 2 ¶ 6(a). Ends-of-justice continuances are permissible only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the

public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "[W]ithout on-the-record findings, there can be no exclusion." Zedner v. United States, 547 U.S. 489, 507 (2006). The period of exclusion must also be "specifically limited in time." United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010).

As the above facts reflect, the ends of justice justify excludable time here. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. "Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation. United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (addressing September 11 attacks); see Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount St. Helens); accord United States v. Stallings, 701 F. App'x 164, 170-71 (3d Cir. 2017) (same, after prosecutor had "family emergency"); United States v. Hale, 685 F.3d 522, 533-36 (5th Cir. 2012) (same, where case agent had "catastrophic family medical emergency"); United States v. Scott, 245 Fed. Appx. 391, 394 (5th Cir. 2007) (same, after Hurricane Katrina); United States v. Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (same, after a "paralyzing blizzard" and the informant was hospitalized).

Here, a continuance is warranted. The COVID-19 pandemic has required people to take extreme measures to limit contact, and the Central District of California suspended jury trials to safeguard

public health.  Even now that jury trials are resuming, there is a substantial backlog of cases that have been continued to protect the public.  Moreover, the Central District's safety protocols will limit the number of jury trials that can occur simultaneously in order to maintain social distancing and protect all trial participants.  Failure to grant a continuance would put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at unnecessary risk and would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury, which is central to the sound administration of justice.  Accordingly, a continuance of the trial date in this matter will serve the ends of justice and outweigh the interests of the public and defendant in a speedy trial.

In addition, due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

As the Ninth Circuit recently recognized in United States v. Olsen, C.A. No. 20-50329 (9th Cir. Apr. 23, 2021) (Murguia, Christen, Lynn (N.D. Tex.)) (per curiam) (C.D. Cal.), an ends of justice continuance does not require "literal impossibility" of jury trials — but rather the standard is whether a failure to grant an ends of justice continuance makes a continuation of the proceeding impossible and would result in a miscarriage of justice, among other

factors (articulating seven non-statutory factors).  Id. at 13-14, 17.

Finally, even without such a finding, the expiration of the Speedy Trial Act's trial clock is September 16, 2021, and as such, an August 24, 2021, August 31, 2021, or September 7, 2021 trial date would be timely.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 13, 2020.  Under the Court's prior orders, the time between December 2, 2020 and the present trial date has been excluded.  (Dkt. 21, 30.)  There are 19 days between November 13, 2020 and December 2, 2020, leaving 51 days on the Speedy Trial clock.  The 51st day after July 27, 2021 is September 16, 2021, rendering an August 24, 2021, August 31, 2021, or September 7, 2021 trial date timely.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

//

//

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Dated: June 3, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

        /s/
RACHEL N. AGRESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA