TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RACHEL N. AGRESS (Cal. Bar No. 281703)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0487
    Facsimile: (213) 894-6269
    E-mail:    rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| STEVEN DUARTE, | |
| Defendant. | **TRIAL DATE: 08-24-21**<br>**FSC DATE:   08-06-21** |

    Having considered the United States of America's Ex Parte Application for Speedy Trial Act Findings of Excludable Delay, as well as the Central District of California's General Orders, the Chief Judge's Orders, and the Amended Expiration of Continuity of Operations Plan Notice, the Court hereby FINDS AS FOLLOWS:

    1.    The Indictment in this case was filed on September 1, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 13, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 22, 2021.

2. On November 13, 2020 and November 18, 2020, the Court set a trial date of January 5, 2021, a pretrial conference date of December 18, 2020, and additional pretrial deadlines and a briefing schedule. (Dkts. 9, 10.) On December 4, 2020, the Court continued the trial to June 1, 2021. (Dkt. 22.)

3. Defendant is detained pending trial. The government estimates that its case-in-chief in this matter will last approximately one to two days.

4. Defendant is charged with a violation of 18 U.S.C. § 922(g)(1): being a felon in possession of a firearm and ammunition. The government has produced discovery to the defense, including over 100 pages of reports and records relating to defendant's criminal history, and approximately 20 images and audio recordings.

5. The Court has previously continued the trial date in this case from January 5, 2021 to June 1, 2021, and found the time period of December 2, 2020 to June 1, 2021 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 22.)

6. On April 23, 2021, defendant filed a motion to suppress evidence, motion to dismiss and motions in limine, which were denied without prejudice. (Dkt. 26.) Defendant has not yet re-filed those motions.

7. On April 29, 2021, the Court continued the trial to July 27, 2021, and made findings of excludable time, and modified the pretrial deadlines and briefing schedule. (Dkt. 30.)

8. In March 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a

General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

9. The suspension of jury trials was one of the many health and safety restrictions adopted in response to COVID-19. During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use of video-teleconference and telephonic hearings. See, e.g., C.D. Cal. General Order No. 20-03 (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020); C.D. Cal. Order of the Chief Judge No. 20-043 (Mar. 29, 2020); C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31, 2020); C.D. Cal. General Order No. 20-08 (May 28, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D. Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal. Order of the Chief Judge No. 21-002 (Jan. 6, 2021); C.D. Cal. Order of the Chief Judge No. 21-031 (Mar. 16, 2021); C.D. Cal. General Order No. 21-03 (Mar. 19, 2021).

10. The Court's orders were based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the virus and slow its spread. See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1. Local conditions necessitated an especially robust response. California has reported over 3.6 million COVID-19 cases and approximately 60,000 deaths. See https://covid19.ca.gov/state-dashboard/. State and local orders at various times during the pandemic have required residents to stay home, prohibited travel, closed businesses, and suspended in-person schooling. See, e.g., California Executive Order N-33-20 (Mar. 19, 2020); Safer at Home, Public Order Under

City of Los Angeles Emergency Authority (Mar. 19, 2020); California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020); Blueprint for a Safer Economy, https://covid19.ca.gov/safer-economy/. At the height of the pandemic, ICU availability in the Central District of California dropped to 0.0%. Chief Judge Order 21-002, at 1.

11.  The Federal Bureau of Prisons (BOP) also adopted aggressive procedures to protect federal inmates and combat the spread of COVID-19. The BOP's response has included facility lockdowns, quarantine and isolation measures, restrictions on inmate movement and visitation, and a nationwide vaccination campaign.

12.  Given these facts, the Central District suspended jury trials to protect public health, reduce the size of public gatherings, and avoid unnecessary travel. See General Order 20-09, at 1. Now, based on improving conditions and data trends documented in accordance with California's Blueprint for a Safer Economy, the Central District has entered the final phase (Phase 3) of its phased reopening plan. In the Southern Division, jury trials resumed on May 10, 2021. C.D. Cal. General Order No. 21-07, at 3 ¶ 3(a) (Apr. 15, 2021). In the Western and Eastern Divisions, jury trials will resume on June 7, 2021. See id., at 3 ¶ 3(b).

13.  The resumption of jury trials, however, will necessitate rigorous safety protocols "to protect the health and safety of all trial participants." Id. at 2-3 ¶ 4. The Central District has developed and announced detailed measures covering a range of subjects, including courtroom ventilation and cleaning, masks and face shields, physical distancing, venireperson seating, courtroom layout options, sidebar proceedings, and juror deliberations. https://www.cacd.uscourts.gov/sites/default/files/documents/Conducti

ng%20Jury%20Trials%20During%20the%20COVID-19%20Pandemic.pdf. Implementation of those protocols to protect health and safety will limit the number of jury trials that can be conducted simultaneously. General Order 21-07, at 2-3 ¶ 4.

14. Given the grave public-health concerns, the need to limit the number of jury trials that can occur simultaneously in order to maintain social distancing and protect all trial participants, and the facts set forth in the government's <u>Ex Parte</u> Application (which the Court incorporates fully by reference), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial. Failure to grant a continuance would put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at unnecessary risk and would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury.

15. Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the government or the defense, or failure on the part of counsel for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and there is good

cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from August 24, 2021. The pretrial conference is continued to August 6, 2021 at 2:00 p.m.

2. The time period of July 27, 2021 to September 7, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

June 4, 2021  
DATE

/S/  
HONORABLE FERNANDO M. OLGUIN  
UNITED STATES DISTRICT JUDGE

Presented by:

/s/  
RACHEL N. AGRESS  
Assistant United States Attorney