TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238
     Facsimile: (213) 894-0141
     E-mail:    kyle.kahan@usdoj.gov
                juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL PERSONNEL INFORMATION OF GOVERNMENT WITNESSES |
| v. | |
| STEVEN DUARTE, | |
| Defendant. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Confidential Personnel Information of Government Witnesses, filed by the government and defendant STEVEN DUARTE ("defendant") in this matter on July 16, 2021, which this Court incorporates by reference into this order, and having balanced defendant's need for the information against the harm disclosure would have on the government witness, and FOR GOOD CAUSE SHOWN, the Court hereby FINDS AND ORDERS as

follows:

1. The government's discovery in this case relates to defendant's alleged crime, that is, a violation of 18 U.S.C. § 922(g): Felon in Possession of a Firearm and Ammunition.

2. The government is authorized to disclose to counsel of record for defendant, personnel information related to a government witness. In making such disclosures, the government shall make clear that the information regarding personnel records and information that disclose confidential information (the "Confidential Personnel Materials") are subject to a protective order.

3. The Court finds it is appropriate, therefore, for the government to disclose to defendant's counsel relevant information contained in the Confidential Personnel Materials, but places limitations on defendant's access to this material without a member of the defense team present.  The Court agrees that a protective order as requested by the parties will serve the government's interest in maintaining the privacy of the law enforcement officer while permitting the defense to understand the government's evidence.

4. Accordingly, the information from the Confidential Personnel Materials that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at the defendant's counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this

case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case – who have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendant, his family members, or any other associates of defendant.

      b.   Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

      c.   The government is authorized to provide defendant's counsel of record with Confidential Personnel Materials marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      d.   Defendant may review Confidential Personnel Materials in this case only in the presence of his counsel or another member of his defense team, and such person or persons shall ensure that defendant is not left alone with any discovery subject to the Protective Order.  Defendant may see and review Confidential Personnel Materials in the presence of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Confidential Personnel Materials in this case at any time. Defendant must return any Confidential Personnel Materials to the

defense team at the conclusion of any meeting at which defendant is permitted to view the Confidential Personnel Materials. Defendant may not take any Confidential Personnel Materials out of the room in which he is meeting with the defense team. Defendant may not write down or memorialize any information contained in the Confidential Personnel Materials. At the conclusion of any meeting with defendant, the defense team shall take all Confidential Personnel Materials. At no time, under no circumstance, will any Confidential Personnel Materials be left in the possession, custody, or control of defendant, whether defendant is incarcerated or not.

   e. The defense team shall not permit anyone other than the defense team to have possession of Confidential Personnel Materials, including defendant himself.

   f. The defense team shall access and use Confidential Personnel Materials for the sole purpose of preparing for the hearing or any related proceedings in this case. The defense team may review Confidential Personnel Materials with a witness or potential witness in this case, including defendant. Before being shown any portion of Confidential Personnel Materials, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Confidential Personnel Materials, or any copy thereof, after his or her review of those materials with the defense team is complete.

   g. The defense team shall maintain Confidential Personnel Materials safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members,

witnesses or potential witnesses, and defendant, as restricted above, to see or possess Confidential Personnel Materials, (2) not divulging to anyone other than the defense team the contents of Confidential Personnel Materials, and (3) not permitting Confidential Personnel Materials to be outside of the defense team's offices, homes, vehicles, or personal presence.

        h.   To the extent that notes are made that memorialize, in whole or in part, the information in any Confidential Personnel Materials, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Confidential Personnel Materials subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

        i.   The defense team shall use Confidential Personnel Materials only for the litigation of this matter, and for no other purpose. 8 Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Personnel Materials with the Court or divulge the contents of such materials in court filings, including the government's letters disclosing the materials, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the references to Confidential Personnel Materials and make all reasonable attempts to

limit the divulging of Confidential Personnel Materials.  The parties additionally agree that any Confidential Personnel Materials produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

j.   Upon the final disposition of this case, any Confidential Personnel Materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return the materials designated subject to the Protective Order or certify that such materials have been destroyed, only to the extent that such destruction or return to the government does not violate any professional obligation of defense counsel under the California Rules of Professional Responsibility or any other rule of professional responsibility to maintain client files.

k.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Confidential Personnel Materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning all Confidential Personnel Materials to the government upon the conclusion of appellate and post-conviction proceedings.

5. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

6. Defendant waives any discovery violation claim for any discovery made pursuant to this protective order that is disclosed outside of the government's supplemental disclosure deadline, currently set for July 16, 2021.

IT IS SO ORDERED.

_____     _____
DATE                                HONORABLE FERNANDO M. OLGUIN
                                    UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Kyle W. Kahan*
KYLE W. KAHAN
JUAN M. RODRIGUEZ
Assistant United States
Attorneys