TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0304/2238
    Facsimile: (213) 894-0141
    E-mail:   juan.rodriguez@usdoj.gov
               kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S PROPOSED VOIR DIRE</u> |
| v. | Trial Date: August 24, 2021<br>Trial Time: 9:00 a.m. |
| STEVEN DUARTE, | Location:  Courtroom of the Hon.<br>             Fernando M. Olguin |
| Defendant. | |

      Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez and Kyle W. Kahan, hereby submits its Proposed Voir Dire.

//
//
//
//
//

1

The government respectfully reserves the right to supplement its proposed voir dire as needed.

Dated: July 21, 2021				Respectfully submitted,

						TRACY L. WILKISON
						Acting United States Attorney

						SCOTT M. GARRINGER
						Assistant United States Attorney
						Chief, Criminal Division


						     /s/
						_____
						JUAN M. RODRIGUEZ
						KYLE W. KAHAN
						Assistant United States Attorneys

**JOINT PROPOSED VOIR DIRE QUESTIONS**

**I.   KNOWLEDGE OF THE DEFENDANT AND POSSIBLE WITNESSES**

1. Do you know or are you familiar with any of the following individuals, who may be witnesses in this case?  [The Court is respectfully requested to read the government's and defendant's witness lists.]

**II.   EXPERIENCE WITH LAW ENFORCEMENT/GOVERNMENT**

2. This case was investigated by the Inglewood Police Department, Los Angeles County Sheriff's Department, and the Federal Bureau of Investigation ("FBI").  To the best of your knowledge, have you, or any member of your family, or any of your close friends, had any experiences, positive or negative, with the Inglewood Police Department, Los Angeles County Sheriff's Department, or FBI?

    a.   If "yes," what was the experience?

    b.   How did it make you feel?

    c.   Would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

3. To the best of your knowledge, have you, or any member of your family, or any of your close friends, had any experiences, positive or negative, with local, state, or federal law enforcement officers besides the Inglewood Police Department, Los Angeles County Sheriff's Department, or FBI?

    a.   If "yes," what was the experience?

    b.   How did it make you feel?

    c.   Would you be able to put those feelings and

experiences aside and render a verdict based on the evidence before you?

4. Based on your review of the news, social media, or any other source, or for any other reason, do you have a particularly positive or particularly negative association with, or perception of the Inglewood Police Department, Los Angeles County Sheriff's Department, or FBI?

5. Have you, any family member, and/or close friend ever been accused of, arrested for, or charged with a criminal offense?

    a. If so, what were the circumstances? (If any potential juror answers this question in the affirmative, and the potential juror so requests, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.)

    b. How did that make you feel?

    c. What was the ultimate resolution of the charges?

6. Have you, a family member, and/or close friend ever been the victim of a crime?

    a. If "yes," were you satisfied or dissatisfied with the way you/they were treated by law enforcement officials and the judicial system?

7. Do you believe that you or someone close to you has ever been falsely accused of committing a crime?

    a. If so, what were the circumstances? (If any potential juror answers this question in the affirmative, and the potential juror so requests, the government respectfully requests

1  that the Court question the potential juror regarding the
2  circumstances, in private, at the bench, to avoid embarrassment to
3  the potential juror.)
4           b.   How did that make you feel?
5     8.   At the end of this case, I will give you instructions on
6  how to weigh the testimony of witnesses who testify.  Witnesses in
7  this case will include law enforcement officers, including officers
8  and witnesses from the Inglewood Police Department, Los Angeles
9  County Sheriff's Department, and the FBI.  Would any of you be more
10 likely to believe the testimony of a law enforcement agent, just
11 because that witness is a law enforcement officer?
12          a.   Would any of you be less likely to believe the
13 testimony of a law enforcement officer, just because that witness is
14 a law enforcement officer?
15          b.   Is there anything you may have experienced, seen,
16 heard, or read that would prevent you from fairly assessing the
17 credibility of the Inglewood Police Department, Los Angeles County
18 Sheriff's Department, or FBI officers or witnesses who may testify
19 in this case?
20    9.   Would you have difficulty or an inability to believe the
21 testimony of a law enforcement officer if you did not have audio or
22 video evidence of the incident?
23          a.   Do you understand that the government does not have
24 to present audio or video evidence of an incident to meet its burden
25 of beyond a reasonable doubt?
26          b.   Knowing that, would you still be unable to believe
27 the testimony of a law enforcement officer?
28

3

10. Have you now, or do you expect to have, a case against or a claim against or a dispute with the United States government or the city of Inglewood?

    a. If "yes," would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

11. Have you, or any member of your family, or any close friend, ever filed a complaint or a lawsuit against a law enforcement officer? If so, what were the circumstances?

12. Do you have any feelings regarding the criminal justice system generally that might affect your ability to consider the evidence in this case fairly and impartially and to base your verdict only on the evidence presented in this case?

13. Do you know of any reasons why you would be biased or prejudiced for or against the government in this case?

**III. CIRCUMSTANTIAL VERSUS DIRECT EVIDENCE**

14. Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence that is proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence can be the basis of a criminal conviction if the government meets its burden of proof. Will you be able to rely on circumstantial evidence and base your conviction upon it if the prosecution meets their burden of proof?

**IV. EXPERIENCE WITH AND ATTITUDE TOWARD SCIENTIFIC EVIDENCE**

15. Do you have any training, experience, or other specialized

knowledge of forensic evidence collection, testing, and/or identification in subject matters including, but not limited to, fingerprinting or DNA evidence?

16. Do you believe that real-world law enforcement works like it is portrayed on television shows like "CSI"?

    a. If forensic evidence or procedures did not align with how you believe it works based on television shows or other media, would that impact your ability to listen and evaluate the evidence?

17. Do you believe forensic evidence, including fingerprinting and DNA evidence, is necessary to find a defendant possessed a firearm or ammunition?

**V.     EXPERIENCE AND BIAS RELATING TO FIREARMS AND AMMUNITION**

18. Have you, a family member, and/or close friend ever been accused of or charged with a firearm or ammunition offense?

    a. If "yes," what were the circumstances?
    b. What was the ultimate resolution of the charge?
    c. Did you feel the punishment was appropriate?
    d. How did the process make you feel?
    e. Would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

(If any potential juror answers this question in the affirmative, and the potential juror so requests, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.)

19. Do you or any member of your family or household currently

5

own or have access to a firearm?
    a. What type of firearm?
    b. For what purpose?
    c. How frequently is the firearm used?

20. What are your feelings, positive or negative, about gun ownership?

21. What are your feelings, positive or negative, about the federal or state laws governing firearms and/or ammunition?
    a. Would your feelings affect your ability to be an impartial juror in this case?
    b. Would you be able to put those feelings aside and follow the law as required and render a verdict based on the evidence before you?

22. Do you believe the government has the right to limit the possession of firearms, weapons, and ammunition by convicted felons and other prohibited persons?
    a. Why or why not?

23. Do you believe that it is proper for the government to regulate the types of weapons a person can lawfully possess?

24. Do you feel that anyone should be allowed to possess a firearm if they so desire?

25. Have you or anyone close to you ever been a member of the National Rifle Association ("NRA"), a militia, a paramilitary organization, or any other organization that advocates for increased gun ownership or expansion of gun rights or advocates for the Second Amendment to the United States Constitution?
    a. If so, please explain.

26. Have you or anyone close to you ever been a member of a group or other organization that advocates for greater gun control measures, gun violence prevention, or the restriction of gun rights?

    a. If so, please explain.

27. Do you believe that the laws of the United States regulating gun ownership and gun use are unfair in any way?

    a. Which laws do you believe are unfair?

    b. In what way do you believe them to be unfair?

**VI. JURY DELIBERATIONS AND ABILITY TO FOLLOW THE COURT'S INSTRUCTIONS**

28. If you are selected as a juror in this case, will you be able to discuss the evidence presented with your fellow jurors?

29. The law requires that you base your verdict on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion, such as sympathy, prejudice, vengeance, fear, or hostility. Is there anyone here who feels that he or she cannot put these emotions out of his or her mind when deliberating on a verdict?

30. The potential punishment for the offenses charged in the indictment is a matter that should never be considered by the jury in any way in arriving at a verdict as to the guilt or innocence of the defendant. Will you be able to conduct your duties as jurors in this case without speculating about or being influenced in any way by whatever punishment may or may not be imposed in this case?

31. There are some people who, for moral, ethical, religious, or other personal reasons, may find it difficult or uncomfortable to pass judgment on the conduct of others. Do you hold such beliefs or might you be affected by such beliefs?

7

32. If you are selected as a juror in this case, you will be required to deliberate with eleven other jurors. Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussions with others?

33. Would any of you refuse to follow the Court's instructions if you disagreed with those instructions or thought that other rules would be more fair?

34. Irrespective of your personal feelings about any issue that may arise in this case, will you follow the law as the Court gives it to you during this case?

**VII. ATTITUDE TOWARDS SEARCH & SEIZURE**

35. Some of the evidence in this trial may come from searches conducted by law enforcement officers and others. A search is often a necessary law enforcement tool and, in the context of this case, is entirely legal. With this in mind, do you have views on the use of searches and evidence recovered during the course of lawful searches that would make it difficult for you to consider such evidence fairly and impartially?

**VIII.    ATTITUDE TOWARDS MOTIVE**

36. The government is not required to prove the defendant's motive in this case. The government does not have to prove why someone committed a crime, if the government proves the elements of the crime as set forth by the judge. People commit crimes for many reasons. A person may commit a crime because he wants to, to impress his friends, to feel important or powerful, for a thrill, to express anger or violent feelings, or for no discernable reason. You may find after listening to the evidence that motive has been

established, or you may never determine the defendant's motive. But if the evidence proves that the defendant acted with the intent required by law and committed the crime, can you give me your assurance that you will find the defendant guilty regardless of the motive for his crime?

**IX. MISCELLANEOUS**

37. Is there anything about the charge in this case that makes you unwilling or reluctant to serve as a juror?

38. Is there anything that has not been discussed today that you feel would affect your ability to sit as a fair and impartial juror in this case?

39. Do any of you have any difficulty with hearing, seeing, understanding the English language or have any medical problems or other issues that could impair your ability to devote your full attention to this trial?