TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
General Crimes Section
     1100/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304/2238
     Facsimile: (213) 894-0141
     E-mail:    juan.rodriguez@usdoj.gov
               kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>         v.<br><br>STEVEN DUARTE,<br><br><br>     Defendant. | No. CR 20-387-FMO<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Trial Date: August 24, 2021<br>Trial Time: 9:00 a.m.<br>Location:  Courtroom of the Hon.<br>          Fernando M. Olguin |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez and Kyle W. Kahan, and defendant STEVEN DUARTE ("defendant"), by and through his counsel of record, Oliver P. Cleary, hereby submit their Joint Proposed Jury Instructions.

     Unless otherwise noted, the parties' Proposed Jury Instructions use the most recent version of the Manual of Model Criminal Jury Instructions found on the Ninth Circuit's website at:

http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

The parties respectfully reserve the right to supplement these jury instructions as needed.

Dated: July 21, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


   /s/
JUAN M. RODRIGUEZ
KYLE W. KAHAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA


/s/ (w/ electronic authorization)
OLIVER P. CLEARY
Attorney for STEVEN DUARTE

ii

## INDEX OF JOINT PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page(s) |
|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS** | | | |
| 1 | Duty of Jury | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.1 | 2 |
| 2 | The Charge – Presumption of Innocence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.2 (modified to reflect charge) | 3 |
| 3 | What Is Evidence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.3 | 4 |
| 4 | What Is Not Evidence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.4 | 5 |
| 5 | Direct and Circumstantial Evidence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.5 | 6 |
| 6 | Ruling on Objections | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.6 | 7 |
| 7 | Credibility of Witnesses | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.7 | 8 |
| 8 | Conduct of the Jury | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.8 | 9-11 |
| 9 | No Transcript Available to Jury | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.9 | 12 |
| 10 | Taking Notes | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.10 | 13 |
| 11 | Outline of Trial | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.11 | 14 |

| No. | Title | Source | Page(s) |
|---|---|---|---|
| 12 | Bench Conferences and Recesses | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.16 | 15 |
| **INSTRUCTIONS IN THE COURSE OF TRIAL** | | | |
| 13 | Cautionary Instruction – First Recess | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 2.1 | 17 |
| 14 | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 2.10<br><br>(*modified to comport with government's theories*) | 18-19 |
| **INSTRUCTIONS AT END OF CASE** | | | |
| 15 | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.1 | 21-22 |
| 16 | Charge Against Defendant Not Evidence — Presumption of Innocence — Burden of Proof | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.2 | 23 |
| 17 | Defendant's Decision Not To Testify/To Testify | Ninth Circuit Manual of Model Criminal Jury Instructions, Nos. 3.3 and 3.4 | 24 |
| 18 | Reasonable Doubt - Defined | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.5 | 25 |
| 19 | What Is Evidence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.6 | 26 |
| 20 | What Is Not Evidence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.7 | 27 |
| 21 | Direct and Circumstantial Evidence | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.8 | 28 |

| No. | Title | Source | Page(s) |
|-----|-------|--------|---------|
| 22 | Credibility of Witnesses | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.9 | 29-30 |
| 23 | Activities Not Charged | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.10 | 31 |
| 24 | On or About -- Defined | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.18 | 32 |
| 25 | Other Crimes, Wrongs or Acts of Defendant [IF APPLICABLE] | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 4.3 (*modified to comport with government's theories*) | 33 |
| 26 | Impeachment, Prior Conviction of Defendant | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 4.6 | 34 |
| 27 | Opinion Evidence, Expert Witnesses | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 4.14 | 35 |
| 28 | Firearms — Unlawful Possession — Convicted Felon (18 U.S.C. § 922(g)(1)) | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.65A (modified to reflect charge) | 36 |
| 29 | Possession - Defined | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.15 | 37 |
| 30 | Knowingly – Defined | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 5.7 | 38 |
| 31 | Duty to Deliberate | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 7.1 | 39-40 |
| 32 | Consideration of Evidence - Conduct of the Jury | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 7.2 | 41-42 |
| 33 | Use of Notes | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 7.3 | 43 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| No. | Title | Source | Page(s) |
|-----|-------|--------|---------|
| 34 | Jury Consideration of Punishment | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 7.4 | 44 |
| 35 | Verdict Form | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 7.5 | 45 |
| 36 | Communication with Court | Ninth Circuit Manual of Model Criminal Jury Instructions, No. 7.6 | 46 |

1
2
3
4
5
6
7
8
9
10                    **PRELIMINARY INSTRUCTIONS**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.1 [Duty of Jury].

1            COURT'S INSTRUCTION NO. ___

2            JOINT PROPOSED INSTRUCTION NO. 2

3       This is a criminal case brought by the United States

4  government.  The government charges the defendant with being a Felon

5  in Possession of a Firearm and Ammunition.  The charge against the

6  defendant is contained in the indictment.  The indictment simply

7  describes the charge the government brings against the defendant.

8  The indictment is not evidence and does not prove anything.

9       The defendant has pleaded not guilty to the charge and is

10  presumed innocent unless and until the government proves the

11  defendant guilty beyond a reasonable doubt.  In addition, the

12  defendant has the right to remain silent and never has to prove

13  innocence or present any evidence.

26  Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.),

27  No. 1.2 [The Charge — Presumption of Innocence] (modified to reflect

28  charge).

                                  3

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits that are received in evidence.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.3 [What Is Evidence].

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.4 [What Is Not Evidence].

5

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.5 [Direct and Circumstantial Evidence].

6

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.6 [Ruling on Objections].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.7 [Credibility of Witnesses].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to

discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken

an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.8 [Conduct of the Jury].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.9 [No Transcript Available to Jury].

12

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 1.10 [Taking Notes].

13

1                  COURT'S INSTRUCTION NO. ___

2            JOINT PROPOSED INSTRUCTION NO. 11

3     The next phase of the trial will now begin.  First, each side

4 may make an opening statement.  An opening statement is not

5 evidence.  It is simply an outline to help you understand what that

6 party expects the evidence will show.  A party is not required to

7 make an opening statement.

8     The government will then present evidence and counsel for the

9 defendant may cross-examine.  Then, if the defendant chooses to

10 offer evidence, counsel for the government may cross-examine.

11     After the evidence has been presented, the attorneys will make

12 closing arguments and I will instruct you on the law that applies to

13 the case.

14     After that, you will go to the jury room to deliberate on your

15 verdict.

16

17

18

19

20

21

22

23

24

25

26

27 Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.),

28 No. 1.11 [Outline of Trial].

14

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 12

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions (2010 ed.), No. 1.16 [Bench Conferences and Recesses].

15

1
2
3
4
5
6
7
8
9
10
11
12                **INSTRUCTIONS IN THE COURSE OF TRIAL**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 13

[At the End of Each Day of the Case:]

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

[At the Beginning of Each Day of the Case:]

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.


Ninth Circuit Model Criminal Jury Instructions (2010 ed.), No. 2.1 [Cautionary Instruction--First Recess].

17

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 14

[IF APPLICABLE]

You have heard testimony/are about to hear testimony/have seen evidence/are about to see evidence that the defendant was on Post-Release Community Supervision at the time of the charged offense. The evidence that defendant was on Post-Release Community Supervision at the time of the charge offense will be/was admitted only for limited purposes.  You may consider this evidence only for the following purposes:

Deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; and

Deciding whether the defendant had a motive or the opportunity to commit the acts charged in the indictment.

Do not consider the evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must have also committed the act charged in the indictment.

18

Remember that the defendant is on trial here only for Felon in Possession of a Firearm and Ammunition, not for these other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions (2010 ed.), No. 2.10 [Other Crimes, Wrongs or Acts of Defendant] (modified to comport to government's theories.).

1
2
3
4
5
6
7
8
9
10
11                    **INSTRUCTIONS AT END OF CASE**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

//
//
//
//

21

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.1 [Duties of the Jury to Find Facts and Follow Law].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 16

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.2 [Charge Against Defendant Not Evidence — Presumption of Innocence — Burden of Proof].

23

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 17

[If defendant does not testify:]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If defendant testifies:]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), Nos. 3.3 and 3.4 [Defendant's Decision Not to Testify/To Testify].

24

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 18

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.5 [Reasonable Doubt — Defined].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 19

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.6 [What Is Evidence].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 20

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.7 [What Is Not Evidence].

1          COURT'S INSTRUCTION NO. ___

2         JOINT PROPOSED INSTRUCTION NO. 21

3    Evidence may be direct or circumstantial.  Direct evidence is

4 direct proof of a fact, such as testimony by a witness about what

5 that witness personally saw or heard or did.  Circumstantial evidence

6 is indirect evidence, that is, it is proof of one or more facts from

7 which you can find another fact.

8    By way of example, if you wake up in the morning and see that

9 the sidewalk is wet, you may find from that fact that it rained

10 during the night.  However, other evidence, such as a turned-on

11 garden hose, may provide an explanation for the water on the

12 sidewalk. Therefore, before you decide that a fact has been proven by

13 circumstantial evidence, you must consider all the evidence in the

14 light of reason, experience, and common sense.

15    You are to consider both direct and circumstantial evidence.

16 Either can be used to prove any fact.  The law makes no distinction

17 between the weight to be given to either direct or circumstantial

18 evidence.  It is for you to decide how much weight to give to any

19 evidence.

20

21

22

23

24

25

26

27 Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.),

28 No. 3.8 [Direct and Circumstantial Evidence].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 22

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth

about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.9 [Credibility of Witnesses].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 23

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.10 [Activities Not Charged].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 24

[IF APPLICABLE]

The indictment charges that the offense alleged in Count One was committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count One of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.18 [On or About--Defined].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 25

[IF APPLICABLE]

You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's motive, or knowledge and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 4.3 [Other Crimes, Wrongs or Acts of Defendant] (modified to comport with government's theories).

COURT's INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness and whether the government meets the element.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 4.6 [Impeachment, Prior Conviction of Defendant].

1       COURT'S INSTRUCTION NO. ___

2       JOINT PROPOSED INSTRUCTION NO. 27

3       You [have heard] [are about to hear] testimony from Federal

4   Bureau of Investigation Special Agent Daniel Lewis and Los Angeles

5   County Sheriff's Department Scientific Services Bureau Senior

6   Criminologist Luis Olmos, who [testified] [will testify] to opinions

7   and the reasons for their opinions.  This opinion testimony is

8   allowed because of the education or experience of these witnesses.

9       Such opinion testimony should be judged like any other

10  testimony.  You may accept it or reject it, and give it as much

11  weight as you think it deserves, considering the witnesses' education

12  and experience, the reasons given for the opinions, and all the other

13  evidence in the case.

26  Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.),

27  No. 4.14 [Opinion Evidence, Expert Witness] (modified to comport with

28  government's witnesses).

1    COURT'S INSTRUCTION NO. ___

2    JOINT PROPOSED INSTRUCTION NO. 28

3    The defendant is charged in the indictment with the possession

4    of a firearm and ammunition in violation of Section 922(g)(1) of

5    Title 18 of the United States Code.  For the defendant to be found

6    guilty of that charge, the government must prove each of the

7    following elements beyond a reasonable doubt:

8    First, the defendant knowingly possessed a firearm or

9    ammunition, with all of you agreeing to which firearm or ammunition

10   the defendant possessed, or both.

11   Second, the firearm or ammunition had been shipped or

12   transported from one state to another, with all of you agreeing to

13   whether the firearm or ammunition, or both, had been so transported.

14   Third, at the time the defendant possessed the firearm or

15   ammunition, the defendant had been convicted of a crime punishable by

16   imprisonment for a term exceeding one year.

17   Fourth, at the time the defendant possessed the firearm or

18   ammunition, the defendant knew he had been convicted of a crime

19   punishable by imprisonment for a term exceeding one year.

20

21

22

23

24

25

26   Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.),

27   No. 8.65A [Firearms - Unlawful Possession - Convicted Felon]

28   (modified to reflect charge).

36

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 29

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 3.15 [Possession — Defined].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 30

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 5.7 [Knowingly — Defined].

1          COURT'S INSTRUCTION NO. ___

2          JOINT PROPOSED INSTRUCTION NO. 31

3     When you begin your deliberations, elect one member of the jury

4  as your foreperson who will preside over the deliberations and speak

5  for you here in court.

6     You will then discuss the case with your fellow jurors to reach

7  agreement if you can do so.  Your verdict, whether guilty or not

8  guilty, must be unanimous.

9     Each of you must decide the case for yourself, but you should do

10  so only after you have considered all the evidence, discussed it

11  fully with the other jurors, and listened to the views of your fellow

12  jurors.

13     Do not be afraid to change your opinion if the discussion

14  persuades you that you should.  But do not come to a decision simply

15  because other jurors think it is right.

16     It is important that you attempt to reach a unanimous verdict

17  but, of course, only if each of you can do so after having made your

18  own conscientious decision.  Do not change an honest belief about the

19  weight and effect of the evidence simply to reach a verdict.

20     Perform these duties fairly and impartially. Do not allow

21  personal likes or dislikes, sympathy, prejudice, fear, or public

22  opinion to influence you.  You should also not be influenced by any

23  person's race, color, religious beliefs, national ancestry, sexual

24  orientation, gender identity, gender, or economic circumstances.

25  Also, do not allow yourself to be influenced by personal likes or

26  dislikes, sympathy, prejudice, fear, public opinion, or biases,

27  including unconscious biases. Unconscious biases are stereotypes,

28

attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 7.1 [Duty to Deliberate].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 32

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If

any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 7.2 [Consideration of Evidence — Conduct of the Jury].

1                          COURT'S INSTRUCTION NO. ___

2                      JOINT PROPOSED INSTRUCTION NO. 33

3          Some of you have taken notes during the trial.  Whether or not

4    you took notes, you should rely on your own memory of what was said.

5    Notes are only to assist your memory.  You should not be overly

6    influenced by your notes or those of your fellow jurors.

27   Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.),

28   No. 7.3 [Use of Notes].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 34

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 7.4 [Jury Consideration of Punishment].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 35

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff or clerk that you are ready to return to the courtroom.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 7.5 [Verdict Form].

45

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 36

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff or clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.), No. 7.6 [Communication with Court].