TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
General Crimes Section
        1100/1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2238/0304
        Facsimile: (213) 894-0141
        E-mail:     juan.rodriguez@usdoj.gov
                    kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>STEVEN DUARTE,<br><br>        Defendant. | No. CR 20-387-FMO<br><br>GOVERNMENT'S MOTION *IN LIMINE* # 1 TO ADMIT DEFENDANT'S POST-RELEASE COMMUNITY SUPERVISION STATUS AS INTEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSE AND AS EVIDENCE OF MOTIVE, INTENT, AND PLAN UNDER RULE 404(b)<br><br>Hearing Date: August 6, 2021<br>Hearing Time: 2:00 p.m.<br>Location:     Courtroom of the<br>              Hon. Fernando M.<br>              Olguin |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Juan M. Rodriguez

and Kyle W. Kahan, hereby files its Motion in Limine to admit

defendant's Post-Release Community Supervision status as inextricably

intertwined with the charged offense and as evidence of motive,

intent, and plan under Federal Rule of Evidence 404(b).

1    This Motion _in limine_ is based upon the attached memorandum of
2    points and authorities, the files and records in this case, and such
3    further evidence and argument as the Court may permit.

4    Dated: 7/23/21                    Respectfully submitted,

5                                      TRACY L. WILKISON
                                       Acting United States Attorney
6
7                                      SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division
8

9                                      _/s/ Kyle W. Kahan_
                                       JUAN M. RODRIGUEZ
10                                     KYLE W. KAHAN
                                       Assistant United States Attorneys
11
                                       Attorneys for Plaintiff
12                                     UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On September 1, 2020, defendant was charged with Felon in Possession of a Firearm and Ammunition pursuant to 18 U.S.C. § 922(g).  (Dkt. 1.)  A jury trial is currently scheduled for August 24, 2021.  (Dkt. 35.)

At trial, the government intends to introduce evidence that defendant was on active Post-Release Community Supervision ("PRCS")[1] during the time of the offense.  This evidence is admissible.  First, the government will use defendant's PRCS status to prove an element of the crime charged--namely, that defendant knew he was a felon who was prohibited from possessing a firearm or ammunition--due to the recency of the imposition of defendant's PRCS in 2019 and PRCS's supervision requirements on those convicted of certain felonies.[2] See Ninth Cir. Model Jury Instruction No. 8.65A.  Second, the government intends to argue that defendant threw a firearm frame out of a car window and hid the loaded magazine within the car because he knew of his PRCS status.  Specifically, defendant knew that he was subject to search based on the PRCS; he knew that he was not permitted to have a loaded firearm; and he knew he would be punished if caught with a loaded firearm.  Defendant's PRCS status is therefore inextricably intertwined with the conduct in this case. Alternately, it would be material to prove defendant's motive,

---

[1] PRCS is a realignment of the post-release supervision of "certain felons reentering the community after serving a prison term to local community corrections programs."  Cal. Penal Code § 3450.

[2] As of time of filing, defendant declined to stipulate to his prior felony convictions and to his knowledge of his prior felony convictions.

intent, and plan to hide the contraband from law enforcement.  <u>See</u>
Fed. R. Evid. 404(b).

Accordingly, defendant's PRCS status will help prove a needed
element in this case, namely that defendant knew he was a felon
barred from possessing firearms and ammunition, and that he had a
consciousness of guilt when he attempted to hide the contraband from
law enforcement.  Further, given that the jury will already be aware
of defendant's status a felon upon hearing the charged offense, there
is no additional or unfair prejudice to defendant.  This Court should
grant the government's motion and permit limited evidence of
defendant's active PRCS status.

**II.   FACTUAL BACKGROUND**

**A.   Defendant's Post-Release Community Supervision ("PRCS")
      Status**

Defendant was placed on PRCS based on a two-year state prison
sentence imposed on February 5, 2019 for violating California Vehicle
Code section 2800.2.[3]  <u>See</u> Exhibit A, Superior Court of California,
County of Los Angeles, Case Number YA093485 Certified Minutes, at pp.
7.  Pursuant to his PRCS status, defendant was provided notice that
was subject to PRCS and would be supervised for a period of time
while subject to a series of terms and conditions.  Cal. Penal Code
§§ 3452, 3453.

A person on PRCS would be subject to arrest if a peace officer
developed probable cause to believe the person was in violation of a

---

[3] This is one of the predicate felonies alleged in the
indictment that makes defendant prohibited from possessing a firearm
or ammunition.  (Dkt. 1.)

2

term or condition of their release.[4]  Cal. Pen. Code § 3455(b)(1).
Said terms and conditions include obeying all laws, being subject to
warrantless searches by law enforcement, and not be in the presence
of a firearm or ammunition.  Cal. Pen. Code § 3453.

The government intends to prove defendant's PRCS status via
testimony from officers that were familiar with defendant's PRCS
status at the time of the offense and through court records showing
defendant was convicted in 2019 of a felony and sentenced to a term
of imprisonment.[5]

**B.   Charged Conduct**

On March 20, 2020, at approximately 9:36 p.m., Inglewood Police
Department Officers Troy Wunderlich and Tyler Villicana were driving
a black, unmarked Inglewood Police Department patrol vehicle
westbound on 109th Street in Inglewood, California.  At that time,
Officer Villicana noticed a red 2007 Infiniti G37 with tinted front
windows turn onto 109th Street.  Due to the tint, Officer Villicana
was unable to see into the Infiniti's passenger compartment and
concluded the vehicle was in violation of California Vehicle Code
26708(c) (preventing the use of obstructive transparent materials on
a vehicle's windshield).

---

[4] All persons released from state prison in California after
October 1, 2011 are subject to a period of community supervision up
to three years following their release, except for persons convicted
of certain enumerated offenses.  Cal. Pen. Code § 3451.  Defendant's
underlying conviction that led to his PRCS does not meet the criteria
for any of the enumerated offenses, meaning he would be placed on
PRCD following his release instead of parole.  See Cal. Pen. Code
§ 3451(b).

[5] These would be the same court records the government intends
to use to establish that defendant was convicted of the predicate
felonies.

The officers followed the Infiniti down 109th Street until it reached the intersection at Doty Avenue.  There, Officer Villicana saw the Infiniti fail to stop at the intersection's stop sign while turning north onto Doty Avenue, in violation of California Vehicle Code section 22450(a) (requiring a vehicle approaching a stop sign to stop at a limit line before entering the crosswalk).  Based off these observed violations, Officer Wunderlich activated the unmarked patrol car's lights and siren to conduct a traffic stop.

Upon activating the lights and siren, Officer Villicana saw the Infiniti's rear passenger window roll down.  Officer Villicana then saw a hand extend out the window and toss a black handgun from within the Infiniti.  Officer Villicana noticed the handgun hit a parked car on Doty Avenue's east curb line.  Officer Villicana requested additional officer backup and notified them of the handgun's location.

The Infiniti eventually pulled over and the officers observed Steven Duarte ("defendant"), the sole passenger, in the right rear passenger seat.  The two officers were familiar with defendant and were aware he was on active Post-Release Community Supervision.  Officer Wunderlich searched the car's interior pursuant to defendant's PRCS search conditions and found a Smith and Wesson .380 caliber magazine loaded with six .380 caliber ammunition stuffed between the Infiniti's center console and front passenger seat; that magazine was within arm's reach of where defendant had been seated.

Meanwhile, Officer Nicolas Bobbs, who responded to Officer Villicana's request for backup, searched the area just outside where Officer Villicana saw defendant throw the firearm frame and receiver.  There, he found a black, semi-automatic Smith and Wesson .380 caliber

1  handgun frame and receiver with serial number #EAT2760.  Officer

2  Wunderlich retrieved the handgun frame and receiver, inserted the

3  recovered magazine into the frame, and determined that they fit

4  together.  Based off the recovery of the handgun and magazine, the

5  officers arrested defendant.

6  **III.  ARGUMENT**

7        **A.   Defendant's PRCS Status is Admissible to Prove an Element
   of 922(g) — Namely, that Defendant Knew He Had Been**

8        **Convicted of a Felony.**

9      To prove defendant guilty of 18 U.S.C. 922(g), the government

10 must prove, among other elements, that the defendant both knew he

11 "had been convicted of" a felony.  Ninth Cir. Model Jury Instructions

12 No. 8.65A.  The government is "entitled to prove" the elements of the

13 charged offense by introduction of probative evidence.  <u>United States</u>

14 <u>v. Campbell</u>, 774 F.2d 354, 356 (9th Cir. 1985); <u>see also</u> <u>United</u>

15 <u>States v. Gilman</u>, 684 F.2d 616, 622 (9th Cir. 1982).

16     Here, evidence of defendant's PRCS status is probative of both

17 of those elements.  Defendant's PRCS makes it more likely that

18 defendant knew he had been convicted of a felony.  On PRCS, defendant

19 would be subject to supervision and informed of the terms and

20 conditions of PRCS, including warrantless searches by law enforcement

21 reporting to the supervising county agency within two working days of

22 release from custody, and being informed of the release conditions.

23 Indeed, PRCS can only be imposed on those convicted of a felony.

24 This itself not only goes to prove the element, but is inextricably

25 intertwined with the charged conduct, as detailed below.

26

27

28

**B.    Defendant's PRCS Status is Also Admissible as Inextricably Intertwined with the Charged Conduct**

If evidence of prior conduct is inextricably intertwined with the charged offense, then said evidence "is not subject to exclusion under Rule 404(b)." United States v. Sayakhom, 186 F.3d 928, 937-38 (9th Cir. 1999). Evidence of a defendant's other acts is admissible "when it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995). Notably, this exception "is most often invoked in cases [of] . . . being a felon in possession of a firearm." Id. at 1013. A jury cannot be "expected to make its decision in a void" and remain unaware of the "time, place, and circumstances of the acts which form the basis of the charge." United States v. Daly, 974 F.2d 1215, 1216 (9th Cir. 1992) (internal quotations omitted).

Evidence of defendant's PRCS status would allow the jury to understand the narrative of what Officer Villicana and Wunderlich did after contacting defendant and why they did it. Without the context of defendant's PRCS status, the jury would simply hear evidence of two officers pulling over a car and searching it at night in Inglewood. By introducing evidence of defendant's PRCS status, the jurors would have the proper context explaining why the officers searched the car, thereby avoiding any potential undue prejudice or emotional inflammation that could ensue if the facts of the case were presented in a vacuum. Accordingly, because defendant's PRCS status is narratively a part of the search of the vehicle and discovery of a loaded magazine, evidence of this status should be admitted as inextricably intertwined with the charged conduct.

6

**C. If Not Inextricably Intertwined, Defendant's PRCS Status is Admissible to Prove Defendant's Motive, Intent, and Plan to Conceal the Firearm and Ammunition.**

### 1. Rule 404(b)

"Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012) (quotation omitted). The Ninth Circuit has repeatedly held that the Rule is one of "inclusion," permitting evidence of other relevant crimes or acts "except where it tends to prove only criminal disposition." United States v. Ayers, 924 F.2d 1468, 1472-73 (9th Cir. 1991). Evidence of other acts may be admitted under Rule 404(b) if: "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005). A defendant's supervisory status is evidence of other crimes under Rule 404(b). See United States v. Manarite, 44 F.3d 1407, 1418 (9th Cir. 1995) ("we think it obvious that evidence of a defendant's parole status should be considered evidence of other crimes for purposes of Rule 404(b)").

7

2.     Defendant's PRCS status is not remote and material to his motive and plan to hide the firearm and ammunition from law enforcement.

Defendant's PRCS status is admissible under Rule 404(b).[6]  This evidence is material because it establishes defendant's motive, intent, and plan to hide the handgun and ammunition from law enforcement.  See United States v. Jones, 512 F. App'x 718 (9th Cir. 2013) (holding evidence of a defendant's no-contact violation admissible under Rule 404(b) as evidence of a motive to hide a firearm from law enforcement).  The government intends to argue that defendant threw the handgun's frame and receiver out the Infiniti's window and hid the loaded magazine between the center console and passenger seat because he knew he was in violation of his PRCS, would be subject to arrest if found in possession or in the presence of either a firearm or ammunition by the approaching law enforcement officers, and was disobeying the law by possessing the handgun and ammunition.  Like Jones' no-contact violation, defendant PRCS status would thus establish his motive to hide the firearm and ammunition from the approaching law enforcement officers.

3.     Any prejudicial impact is mitigated by the jurors' knowledge of his prior felonies.

Defendant's PRCS status is not unduly prejudicial to defendant. See United States v. Holiday, 998 F.3d 888, 895 (9th Cir. 2021).  A defendant's supervision status is not inherently prejudicial.  See, e.g., United States v. Velasquez, 665 F. App'x 587, 588 (9th Cir. 2016) (admitting defendant's active parole status as Rule 404(b)

---

[6] At the outset, defendant's PRCS status is not remote. Defendant was placed on PRCS after he was convicted of a felony in 2019.

8

1 | evidence to show a motive to flee, inform the jury of a coherent
2 | story, and for lack of prejudice).

3 | Here, the PRCS status' probative value would substantially
4 | outweigh any prejudicial effect.  As discussed above, defendant's
5 | PRCS status would address several material elements, allow the jury
6 | to see why law enforcement elected to search a vehicle after a
7 | traffic stop, and provide evidence as to defendant's intent and lack
8 | of mistake.  Moreover, as of time of this filing, defendant has not
9 | agreed to stipulate to any element, including his status as a felon.
10 | Accordingly, the government intends to bring in defendant's
11 | conviction records, including for the felony that underlies his PRCS
12 | status.  Accordingly, the jury would already be privy to defendant's
13 | relevant criminal history and the cumulative effect of hearing about
14 | his active PRCS status would be minimal.  Because any prejudicial
15 | effect would thus be minimal, the weight of the probative value would
16 | vastly outweigh it.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests
that this Court grant the government's Motion _in limine_ to admit
defendant's PRCS status as inextricably intertwined with the charged
offense and as evidence of his knowledge, motive, absence of mistake,
and lack of accident under Federal Rule of Evidence 404(b).