1 | TRACY L. WILKISON
Acting United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
4 | KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
5 | General Crimes Section
        1100/1200 United States Courthouse
6 |     312 North Spring Street
        Los Angeles, California 90012
7 |     Telephone: (213) 894-0304/2238
        Facsimile: (213) 894-0141
8 |     E-mail:    juan.rodriguez@usdoj.gov
                   kyle.kahan@usdoj.gov
9 |
Attorneys for Plaintiff
10 | UNITED STATES OF AMERICA

11 |                 UNITED STATES DISTRICT COURT

12 |             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 | UNITED STATES OF AMERICA,          No. CR 20-387-FMO

14 |         Plaintiff,                 GOVERNMENT'S MOTION *IN LIMINE* #2
                                        TO ADMIT EVIDENCE OF DEFENDANT'S
15 |           v.                       PRIOR CONVICTIONS SUBSTANTIVELY
                                        AND FOR IMPEACHMENT PURPOSES UNDER
16 | STEVEN DUARTE,                     FEDERAL RULE OF EVIDENCE 609

17 |                                    Hearing Date: August 6, 2021
          Defendant.                   Hearing Time: 2:00 p.m.
18 |                                    Location: Courtroom of the Hon.
                                                  Fernando M. Olguin
19 |

20 |
        Plaintiff United States of America, by and through its counsel
21 |
of record, the Acting United States Attorney for the Central District
22 |
of California and Assistant United States Attorneys Juan M. Rodriguez
23 |
and Kyle W. Kahan, hereby files its Motion in limine to admit
24 |
evidence of defendant STEVEN DUARTE'S prior convictions substantively
25 |
and for impeachment purposes under Federal Rule of Evidence 609.
26 |

27 |

28 |
                                    1

1      This Motion is based upon the attached memorandum of points and

2  authorities, the files and records in this case, and such further

3  evidence and argument as the Court may permit.

4  Dated: July 23, 2021          Respectfully submitted,

5                                     TRACY L. WILKISON
                                      Acting United States Attorney

6

7                                     SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division

8

9                                     /s/
                                      JUAN M. RODRIGUEZ

10                                    KYLE W. KAHAN
                                      Assistant United States Attorneys

11

12                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Contents**

I.    INTRODUCTION..................................................1

II.   STATEMENT OF RELEVANT FACTS...................................2

III.  ARGUMENT.....................................................3

     A.    Defendant's 2016 Convictions and 2019 Conviction Are
          Admissible to the Fact of Defendant's Convictions and
          His Knowledge of Them....................................3

          1.    Defendant's Convictions Are Direct Evidence of
              the Crime Charged in the Indictment..................3

          2.    Rule 404(b) Does Not Apply...........................5

          3.    The Records Are Self-Authenticating and Not
              Hearsay..............................................5

          4.    Evidence of Defendant's Prior Convictions Does
              Not Implicate Rule 403...............................6

     B.    These Convictions Also Are Admissible Under Rule
          609(a)(1)(B) if Defendant Testifies.....................7

     C.    Extrinsic Evidence of Defendant's Prior Convictions
          May Be Admissible for Purposes of Impeachment if He
          Opens the Door.........................................12

IV.   CONCLUSION...................................................14

1

2 **CASES**

3 Rehaif v. United States,
        139 S. Ct. 2191 (2019).......................................6, 7

4

United States v. Alexander,
5       48 F.3d 1477 (9th Cir. 1995)...........................11, 12, 13

6 United States v. Antonakeas,
        255 F.3d 714 (9th Cir. 2001)..................................15

7

United States v. Arambula-Ruiz,
8       987 F.2d 599(9th Cir. 1993)....................................7

9 United States v. Bagley,
        772 F.2d 482 (9th Cir. 1985)..................................13

10

United States v. Bradshaw,
11      690 F.2d 704 (9th Cir. 1982)..................................14

12 United States v. Browne,
        829 F.2d 760 (9th Cir. 1987)..................................13

13

United States v. Castillo,
14      181 F.3d 1129 (9th Cir. 1999)..............................14, 15

15 United States v. Chea,
        231 F.3d 531 (9th Cir. 2000)..................................10

16

United States v. Cook,
17      608 F.2d 1175 (9th Cir. 1979).........................10, 11, 12

18 United States v. Cordoba,
        104 F.3d 225 (9th Cir. 1997)..................................12

19

United States v. Greenidge,
20      495 F.3d 85 (3rd Cir. 2007)...................................16

21 United States v. Jimenez,
        214 F.3d 1095 (9th Cir. 2000).................................11

22

United States v. Jones,
23      982 F.2d 380 (9th Cir. 1992)...................................9

24 United States v. Loftis,
        843 F.3d 1173 (9th Cir. 2016)...............................7, 8

25

United States v. Romero,
26      282 F.3d 683 (9th Cir. 2002)...................................9

27 United States v. Santos,
        553 U.S. 507 (2008)............................................7

28

United States v. Weicks,
      362 F. App'x 844 (9th Cir. 2010)...............................15

United States v. Weiland,
      420 F.3d 1062 (9th Cir. 2005)..................................8

Walder v. United States,
      347 U.S. 62 (1954).........................................15

Weeks v. Angelone,
      528 U.S. 225 (2000).......................................9, 14

**STATUTES**

18 U.S.C. § 922(g)(1)..........................................6

Cal. Health & Safety Code § 11351.5............................11

Cal. Penal Code § 29800(a)(1).................................11

Cal. Veh. Code § 2800.2(a)....................................11

**RULES**

Fed. R. Evid. 403.............................................10

Fed. R. Evid. 404..............................................8

Fed. R. Evid. 609.........................................passim

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Defendant STEVEN DUARTE ("defendant") is proceeding to trial on August 24, 2021, on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  The indictment alleges that on or about March 20, 2020, defendant possessed a Smith and Wesson, model Bodyguard 380, .380 caliber pistol, bearing serial number EAT2760, and ammunition, namely, six rounds of Blazer .380 Auto caliber ammunition, after having been convicted of four felonies.

The government seeks to introduce evidence of defendant's prior felony convictions, as follows: his September 8, 2016 convictions for (1) Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code Section 11351.5, (2) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), and (3) Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2 (collectively, the "2016 Convictions"), and his February 5, 2019 conviction for (4) Evading a Peace Officer (the "2019 Conviction").  The government will present this evidence through certified conviction records, which are admissible as self-authenticating records under Federal Rules of Evidence 902(2) and 902(4).

This evidence is admissible, highly relevant evidence of the crimes charged in the indictment because it directly bears on elements the government must prove beyond a reasonable doubt: (1) that defendant was convicted of at least one crime punishable by a term of imprisonment exceeding one year; and (2) defendant knew

1

1    this.  The records are relevant, not unduly prejudicial, and

2    admissible as self-authenticating non-hearsay.

3         In addition, should defendant testify at trial, the convictions

4    independently <u>must</u> be admitted for impeachment purposes under Federal

5    Rule of Evidence 609, subject to Rule 403.  Here, the convictions

6    should be admitted to impeach defendant's "character for

7    truthfulness," and the probative value of the evidence as to

8    defendant's veracity outweighs any prejudicial effect.

9         Further, if defendant testifies and attempts to disclaim prior

10   misconduct or deny familiarity with firearms, extrinsic evidence of

11   these convictions is independently admissible pursuant to the

12   impeachment by contradiction doctrine.

13   **II.   STATEMENT OF RELEVANT FACTS**

14        As alleged in the indictment, defendant has been convicted of

15   four crimes punishable by a term of imprisonment exceeding one year,

16   as follows:

17        On or about September 8, 2016, in the Superior Court for the

18   State of California, County of Los Angeles, Case Number YA094449,

19   defendant was convicted of (1) Evading a Peace Officer, in violation

20   of California Vehicle Code Section 2800.2, and (2) Felon in

21   Possession of a Firearm, in violation of California Penal Code

22   Section 29800(a)(1), for which he was sentenced to 24 months'

23   imprisonment.  That same day, in the Superior Court for the State of

24   California, County of Los Angeles, Case Number YA093485, defendant

25   was convicted of (3) Possession of a Controlled Substance for Sale,

26   in violation of California Health & Safety Code Section 11351.5, for

27

28

1   which defendant was sentenced to 24 months' imprisonment concurrent

2   with case number YA094449.

3       On or about February 5, 2019, defendant was convicted of (4)

4   Evading a Peace Officer, in violation of California Vehicle Code

5   Section 2800.2, in the Superior Court for the State of California,

6   County of Los Angeles, Case Number YA097834, for which defendant was

7   sentenced to 24 months' imprisonment.

8       For each of these convictions, the government has conviction

9   records certified by the Clerk of the Superior Court of California,

10  which include: (1) defendant's signed felony advisement of rights,

11  waiver, and his plea form; and (2) the electronic docket.

12  **III. ARGUMENT**

13      **A.   Defendant's 2016 Convictions and 2019 Conviction Are
            Admissible to the Fact of Defendant's Convictions and His**
14          **Knowledge of Them**

15

16          1.   Defendant's Convictions Are Direct Evidence of the
                 Crime Charged in the Indictment

17      To date, defendant has declined to stipulate to the

18  admissibility of any evidence relating to his prior convictions,

19  including any specific facts underlying those convictions.[1]

20      First, there is no real dispute that defendant's 2016

21  Convictions and 2019 Conviction are admissible to prove that he was,

22  in fact, convicted of at least one crime punishable by a term of

23  imprisonment exceeding one year.  See 18 U.S.C. § 922(g)(1)

24

25  _____

26      [1] Defendant also has declined to stipulate to any element of the
    § 922(g)(1) count, including that he was convicted of crimes
    punishable by a term exceeding one year and that he knew the same.
27  So long as these elements are not stipulated to, all of the evidence
    discussed herein is independently admissible simply to prove his
28  status, and knowledge of the same.

                                    3

1  (government must prove defendant was convicted of "a crime punishable

2  by imprisonment for a term exceeding one year").

3      In addition, the convictions are admissible to prove that

4  defendant <u>knew</u> he was convicted of a crime punishable by more than

5  one year of imprisonment.  <u>Rehaif v. United States</u>, 139 S. Ct. 2191,

6  2194 (2019) (holding that to convict a defendant under 18 U.S.C.

7  § 922(g), the government must prove "that the defendant knew he

8  possessed a firearm <u>and also</u> that he knew he had the relevant status

9  when he possessed it") (emphasis added).  To prove the knowledge-of-

10 status element under <u>Rehaif</u>, the government must use circumstantial

11 evidence to prove knowledge because it is impossible to peer inside a

12 defendant's brain at the time of his crime.  See <u>United States v.</u>

13 <u>Santos</u>, 553 U.S. 507, 521 (2008) (holding that knowledge in the

14 statute at issue – money-laundering – could be proven by evidence of

15 past criminal activity); <u>United States v. Arambula-Ruiz</u>, 987 F.2d

16 599, 603 (9th Cir. 1993) (admitting prior drug conviction because it

17 "tend[ed] to show knowledge" in later drug prosecution).

18      Here, the records of defendant's convictions show that, as part

19 of his sentence, defendant was personally advised that each felony

20 was punishable by more than one year of imprisonment and that he was

21 advised "not to own, use or possess any dangerous or deadly weapons,

22 including any firearms, knives or other concealable weapons."

23 Defendant most recently received these advisements roughly one year

24 before he possessed a firearm and ammunition on March 20, 2020, as

25 alleged in the Indictment.  Simply put, the certified records of

26 defendant's convictions are directly relevant to satisfying the

27 government's obligation to prove that defendant was convicted of at

28

4

1    least one crime punishable by a term exceeding one year and "to prove

2    [the] defendant's knowledge of his status."  Rehaif, 139 S. Ct. at

3    2198.

4              2.   Rule 404(b) Does Not Apply

5        Although a defendant's prior convictions might constitute "other

6    bad acts" under Rule 404 when introduced in other types of

7    prosecutions, here, the government must offer the prior convictions

8    in order to prove elements of the charged offenses – and thus the

9    crimes are not "other" acts unrelated to the present indictment.  See

10   United States v. Loftis, 843 F.3d 1173, 1176 (9th Cir. 2016) ("Rule

11   404 thus does not apply "to any prosecution in which the 'other'

12   crime in question is in fact 'an element of the crime charged'").

13   Because both the existence of defendant's felony convictions and

14   defendant's knowledge of those convictions are elements the

15   government must prove at trial, Rule 404 poses no bar to admission of

16   evidence regarding those convictions.  See id. at 1177 (when evidence

17   concerns "charged conduct," Rule 404(b) is inapplicable).

18             3.   The Records Are Self-Authenticating and Not Hearsay

19       The Court also should find that defendant's certified records of

20   his 2016 Convictions and 2019 Conviction are self-authenticating and

21   non-hearsay.  Certified "records of conviction" are "self-

22   authenticating public records admissible under Rules 902(2) and

23   902(4)."  United States v. Weiland, 420 F.3d 1062, 1073 (9th Cir.

24   2005) (affirming admission of certified Oklahoma conviction records);

25   id. at 1075 ("[C]ataloguing a judgment and sentence are the types of

26   routine and unambiguous matters to which the public records hearsay

27   exception in Rule 803(8)(B) is designed to apply.").

28

5

1
2
3
4
5

Here, the Clerk of the Superior Court of California, certified defendant's (1) signed felony advisement of rights, waiver, and his plea form; and (2) the electronic docket associated with his 2016 Convictions and 2019 Conviction.  Accordingly, the records should be admitted as evidence.

6
7

4.    Evidence of Defendant's Prior Convictions Does Not Implicate Rule 403

8
9
10
11
12
13
14
15
16
17

Defendant's conviction records both are highly probative of two elements of the offense that the government bears the burden of proving beyond a reasonable doubt to the jury.  While the evidence will show that defendant is guilty of the crime as charged, that is not the kind of "unfair" prejudice that Rule 403 prohibits.  In addition, any risk that the jury would consider defendant's convictions for an improper propensity purpose can be ameliorated by a limiting instruction, which the government has already recommended, and "a jury is presumed to follow [a court's] instructions."  Weeks v. Angelone, 528 U.S. 225, 234 (2000).

18
19
20
21
22
23
24
25
26
27
28

The government generally is free under Rule 403 to offer evidence of prior criminal behavior to prove scienter, regardless of whether the defendant fails to contest knowledge and regardless of whether other evidence of knowledge is also introduced.  Here, defendant has declined to stipulate to any elements of the § 922(g)(1) count, including both his status as a felon and his knowledge of the same.  Accordingly, the certified conviction records offer highly probative evidence of the critical facts that was convicted of at least one crime punishable by more than one year of imprisonment, and knew so.  See supra Section III(A); United States v. Jones, 982 F.2d 380, 382 (9th Cir. 1992).

6

1    To ensure that the conviction and probation records are used by

2  the jury for a proper purpose – and not to infer criminal propensity

3  – the court should give the jury instruction proposed by the

4  government that explains the limited purpose of the evidence.  An

5  instruction that the conviction evidence is only to be used to

6  evaluate whether defendant (1) was in fact convicted of a crime

7  punishable by more than one year imprisonment, and (2) knew he had

8  been convicted of such a crime, will ensure that he is not unfairly

9  prejudiced.  See Angelone, 528 U.S. at 234 ("[A] jury is presumed to

10  follow [a court's] instructions."); United States v. Romero, 282 F.3d

11  683, 688 n.1 (9th Cir. 2002) (affirming admission of prior crimes

12  evidence, when "[a]ny possible prejudicial impact of the testimony

13  was lessened by the court's limiting instruction"); United States v.

14  Chea, 231 F.3d 531, 535 (9th Cir. 2000) (same).

15    Given the high probative value of the evidence (indeed, it is

16  essential for the government to prove two elements), and an

17  applicable jury instruction to mitigate any chance that the jury will

18  use such evidence for an improper purpose, the records of conviction

19  plainly are not barred under Rule 403.

20    **B.   These Convictions Also Are Admissible Under Rule
         609(a)(1)(B) if Defendant Testifies**

21

22    If defendant testifies, these convictions also are admissible

23  for impeachment purposes under Rule 609, regardless of whether he

24  stipulates to elements relating to his prior convictions and

25  knowledge of the same before trial.

26    For purposes of attacking the credibility of a defendant-witness

27  in a criminal case, Federal Rule of Evidence 609(a)(1)(B) requires

28

7

1    the admission of a criminal conviction if: (1) the crime was

2    punishable by death or by imprisonment for more than one year;

3    (2) ten years or fewer have passed since the defendant's conviction

4    or release from confinement, whichever is later; and (3) "the

5    probative value of the evidence outweighs its prejudicial effect to

6    that defendant."  Fed. R. Evid. 609(a)(1)(B).  This is so because, as

7    the Ninth Circuit has explained, a defendant "with a substantial

8    criminal history" should not be allowed to "misrepresent himself to

9    the jury, with the government forced to sit silently by, looking at a

10   criminal record which, if made known, would give the jury a more

11   comprehensive view of the trustworthiness as a witness."  United

12   States v. Cook, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc),

13   overruled on other grounds, Luce v. United States, 469 U.S. 38, 40

14   n.3, 43 (1984).  All four of defendant's convictions meet these

15   criteria and should be admitted under Rule 609(a)(1)(B).

16       First, all four convictions are punishable by a term of

17   imprisonment exceeding one year.  See Cal. Veh. Code § 2800.2(a)

18   (punishable by imprisonment in state prison for up to three years if

19   convicted of a felony); Cal. Health & Safety Code § 11351.5

20   (punishable by up to four years in state prison); Cal. Penal Code §

21   29800(a)(1) (punishable by up to three years in state prison).

22   Indeed, defendant was sentenced to 24 months' imprisonment on each

23   conviction.

24       Second, less than ten years have passed since defendant's

25   convictions or release from confinement.  Defendant pleaded nolo

26   contendere and was found guilty in the 2016 Convictions on September

27   8, 2016 and in the 2019 Conviction on February 5, 2019.

28

8

1      Third, the probative value of defendant's 2016 Convictions and

2   2019 Conviction outweigh any prejudice.  In balancing probative value

3   against prejudicial effect in the context of Rule 609, the Court

4   should consider the following factors as outlined in Cook: (1) the

5   impeachment value of the prior crime; (2) the point in time of the

6   conviction and the witness' subsequent history; (3) the similarity

7   between the past crime and the charged crime; (4) the importance of

8   the defendant's testimony; and (5) the centrality of the credibility

9   issue.  United States v. Jimenez, 214 F.3d 1095, 1098 (9th Cir. 2000)

10  (citing Cook, 608 F.2d at 1185 n.8).  The Court should balance all

11  five factors.  See United States v. Alexander, 48 F.3d 1477, 1488

12  (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995).

13      The Cook factors support admission of defendant's 2016

14  Convictions and 2019 Conviction.  First, as to the impeachment value

15  of defendant's 2016 conviction for Possession of a Controlled

16  Substance for Sale, the Ninth Circuit has held that drug convictions

17  are "probative of veracity."  Alexander, 48 F.3d at 1488 (quotation

18  marks omitted); see also United States v. Cordoba, 104 F.3d 225, 229

19  (9th Cir. 1997) (prior conviction of possession with intent to

20  distribute cocaine was admissible under Rule 609) overruled on other

21  grounds, United States v. Valencia-Lopez, 971 F.3d 891, 901 (9th Cir.

22  2020).  Therefore, defendant's drug conviction has significant

23  impeachment value and weighs in favor of admission.

24      Similarly, defendant's 2016 and 2019 convictions for Evading a

25  Peace Officer, as well as the 2016 conviction for Felon in Possession

26  of a Firearm, have significant impeachment value because they cast

27  doubt on defendant's trustworthiness and respect for the law.  Part

28

9

1   of the possible value of impeaching defendant will depend on what he

2   will testify to, but regardless, he will, of course, want the jury to

3   believe his testimony.  Defendant's prior felony convictions will

4   allow the government to show that defendant does not respect the law

5   and, therefore, may hold little regard for the oath to tell the truth

6   while testifying.  Moreover, the remaining four Cook factors, as

7   discussed below, weigh in favor of admitting the 2016 Convictions and

8   2019 Conviction.  Therefore, taking the Cook factors as a whole, the

9   Court should admit all four convictions.

10       As to the second Cook factor, the point of time of the

11   convictions and defendant's history also support admission of

12   evidence of all four convictions.  The 2016 Convictions occurred

13   merely four years, and the 2019 Conviction occurred only one year,

14   before the charged offense.  Therefore, all the convictions are well

15   within the ten-year window under Rule 609(a).

16       The third factor -- the similarity between the past crime and

17   the charged crime -- supports admission of the evidence in this case.

18   Because the convictions for Possession of a Controlled Substance for

19   Sale and Evading a Peace Officer are significantly distinct crimes

20   from the charged offense, there is little risk that the jury will

21   believe that "because he did it before, he must have done it again."

22   See United States v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985).

23   Regarding defendant's 2016 conviction for Felon in Possession of a

24   Firearm, although it is conviction for the same offense charged in

25   the pending case that is not a per se bar to its admissibility under

26   Rule 609.  The Ninth Circuit has held that an identical prior

27   conviction to the one charged is permissible impeachment where a

28

1  defendant's testimony and credibility is central to the defense in

2  order to allow the government to provide the jury "with information

3  which undercuts the defendant's trustworthiness as a witness."

4  United States v. Browne, 829 F.2d 760, 763 (9th Cir. 1987)

5  (permitting the government to introduce defendant's prior robbery

6  conviction under Rule 609 despite the fact that the pending charge

7  was also for robbery).

8      As to the fourth and fifth factors, the importance of

9  defendant's testimony and the centrality of the credibility issue

10  weigh strongly in favor of admissibility.  The government anticipates

11  that the most disputed issue at trial will be whether defendant

12  knowingly possessed the firearm and ammunition.  Accordingly, if

13  defendant testifies, the jury will be asked to determine the

14  defendant's credibility in weighing his trial testimony.  Defendant's

15  credibility regarding knowledge would thus be a central factor in the

16  jury's determination of guilt.  See Alexander, 48 F.3d at 1489 (9th

17  Cir. 1995) (by testifying, defendant "place[d] his credibility

18  directly at issue").  To evaluate the credibility of defendant's

19  testimony, the jury is entitled to hear evidence bearing on

20  defendant's veracity.  Defendant's 2016 Convictions and 2019

21  Conviction would be appropriate evidence to allow the jury to

22  properly evaluate defendant's credibility.

23      Finally, as previously mentioned, the government proposed a

24  limiting instruction to lessen any prejudicial impact.  See, e.g.,

25  United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982)

26  ("Limiting instructions may reduce or eliminate prejudice which would

27  otherwise occur."); Angelone, 528 U.S. at 234.

28

1    Because defendant's credibility, if he chooses to testify, is so

2    central to the determination of guilt, the probative value of the

3    evidence of defendant's 2016 Convictions and 2019 Conviction outweigh

4    any prejudicial effect.  The evidence should thus be admitted.

5         **C.    Extrinsic Evidence of Defendant's Prior Convictions May Be
              Admissible for Purposes of Impeachment if He Opens the Door**

6

7         Lastly, defendant's convictions also may admissible as extrinsic

8    evidence for impeachment by contradiction if defendant opens the door

9    while testifying.  Impeachment by contradiction, which emanates from

10   Federal Rule of Evidence 607, allows a party to admit relevant,

11   extrinsic evidence to impeach specific errors or falsehoods in a

12   witness' direct testimony.  United States v. Castillo, 181 F.3d 1129,

13   1132-33 (9th Cir. 1999).

14        The occasion to impeach by contradiction may arise when, on

15   direct examination, a defendant broadly disclaims misconduct,

16   "open[ing] the door for extrinsic evidence to contradict even though

17   the contradictory evidence is otherwise inadmissible under Rules 404

18   and 608(b) and is, thus, collateral."  Id. (quoting 2A Charles A.

19   Wright, et al., Fed. Practice and Procedure, § 6119 at 116–17 (1993))

20   (internal quotation omitted).  The impeachment by contradiction

21   doctrine is intended to prevent a witness from "engag[ing] in

22   perjury, mislead[ing] the trier of fact, and then shield[ing] himself

23   from impeachment by asserting the collateral-fact doctrine."  Id. at

24   1133 (quoting 2A Charles A. Wright, et al., Fed. Practice and

25   Procedure, § 6119 at 116–17 (1993)).  For example, in Castillo,

26   following defendant's "sweeping denial of any association with drugs"

27   on direct examination, the court properly permitted the government to

28

                                    12

1 call a rebuttal witness to testify about defendant's prior arrest for

2 cocaine possession.  Id. at 1132, 1134.

3      Here, should defendant specifically disclaim familiarity with

4 firearms, the government should be permitted to introduce evidence of

5 defendant's 2016 conviction for Felon in Possession of a Firearm.

6 See, e.g., Walder v. United States, 347 U.S. 62, 64-66 (1954)

7 (holding that evidence of drug possession admissible when defendant

8 testified that he never had any narcotics in his possession); United

9 States v. Weicks, 362 F. App'x 844, 849-50 (9th Cir. 2010)

10 (defendant's prior arrests for illegal possession of firearms were

11 admissible for impeachment after defendant testified and portrayed

12 himself as someone who avoided being around firearms).

13      Similarly, if defendant attempts to portray himself as law-

14 abiding or disclaim prior misconduct, the government should be

15 permitted to present evidence directly contradicting such statements,

16 including by introducing extrinsic evidence of all of defendant's

17 prior convictions.  United States v. Antonakeas, 255 F.3d 714, 724-25

18 (9th Cir. 2001) (impeachment by contradiction by introducing

19 extrinsic evidence testimony about defendant's cocaine sales was not

20 abuse of discretion where defendant "opened the door" to rebuttal

21 testimony by holding himself out as legitimate professional and

22 disavowing any involvement with drugs); United States v. Greenidge,

23 495 F.3d 85, 98-100 (3rd Cir. 2007) (following defendant's

24 "unequivocal statement" on direct denying any criminal problems or

25 complaints about defendant's honesty as a businessperson, no abuse of

26 discretion where court permitted government to cross-examine

27

28

13

1 defendant about prior complaint regarding overcharging for a sale and

2 prior criminal theft complaint).

3 **IV.  CONCLUSION**

4     For the foregoing reasons, the government respectfully requests

5 that the Court find that evidence of defendant's prior felony

6 convictions is admissible for the following purposes: (1) if

7 defendant does not stipulate to the elements of those felony

8 convictions and knowledge of those convictions, as substantive

9 evidence that defendant was convicted of at least one crime

10 punishable by a term of imprisonment of more than one year and his

11 knowledge of the same; (2) if defendant testifies, for impeachment

12 purposes under Rule 609; and (3) if defendant testifies and opens the

13 door by disclaiming prior misconduct, holding himself out to be law-

14 abiding, and/or portraying himself as being inexperienced or

15 unfamiliar with firearms, as extrinsic evidence for impeachment by

16 contradiction.

17

18

19

20

21

22

23

24

25

26

27

28