1 | Oliver P. Cleary
2 | Attorney at Law [CSB#168440]
3 | 468 N. Camden Drive, #200
  | Beverly Hills, CA 90210
4 | T: (424) 324-8874

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: CR 20-387-FMO |
|---|---|
| Plaintiff, | **Notice of Motion and Motion for Discovery** |
| vs. | |
| | Date: 8/6/21 |
| STEVEN DUARTE | Time: 2:00 pm |
| | Court: 6A |
| Defendant. | |

Defendant Steven Duarte, by and through counsel, Oliver P. Cleary, pursuant to Rule 16, moves for discovery, or, in the alternative, dismissal of the Indictment based on flagrant violations of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. On November 13, 2020, the prosecution was placed on notice of the possible consequences of violating <u>Brady</u> and this order. Those remedies included the exclusion of evidence, adverse jury

1

instructions, dismissal of all or some charges with or without prejudice, contempt, and sanctions.

This motion seeks the immediate production of <u>Brady</u> materials including, but not limited to, any evidence that a prospective government witness is under criminal investigation, or, has engaged in a criminal act, *Jencks Act* material, *Giglio* information, law enforcement personnel files, which may be used as impeachment evidence, or evidence of bias or motive.

                Respectfully submitted,

Dated:  7/23/2021        **/s/*Oliver P. Cleary***
                                Attorney for defendant,
                                Steven Duarte

## I.

## Statement of the Case

On November 13, 2020, pursuant to the Due Process Protections Act, the prosecutor was ordered to comply with his or her obligation to produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and reminded of the possible consequences of violating that law and this order, including exclusion of evidence, adverse jury instructions, dismissal of all or some charges with or without prejudice, contempt, and sanctions.

Despite such admonition, the prosecution woefully failed to safeguard the protections of the Due Process Protections Act.  For such willful failure, the defendant asks this court to dismiss the indictment with prejudice. In the alternative, the defendant requests a hearing on the following requested discoverable items.

## II.

## Discovery Motion

1. *The Defendant's Statements.*  Under Fed. R. Crim. P. 16(a)(1)(A), the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial, and, any written summaries of the defendant's oral statements contained in the **handwritten notes** of the government agent(s); any response to an Miranda warnings which may have been given to the defendant (See United States v. McElroy,

697 F.2d 459 (2nd Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

2. *Reports of Investigation (ROI's), Notes, Text(s), Email(s), Posts, etc.*
The defendant also specifically requests any and all arrest reports, investigative reports including, but not limited to all communication between ATF, FBI, USAO, DHS, Los Angeles PD, Los Angeles County Sheriff's Office, DEA (within each agency and between agencies) regarding defendant's arrest.  This request includes all communications including but not limited to electronic messages (emails or text messages), FB messenger, DMs, photos, notes of communications and/or dispatch or any other recorded material however memorialized (including body-worn camera video/audio files) that relates to the investigation, detention, and/or arrest and any questioning at such time of said detention or arrest, be turned over.  This request incorporates any contemporaneous records, however recorded, in which statements of the defendant or any other discoverable material is contained.  This type of contemporaneous record in discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  (See also Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 869 (1968); United States v. Johnson, 525 F.2d 999 (2nd Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967).  Arrest reports, Investigator's notes, Reports of Investigation (ROI's), memos from arresting

officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(b) and (E), Fed. R. Crim. P. 26.2 and 12(I). Preservation of contemporaneous notes/audio/video/texts/tweets/posts is specifically requested, whether or not the government deems them discoverable at this time;

3. *Reports of Scientific Tests or Examinations*. Pursuant to Fed. R. Crim. P. 16(F), Defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to fingerprint analysis, DNA analysis, Voice and/or Handwriting analysis, firearm examination, digital and/or cellular examination or analysis, and, social media posts/tweets or other product that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may be known, to the attorney for the government, and which are material to the preparation of the defense or which is intended for use by the government as evidence in their case-in-chief at the trial;

4. *Brady Material.* The defendant requests all documents, statements, agent's reports, and tangible or other evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); , 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

5. *Evidence Seized.* Defendant requests production and the opportunity to inspect any and all evidence seized as a result of any search, with or without a warrant, as discoverable under Fed. R. Crim. P. 16(a)(1)(E);

6. *Preservation of Evidence.* The defendant requests preservation of any and all tangible and intangible physical evidence which includes, but is not limited to, videotapes, body-worn cameras, electronic communication (texts or emails), dispatch tapes, recordings of interrogations, alleged contraband, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This preservation request includes any samples used in testing and any evidence seized from any third party and is a continuing request.

7. *Inspection of Tangible Objects.* Pursuant to Fed. R. Crim. P. 16(a)(1)(E), the defendant requests the opportunity to inspect and copy as well as **test**, if necessary, all other documents and **tangible objects**, including any alleged contraband, photographs, books, papers, documents, cellular phones, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

8. *Evidence of Bias or Motive.* The defendant requests immediate disclosure of any evidence that any prospective government witness is

biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989);

9. *Impeachment Evidence*. The defendant requests disclosure of any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra, See United States v. Stifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record), cert. denied, 489 U.S. 1032 (1989); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

10. *Evidence of Criminal Investigation of Any Government Witness.* The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.) cert. denied, 474 U.S. 945 (1985);

11. *Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.* The defense requests any evidence, including any medical, psychological or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, compromised, devoid, abandoned, compromised, vacuous; and any evidence that a witness

has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

12. *Names of any Witnesses favorable to the defendant.* The defense requests the name of any witness who made statements concerning the crime, the defendant's involvement therein, which may, arguably, be considered favorable and/or limit the degree of defendant's culpability and/or suggest another may have been responsible for the acts alleged herein. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

13. *Other Statements Relevant to the Defendant.* The defendant requests immediate disclosure of any statement that may be relevant to any possible defense or contention the defendant might assert like alibi, entrapment, self-defense, withdrawal, insanity, duress, coercion or compulsion, necessity, justification, intoxication, mere presence, advice of counsel, or, public or government authorization. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This request is continuing and includes any statements by any percipient witnesses or government agents.

14. *JENCKS ACT material.*  Defendant requests all Jencks material outlined in 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2 at least one-hundred (100) days before trial for counsel to properly prepare to use *Jencks* material and prepare for cross-examination thereby avoiding any unnecessary delays during trial.

15. *GIGLIO information.*   The defense requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony and any material which could arguably be used for impeachment like admitting to or alleged to have been an accomplice in the crime charged, instances of past conduct and/or convictions, or, special circumstances like immunity, benefits received for their testimony in the form of compensation, favored treatment in a plea agreement, or, a sentence in any proceeding in state and/or federal court. Giglio v. United States, 405 U.S. 150 (1972).

16. *Law Enforcement Personnel Files.* The defendant requests the government examine the personnel files for all testifying law enforcement witnesses for evidence of dishonesty or any other material relevant to impeachment, or, any other information that is exculpatory under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

17. *Expert Disclosure.*  Defendant requests disclosure of the identities, qualifications, and purported testimony of any expert witnesses the

government intends to call at least 90 days before trial under Fed. R. Crim. Pro. 16(a)(1)(G).

18. *Expert Summaries*. Defendant requests expert summaries of all testimony, reports, exhibits, or, opinion of any lay or expert witness the government intends to call at trial Under F.R.C.P. 16.

## III.
## Defendant's Point's and Authorities
## in Support of Discovery Motion

In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to the accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87.  See Giglio v. United States, 405 U.S. 150 (1972); United States v. McCrane, 527 F.2d 906 (3rd Cir. 1975) aff'd after remand, 547 F.2d 205 (1976).  The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the Brady rule.  United States v. Bagley, 473 U.S. 669, 678 (1985).  Such evidence, if disclosed and used effectively, may make the difference between conviction and acquittal.  See Napue v. Illinois, 360 U.S. 264 (1959) ('The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.")

In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." Giles v. Maryland, 386 U.S. 66, 74 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. United States v. Gleason, 265 F.Supp. 880, 886 (S.D.N.Y. 1967); Sellers v. Estelle, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence.)

The disclosures requested should be made immediately so that appropriate defense preparations can be made.

## CONCLUSION

For the foregoing reasons, Mr. Duarte respectfully requests that this Court grant his request for the disclosure of information set forth above, sufficiently in advance of trial to permit defendant to prepare to investigate, meet or use such information and evidence.

Respectfully Submitted,

Dated: 7/23/2021

/s/ *Oliver P. Cleary*
Attorneys for defendant,
Steven Duarte

## **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

 Courtesy Copy Chambers

 Copy Assistant U.S. Attorney via ECF NEF

 Copy Defendant


Dated:  7/23/2021      /s/*Oliver P.Cleary*
             468 N. Camden Dr., #200
             Beverly Hills, CA 90210
             Tel: 424.324.8874
             Email: olivercleary@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1


# OLIVER PATRICK CLEARY

Attorney-at-Law
468 N. Camden Drive, Ste. 200
Beverly Hills, California 90210
(424) 324-8874
olivercleary@gmail.com



Tuesday, December 29, 2020

To: Amanda Elbogen | Assistant United States Attorney
United States Attorney's Office | 312 North Spring Street
Los Angeles, CA 90012 | T: 213.894.7964 | F: 213.894.0142

Re: <u>USA v Duarte</u>
Case No. 20-CR-387-FMO
Steven Duarte

Dear Ms. Elbogen,

With this letter, I am requesting the following discovery in relation to my client, Luis Lopez. Pursuant to Fed. R. Crim. P. 12(b)(2)(B), and 26.2, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and all other applicable rules and statutes;

1. ***The Defendant's Statements.*** Under Fed. R. Crim. P. 16(a)(1)(A), the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial, and, any written summaries of the defendant's oral statements contained in the **handwritten notes** of the government agent(s); any response to an <u>Miranda</u> warnings which may have been given to the defendant (See <u>United States v. McElroy</u>, 697 F.2d 459 (2nd Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

2. ***Reports of Investigation (ROI's), Notes, Text(s), Email(s), Posts, etc.*** The defendant also specifically requests any and all arrest reports, investigative reports including, but not limited to all communication between ATF, FBI, USAO, DHS, Los Angeles PD, Los Angeles County Sheriff's Office, DEA (within each agency and between agencies) regarding defendant's arrest. This request includes all communications including but not limited to **electronic messages (emails or text messages)**, FB messanger, DMs, photos, notes of communications and/or dispatch or any other recorded material however memorialized (including body-worn camera video/audio files) that relates to the investigation, detention, and/or arrest and any questioning at such time of said detention or arrest, be turned over. This request incorporates any contemporaneous records, however recorded, in which statements of the defendant or any other discoverable material is contained.

1

This type of contemporaneous record in discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). (See also Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 869 (1968); United States v. Johnson, 525 F.2d 999 (2nd Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967). Arrest reports, Investigator's notes, Reports of Investigation (ROI's), memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(b) and (E), Fed. R. Crim. P. 26.2 and 12(I). **Preservation of contemporaneous notes/audio/video/texts/tweets/posts is specifically requested, whether or not the government deems them discoverable at this time**;

3. ***Reports of Scientific Tests or Examinations***. Pursuant to Fed. R. Crim. P. 16(F), Defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to fingerprint analysis, DNA analysis, Voice and/or Handwriting analysis, firearm examination, digital and/or cellular examination or analysis, and, social media posts/tweets or other product that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may be known, to the attorney for the government, and which are material to the preparation of the defense or which is intended for use by the government as evidence in their case-in-chief at the trial;

4. ***Brady Material.*** The defendant requests all documents, statements, agent's reports, and tangible or other evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); , 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

5. ***Evidence Seized.*** Defendant requests production and the opportunity to inspect any and all evidence seized as a result of any search, with or without a warrant, as discoverable under Fed. R. Crim. P. 16(a)(1)(E);

6. ***Preservation of Evidence.*** The defendant requests preservation of any and all tangible and intangible physical evidence which includes, but is not limited to, videotapes, **body-worn cameras**, electronic communication (texts or emails), dispatch tapes, recordings of interrogations, alleged contraband, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This preservation request includes any samples used in testing and any evidence seized from any third party and is a continuing request.

7. ***Inspection of Tangible Objects.*** Pursuant to Fed. R. Crim. P. 16(a)(1)(E), the defendant requests the opportunity to inspect and copy as well as **test**, if necessary, all other documents and **tangible objects**, including any alleged contraband, photographs, books, papers, documents, cellular phones, buildings, automobiles, or places, or copies, depictions, or portions thereof which are

2

material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

8. ***Evidence of Bias or Motive***. The defendant requests immediate disclosure of any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989);

9. ***Impeachment Evidence***. The defendant requests disclosure of any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra, See United States v. Stifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record), cert. denied, 489 U.S. 1032 (1989); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

10. ***Evidence of Criminal Investigation of Any Government Witness.*** The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.) cert. denied, 474 U.S. 945 (1985);

11. ***Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.*** The defense requests any evidence, including any medical, psychological or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, compromised, devoid, abandoned, compromised, vacuous; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

12. ***Names of any Witnesses favorable to the defendant.*** The defense requests the name of any witness who made statements concerning the crime, the defendant's involvement therein, which may, arguably, be considered favorable and/or limit the degree of defendant's culpability and/or suggest another may have been responsible for the acts alleged herein. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

13. ***Other Statements Relevant to the Defendant.*** The defendant requests immediate disclosure of any statement that may be relevant to any possible defense or contention the defendant might assert like alibi, entrapment, self-defense, withdrawal, insanity, duress, coercion or compulsion, necessity, justification, intoxication, mere presence, advice of counsel, or, public or government authorization. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This request is continuing and includes any statements by any percipient witnesses or government agents.

14. ***JENCKS ACT material.*** Defendant requests all Jencks material outlined in 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2 at least one-hundred (100) days before

3

trial for counsel to properly prepare to use *Jencks* material and prepare for cross-examination thereby avoiding any unnecessary delays during trial.

15. ***GIGLIO information.*** The defense requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony and any material which could arguably be used for impeachment like admitting to or alleged to have been an accomplice in the crime charged, instances of past conduct and/or convictions, or, special circumstances like immunity, benefits received for their testimony in the form of compensation, favored treatment in a plea agreement, or, a sentence in any proceeding in state and/or federal court. Giglio v. United States, 405 U.S. 150 (1972).
16. ***Law Enforcement Personnel Files.*** The defendant requests the government examine the personnel files for all testifying law enforcement witnesses for evidence of dishonesty or any other material relevant to impeachment, or, any other information that is exculpatory under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).
17. ***Expert Disclosure.*** Defendant requests disclosure of the identities, qualifications, and purported testimony of any expert witnesses the government intends to call at least 90 days before trial under Fed. R. Crim. Pro. 16(a)(1)(G).
18. ***Expert Summaries***. Defendant requests expert summaries of all testimony, reports, exhibits, or, opinion of any lay or expert witness the government intends to call at trial Under F.R.C.P. 16.

If you have any questions or concerns, please do not hesitate to contact me personally at (424) 324-8874. I look forward to working with you.

Sincerely,
/s/ Oliver P. Cleary
Attorney for Defendant,
Steven Duarte

> Please be advised that if my client qualifies, he/she wishes to apply for the Conviction and Sentence Alternatives ("CASA") program, please accept notice of our intent to apply. If you believe this notice of our intent to apply for CASA or otherwise object to my client's participation in the CASA program, please notify us within 60 days of the date of this notice.

4

17