Oliver P. Cleary
Attorney at Law[CSB#168440]
468 N. Camden Drive, #200
Beverly Hills, CA 90210
T: (424) 324-8874

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR20-000387-FMO |
| Plaintiff, | **Motion to Suppress Evidence and Request for a *Franks* Hearing** |
| vs. | |
| STEVEN DUARTE, | Date: 8/6/21 |
| Defendant. | Time:  2:00 p.m. |
| | Court: 6A |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT AND KYLE KAHAN AND JUAN RODRIGUEZ, THE ASSIGNED ASSISTANT UNITED STATES ATTORNEYS:

This motion seeks to suppress the buccal swab taken after Duarte's arrest as fruits of the poisonous tree.

Dated:  7/23/2021

Respectfully submitted,
*/s/Oliver P. Cleary*
Attorney for defendant,
STEVEN DUARTE

# Table of Contents

Table of Authorities…………………………………………………..………3

   I.    Facts……………………………………………….………………4

II.    Taking a buccal swab implicates defendant's Fourth Amendment
    Rights……………………………………………………………4

III.    The Exclusionary Rule Applies to Buccal Swab Taken in Violation of
    The Fourth Amendment As Fruit of the Poisonous Tree………...………5

IV.    A Search Warrant is Invalid if Based on False Statements or Material
    Omissions……………………………………………………...6

V.    Duarte Requests a *Franks* Hearing………………………………………7

Conclusion………………………………………………..…………...8

Exhibit 1, Declaration of Defendant In Support of Motion to Suppress………..10-11

Exhibit 2, Declaration of Probable Cause……………………………………13

1
2

**Table of Authorities**

3

**Cases:**

4   United States v. Bautista, 362 F.3d 584, 589 (9th Cir. 2004) (quoting United
5   States v. Nerber, 222 F.3d 597, 599 (9th Cir. 2000))……………………………..4
6   Kyllo v. United States, 533 U.S. 27 (2001)……………………………………….4
7   Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 616-617 (1989); Cupp v.
8   Murphy, 5412 U.S. 291, 295 (1973); Schmerber v. California, 384 U.S. 757, 767-
9   71(1966)...…………………………………………………………….…………..4
10  Fuller v. M.G. Jewelry, 950 F.2d 1437, 1449 (9th Cir. 1991)……....……………..4
11  Padgett v. Donald, 401 F.3d 1273, 1277 (11th Cir. 2005)…………..……………..5
12  Schlicher v. Peters, 103 F.3d 940, 942-43 (10th Cir. 1996)………..……………..5
13  United States v. Kincade, 379 F.3d 813 (9th Cir. 2004)…………………………..5
14  United States v. Crawford, 372 F.3d 1048, 1054 (9th Cir. 2004) (citing Wong Sun
15  v. United States, 371 U.S. 471 484-88 (1963))……………………………………..5
16  Brown v. Illinois, 422 U.S. 590, 599 (1975)……………………………………..5
17  Sessoms v. Grounds, 768 F.3d 882, 890 (9th Cir. 201); Edwards v. Arizona, 451 US
18  477, 485 (1981)……………………………………………………………………6
19  United States v. Stanert, 762 F. 2d 775,781 (9th Cir. 1985)……………………...7
20  Franks v. Delaware, 438 US 154 (1978), United States v. Ruiz, 758 F.3d 1144,
21  1148 (9th Cir. 2014)………………………………………………………………7

22
23
24
25
26
27
28

I.

**Facts**

On March 20, 2020, Defendant Duarte was arrested after a traffic stop and held for five days before being released.  During his incarceration at the Inglewood Police Department, Duarte was threatened, coerced, intimidated, and, ridiculed. Duarte seeks through this motion to suppress the evidence obtained in violation of his Fifth and Sixth Amendment rights.

II.

**Buccal Swab Implicates Defendant's Fourth Amendment Rights**

An individual has a reasonable expectation of privacy if he can "'demonstrate a subjective expectation that his activities would be private, and he [can] show that his expectation was one that society is prepared to recognize as reasonable.'"  United States v. Bautista, 362 F.3d 584, 589 (9th Cir. 2004) (quoting United States v. Nerber, 222 F.3d 597, 599 (9th Cir. 2000)).

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. Amend. IV. "[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." Kyllo v. United States, 533 U.S. 27 (2001).

The Supreme Court has held that invasions of the body are searches, and, thus, entitled to the protections of the Fourth Amendment. Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 616-617 (1989); Cupp v. Murphy, 5412 U.S. 291, 295 (1973); Schmerber v. California, 384 U.S. 757, 767-71 (1966).  Circuit courts are in accord that the Fourth Amendment protects against "all searches that invade the interior of the body—whether by a needle that punctures the skin or a visual intrusion into a body cavity." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1449 (9th Cir. 1991).

1   Here, a buccal swab inserted inside Duarte's mouth to collect saliva samples

2   is a search which implicates Duarte's Fourth Amendment rights.  It is black letter

3   law that swabbing the inside of one's mouth for saliva is a search.  Padgett v.

4   Donald, 401 F.3d 1273, 1277 (11th Cir. 2005); Schlicher v. Peters, 103 F.3d 940,

5   942-43 (10th Cir. 1996).  As the Ninth Circuit stated in United States v. Kincaid,

6   "[t]he compulsory extraction of bodily fluids (blood) for DNA profiling", as here,

7   "unquestionably implicates the right to personal security embodied in the Fourth

8   Amendment, and thus constitutes a 'search' within the meaning of the

9   Constitution." 379 F.3d 813, 821 n.15 (9th Cr. 2004) As such, Duarte was searched

10  for Fourth Amendment purposes when a buccal swab was inserted into his mouth

11  in order to collect a saliva sample for DNA testing.

III.

**The Exclusionary Rule Applies To Buccal Swabs When Taken In
Violation of the Fourth Amendment As Fruit of the Poisonous Tree**

"It is well established that the Fourth Amendment's exclusionary rule

applies to statements and evidence obtained as a product of illegal searches and

seizures."  United States v. Crawford, 372 F.3d 1048, 1054 (9th Cir. 2004) (citing

Wong Sun v. United States, 371 U.S. 471 484-88 (1963)).  "Evidence obtained by

such illegal action of the police is 'fruit of the poisonous tree,' warranting

application of the exclusionary rule if, 'granting establishment of the primary

illegality, the evidence to which instant objection is made has been come at by

exploitation of that illegality or instead by means sufficiently distinguishable to be

purged of the primary taint.'"  Id. (citing Brown v. Illinois, 422 U.S. 590, 599

(1975)).

5

## IV.

## A Search Warrant is Invalid if Based on False Statements or Material Omissions

When Duarte did not voluntarily consent to the extraction of his DNA, Detective Barragan sought a search warrant, however, in doing so, he failed to include several important facts in the probable cause statement.  The affiant, Detective Barragan, submitted his application for a search warrant after Duarte refused to consent to the buccal swab.  (See Exhibit 2)

For example, Barragan not so delicately threads the needle when he includes that "*Miranda* warning were given" but, recklessly omits the fact that Duarte requested to speak to a lawyer. As any veteran officer would know, normally when a suspect requests to speak to a lawyer, all questioning should cease except is the rarest of circumstances.  This was not one of those situations.  Barragan should have immediately stopped questioning Duarte.  Instead, he continued to badger, cajole, harass, importune and otherwise molest Duarte to try and get him to consent to the buccal swab.  (See Exhibit 1)  This repeated exchange was intentionally omitted from the statement of probable cause.

It is well settled that whenever a defendant invokes the Sixth Amendment right to counsel, all questioning must cease.  If an accused such as Duarte invokes his right to have counsel present during a custodial interrogation, which clearly this was, the rule is straightforward: officers must cease the interrogation immediately and not question the defendant any further. Sessoms v. Grounds, 768 F.3d 882, 890 (9th Cir. 201); Edwards v. Arizona, 451 US 477, 485 (1981).

The *Edwards* rule was designed with individuals like Duarte in mind, namely, it was "designed to prevent police from badgering a defendant into

waiving his previously asserted *Miranda* rights."   Here, Duarte invoked his right to counsel by requesting to speak to an attorney.

When Duarte told Barragan he wanted to speak to a lawyer, Barragan replied; "that ain't going to happen." Barragan went on to badger Duarte to get him to make incriminating statements concerning the gun found on the street telling him; "you will not be getting out jail" and "this case will go federal unless you talk."  Essentially, Barragan coerced Duarte and badgered him repeatedly ignoring his requests to speak to a lawyer.  This is a clear violation of Duarte's Sixth Amendment rights.  Affiant intentionally omits Duarte's request to speak to a lawyer and merely references Duarte's statement that he would submit to a buccal swab only if a judge orders the DNA sample implying a hedged consent.  Barragan by omitting and misstating facts to the magistrate about what Duarte really said and his coercive behavior toward him, he mislead the magistrate.  Barragan intentionally mislead the magistrate from discovering the search warrant was based on an unconstitutional violation of Duarte Sixth Amendment rights.

This omission deprived the magistrate of factual circumstances through which she could exercise her independent judgement concerning the validity of the warrant. This material omission/misrepresentation merits suppression of the results of the buccal swab.

V.

**Duarte Requests a *Franks* Hearing**

A defendant in the Ninth Circuit is also permitted to challenge a warrant affidavit when it contains omissions of facts that tend to mislead.  United States v. Stanert, 762 F. 2d 775,781 (9th Cir. 1985).  Thus, Duarte is entitled to a hearing to determine the validity of the warrant.  Franks v. Delaware, 438 US 154 (1978), United States v. Ruiz, 758 F.3d 1144, 1148 (9th Cir. 2014)

## Conclusion

For the above reasons and all those mentioned at the hearing, Mr. Duarte, by and though his counsel, respectfully requests this Court for an order suppressing the buccal swab.  In the alternative, if the Court finds the affidavit facially sufficient, Mr. Duarte moves this Court for a *Franks* hearing.

Date:  July 23, 2021                                        Respectfully submitted,

                                                            *s/Oliver P. Cleary*
                                                            Attorney for Defendant,
                                                            STEVEN DUARTE

IT IS HEREBY CERTIFIED THAT:

I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age.  My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210.  I have caused service of MOTION TO SUPPRESS & REQUEST FOR A *FRANKS* HEARING

The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

Juan Rodriguez, AUSA, juan.rodriguez@usdoj.gov

Kyle Kahan, AUSA, kyle.kahan@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 23, 2021         *s/Oliver Cleary*
                                   Attorney for Defendant
                                   STEVEN DUARTE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**Declaration of Steven Duarte in Support of his Motion to Suppress Evidence**

I, Steven Duarte,  declare under the laws of the United States of America, the following is true and correct, and, if called as a witness, could competently testify to the matters stated herein;

1. On March 22, 2020, while detained in a holding cell at the Inglewood Police Department Jail, I was moved into a small interview room by Detective Jose A. Barragan (#878).

2. I was alone in the interview room with Detective Barragan who shut the door and said he was going to ask me some questions.

3. He handed me a Miranda Admonishment form which I read, initialed, and signed.

4. I was aware of my rights as described on the form and never waived or gave up my rights. I told him I wanted a lawyer.

5. In response Detective Barragan said; "You're not going to admit it was your gun?  You're going to let her take the blame?"

6. When I refused to admit to being in possession of the firearm, Barragan began to harass me in different ways.

7. Barragan said; "You know I have the power to prosecute you or not? You know that gun was stolen from a police station? I have the power to take the case federal. You better tell me what I want to hear."

8. Barragan then said; "I'll let you go just give me someone who sells drugs."

9. I told him I don't know anyone who sells drugs.  I asked Barragan are we done?

11

10. Barragan next told me I need your DNA.

11. In response, I refused the DNA oral swab I told Barragan wanted to speak to a lawyer.

12. Barragan told me that wasn't going to happen.

13. Next, Barragan threatened to shove the DNA oral swab down my throat.

14. Barragan suggested he could get a court order to forcibly obtain an oral swab.

15. I told him I wouldn't submit to any DNA being taken from me without first consulting with a lawyer.

16. I got up to leave the room when Barragan got up in my face and said; "Are you trying to assault me?" in an attempt to physically  intimidate me.

17. I told Barragan I was going to tell my family about his threats.

18. Barragan told me he was going to get an Order from a judge and that I would remain in custody until I provided him with an Oral Swab.

19. Because I was denied of my right to consult, and, because of Barragan's threats and lies, I felt intimidated and forced to submit to an oral swab.

Dated:                                    /s/*defendant's signature to follow*
                                             Steven Duarte

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

SW No. _____

## STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
# SEARCH WARRANT AND AFFIDAVIT
## (AFFIDAVIT)

**I, Detective Jose Barragan** swears under oath that the facts expressed by him in this Search Warrant and Affidavit and in the attached and incorporated statement of probable cause are true and that based thereon he has probable cause to believe and does believe that the property and/or person described below is lawfully seizeable pursuant to Penal Code Section 1524, as indicated below, and is now located at the locations set forth below. Wherefore, affiant requests that this Search Warrant be issued.

_____, NIGHT SEARCH REQUESTED: ☐ YES ☒ NO
(Signature of Affiant)      'HOBBS' SEALING REQUESTED: ☐ YES ☒ NO

### (SEARCH WARRANT)
**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE OFFICER OR PEACE OFFICER IN THE COUNTY OF LOS ANGELES**: proof by affidavit having been made before me by **Detective Jose Barragan** that there is probable cause to believe that the property and/or person(s) described herein may be found at the locations set forth herein and is lawfully seizeable pursuant to Penal Code Section 1524 as indicated below by "X" (s) in that:

☐   It was stolen or embezzled.

☐   It was used as the means of committing a felony.

☒   It is possessed by a person with the intent to use it as means of committing a public offence or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery.

☒   It tends to show that a felony has been committed or that a particular person has committed a felony.

☐   It tends to show that exploitation of a child in violation of Section 311.3, or depiction of sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring.

☐   There is a warrant for the person's arrest.

**YOU ARE THEREFORE COMMANDED TO SEARCH:**

- SEE ATTACHED AND INCORPORATED DESCRIPTION PAGE

**FOR THE FOLLOWING PROPERTY:**

- SEE ATTACHED AND INCORPORATED DESCRIPTION PAGE

**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me this _24th_ day of _March_, 20 _20_, at _1:52_ A.M., P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____, NIGHT SEARCH APPROVED: ☐ YES ☒ NO
(Signature of Magistrate)      HOBBS SEALING APPROVED: ☐ YES ☒ NO

Judge of the SUPERIOR Court _Los Angeles_ Judicial District.

USAO_000120

STATEMENT OF PROBABLE CAUSE

1    **YOU ARE THEREFORE COMMANDED TO SEARCH:**

2        From inmate Steven Duarte DOB: 12/14/1992 CII #A28688866 CDL #F3061290

3    who is currently housed at  the Inglewood Police Department jail under Booking #

4    5890842, located at One Manchester Boulevard Inglewood California.

5

6    **FOR THE FOLLOWING PROPERTY:**

7        1. 1 buccal swab for DNA Analysis to be obtained in the least intrusive means

8    possible or a control blood sample, to be obtained by a medical professional, if

9    Steven Duarte refuses to submit to the buccal swabs.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

USAO_000121

STATEMENT OF PROBABLE CAUSE

**AFFIDAVIT FOR SEARCH WARRANT:**

Your Affiant name is Jose Barragan, I have been employed as a sworn Police Officer for the City of Inglewood over 16 years. My present assignment is a Police Detective assigned to the Inglewood Police Department's Detective Bureau's Gang Intelligence Unit, which is a unit that specializes in the investigations of gangs, gang members, and gang crimes.   I have investigated, or assisted other Detectives in the investigation of a large number of gang related crimes. These investigations have included, but are not limited to, homicide, attempt homicide, assault with a deadly weapon, carjacking, weapons violations, narcotics sales/trafficking, robbery and vandalism.   During my tenure, I was assigned to the Inglewood Police Department's Patrol Division, the Special Enforcement team, Anti-Crime team and the Detective Bureau.

Along with assisting detectives from the Inglewood Police Department, I have, on several occasions, assisted the Los Angeles Police Department, Los Angeles Sheriff's Department, Ontario PD, Hawthorne PD, Redondo Beach PD, Gardena PD, Torrance PD, Probation/Parole Agents, and the Department of Homeland Security, Louisville Kentucky PD, New Port PD Virginia and the Federal Bureau of Investigations in gang related investigations.

I have taught gang orientation classes to Inglewood Police Department's newly hired police officers. I also taught a class at George W. Crozier Middle school on recognizing early gang signs and gang association.

I have contacted, interviewed, assisted in the arrest of and/or arrested well over 1000 gang members and continue to contact gang members on a weekly basis. During the course of my contacts with gang members, I have regularly questioned, interviewed, and

USAO_000122

STATEMENT OF PROBABLE CAUSE

1  spoke with gang members concerning their gangs, territories, rivalries, beliefs, monikers,

2  hand signs, crimes, activities and the manner in which they commit their crimes, hide and

3  dispose of contraband and evidence. I have contacted gang members as suspects,

4  witnesses, and victims.  I have also spoken with family members of gang members

5  regarding the gang life style, beliefs, dangers and perceived benefits.

6
      I have qualified as a gang expert in the California Superior Court in Inglewood,

7  Torrance, LAX and the Criminal Court Building in Los Angeles.

8
   I have received over two hundred hours of formal Law Enforcement training, which

9  included training on the various types of street gangs, prison gangs, gang tattoos, gang

10  hand signs, life style and philosophy of gang and there members, gang monikers, criminal

11  gang related investigations and search warrants.

12

13      The facts and information contained within this warrant were obtained through a

14  review of the police reports documenting the events, evidence obtained in the

15  investigation, and conversations I have had with the investigating officers.

16      On 3/23/20, I was assigned the following case regarding a "Felon possession of

17  a loaded firearm" that occurred on 03/20/20. This report (GO # 17470) is attached and

18  incorporated herein as "Attachment 1"

19

20  **SYNOPSIS:**

21  On Friday, 03/20/2020 at approximately 2136 hours; Inglewood Police officers T.

22  Wunderlich #946 and Officer T. Villicana #988 were on assigned patrol as members of

23  the I.P.D. Special Enforcement Team. Officer Wunderlich and Officer Villicana were

24  driving westbound on 109th Street in the city of Inglewood. Officer Villicana observed

25  the driver of a red 2007 Infiniti G37 (California license plate number 8HSB089) commit

two traffic violations failed to stop at the stop sign at 109th and Doty Avenue violation of

USAO_000123

STATEMENT OF PROBABLE CAUSE

22450 (a) C.V.C. - Stop sign violation and the front driver and passenger side windows were tinted and the tint limited our view into the passenger compartment of the vehicle violation of 26708(C) C.V.C. - Tinted windows.

Officer Wunderlich activated the police vehicle's forward facing red lights and siren to conduct a traffic stop for the above mentioned equipment violation and traffic violation. Officer Wunderlich also illuminated our front floodlights and his spot light.

Officer Villicana observed the right rear window roll down and an arm extended out the window, and discard a black handgun. The handgun hit a car parked on the east curb line of Doty Avenue, just north of 109th Street. Officer Villicana maintained visual of the right rear passenger, through the open rear window, and did not observe the right rear passenger move from the right rear seat.

Officer Wunderlich contacted the driver, later identified as Ana Ortiz, Officer Villicana contacted the right rear passenger, Steven Duarte. Based on the IPD officer's observations of the right rear passenger throwing a gun out of the window, the driver and passenger were detained.

Officer Villicana notified assisting Inglewood Police Officer Thompson, and Officer Bobbs of the location where Officer Wunderlich and Villicana observed the firearm thrown out of the vehicle. Officer Bobbs located the firearm in the center of the street, on Doty Avenue just north of 109th Street. Officer Bobbs photographed the firearm and rendered the pistol safe. The pistol was a black, semi-automatic, Smith and Wesson .380 caliber pistol, serial number #EAT2760. The magazine was missing from the magazine well and Officer Bobbs said the firearm appeared to be in good working condition.

USAO_000124

STATEMENT OF PROBABLE CAUSE

1   Officer Villicana conducted a wants/warrants inquiry on Ortiz and Duarte. The inquiry

2   revealed Ortiz was on active probation for Burglary with a discharge date of 04/06/2021.

3   The inquiry additionally confirmed Duarte's active P.R.C.S. Community Supervision

4   status. Officer Villicana contacted L.A. County Probation and confirmed Duarte's search

5   and seizure conditions

6

7        Officer Wunderlich conducted a probation compliance search of the vehicle and

8   located a Smith and Wesson .380 caliber magazine with six .380 caliber bullets loaded

9   within it. The magazine was stuffed between the center console and the passenger front

10  seat (towards the rear of the seat). It should be noted, the magazine was located within

11  arm's reach of the rear passenger (Duarte). Officer Wunderlich inserted the magazine

12  into the magazine well of the handgun and it fit perfectly. The handgun and the

13  magazine were the same brand and caliber.

14

15  A firearm registration inquiry of the firearm revealed that the firearm was reported stolen

16  to the Roseburg Police Department on 12/18/2019 (Report #19-6002).

17

18        Based on Officer Wounderlich and Officer Villicana observations of the rear

19  passenger (Duarte) throwing the firearm out of the car, and the location of the loaded

20  magazine Duarte was arrested for 29800 (a)(1) P.C. - Felon in possession of a firearm,

21  25400 (a)(1) P.C. Possession of a concealed firearm,  25850(a) P.C. - Possession of a

22  loaded firearm,  25400(c)(3) P.C. - Possession of a firearm by an active member of a

23  street gang,  25400(c)(2) P.C. - Possession of a stolen firearm,  25850(c)(2) P.C. -

24  Possession of a loaded stolen firearm.

25

USAO_000125

oh
7 of 27

STATEMENT OF PROBABLE CAUSE

On 03/22/2020

I, Detective Barragan contacted Duarte who was still in-custody at the IPD Jail. I told Duarte I was the Detective handling his case and I wanted to talk to him about his case.

I then read Duarte the Miranda Admonishment directly from the department issued form.  Duarte said he understood his rights and signed and dated the form. Duarte's statement under Miranda in substance.

Duarte stated he has only known Ortiz (Driver) for a month. Duarte stated that he was in the rear seat of the vehicle drinking a beer when it was stopped by the police. Duarte denied being in possession of any firearm. Duarte refused to provide me with a buccal swab for DNA. Duarte further stated the only way he will submit to a DNA sample would be if a judge orders the DNA sample.

At the date and time listed in the affidavit the arrestee (Steven Duarte) was lawfully arrested in Los Angeles County for the above listed offenses and the arrestee remain in custody.There is probable cause to believe that laboratory testing of a sample of the arrestee DNA will produce evidence as to the arrestee guilt or innocence.

USAO_000126