Oliver P. Cleary
Attorney at Law
[CSB # 168440]
468 N. Camden Dr., #200
Beverly Hills, CA 90210
Tel. (424) 324-8874

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN DUARTE,<br><br>Defendant. | Case No.: 20-cr-00387-FMO<br><br>Notice and Motion to Suppress Statements<br><br>Date: 8/24/21<br>Time: 9:00 am<br>Court: 6A |

 To: the Clerk of the above-entitled Court; Juan M. Rodriguez and Kyle Kahan, the assigned Assistant United States Attorneys:

 Defendant, Steven Duarte, moves this Court to suppress statements taken by Detective Barragan in violation of defendant's *Miranda* and Sixth Amendment Right to Counsel. Counsel refers the court to defendant's declaration filed in his motion to suppress evidence filed concurrently herewith as to the facts underlying Duarte's interrogation.

Date: July 23, 2021          Respectfully submitted,
                 */s/Oliver P. Cleary*
                 Attorney for Defendant,
                 Steven Duarte

1

## I.

## The Government Must Demonstrate Compliance with Miranda.

In their report, Detective Barragan claim's that Defendant Duarte was read his Miranda rights and executed a waiver form. Subsequently, Duarte allegedly made incriminating statements.

### 1. Miranda Warnings Must Precede Custodial Interrogation.

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. See Miranda v. Arizona, 384 U.S. 436, 444 (1966). The law imposes no substantive duty upon the defendant to make any showing other than that the statement was taken from the defendant during custodial interrogation. Id. at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. at 477; see Orozco v. Texas, 394 U.S. 324, 327 (1969).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. Miranda warnings must advise the defendant of each of his or her "critical" rights. See United States v. Bland, 908 F.2d 471, 473 (9th Cir. 1990). The warnings must clearly convey these critical rights, and the agents may not undercut or contradict the purpose behind Miranda by offering their own explanation of the warnings' meaning. See Doody v. Ryan, 649 F.3d 986 (9th Cir. 2011) (en banc). Furthermore, if a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease immediately. See Miranda, 384 U.S. at 473-74; see also Edwards v. Arizona, 451 U.S. 477, 482 (1981).

## 2. The Government Bears the Burden to Demonstrate That Duarte's Alleged Waiver Was Voluntary, Knowing, And Intelligent.

For a defendant's inculpatory statements to be admitted into evidence, the defendant's "waiver of Miranda rights [during custodial interrogation] must be voluntary, knowing and intelligent." United States v. Binder, 769 F.2d 595, 599 (9th Cir. 1985) (citing Miranda 384 U.S. at 479), overruled on other grounds by United States v. Morales, 108 F.3d 1031 (9th Cir. 1997) (en banc); see also United States v. Vallejo, 237 F.3d 1008, 1014 (9th Cir. 2001); Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  When interrogation continues in the absence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and his right to counsel.  See Miranda, 384 U.S. at 475.

In fact, the Ninth Circuit has held that "[t]here is a presumption against waiver."  United States v. Garibay, 143 F.3d 534, 536-37 (9th Cir.1998) (citing United States v. Bernard S., 795 F.2d 749, 752 (9th Cir. 1986)) (other internal citations omitted); see also United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (stating that the court must indulge every reasonable presumption against waiver of fundamental constitutional rights) (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

Unless and until the government satisfies its burden to demonstrate that sufficient Miranda warnings were given, and that Duarte knowingly and intelligently waived his rights, no evidence obtained as result of the interrogation can be used against Duarte.  See Miranda, 384 U.S. at 479.

## CONCLUSION

This Court must conduct an evidentiary hearing to determine whether Duarte's statements should be admitted into evidence.  Under 18 U.S.C. § 3501(a),

this Court is required to determine, outside the presence of the jury, whether any statements made by Duarte are voluntary.

Date:  July 23, 2021                    Respectfully submitted,
                                        <u>/s/Oliver P. Cleary</u>
                                        Attorney for defendant,
                                        Steven Duarte

IT IS HEREBY CERTIFIED THAT:

I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age.  My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210.

I have caused service of <u>Motion to Suppress Defendant's Statements</u> by e-filing them while the following recipients currently on the list to receive e-mail notices for this case have thus been served electronically at the following email addresses:

<u>Juan.Rodriguez@usdoj.gov</u>,

<u>Kyle.Kahan@usdoj.gov</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:7/23/2021                s/Oliver Cleary
                                     Attorney for Defendant
                                     STEVEN  DUARTE