1  Oliver P. Cleary
   Attorney at Law
2  [CSB # 168440]
   468 N. Camden Dr., #200
3  Beverly Hills, CA 90210
   Tel. (424) 324-8874
4

5

6                UNITED STATES DISTRICT COURT
7                CENTRAL DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,        Case No.: 20-cr-00387-FMO

10         Plaintiff,
                                    Notice and Motion for a
11     vs.                          Defense Special Jury Instruction

12 STEVEN DUARTE,
                                    Date: 8/24/21
13         Defendant.               Time: 9:00 am
                                    Court: 6A
14

15     Defendant, Steven Duarte, moves this Court for a theory of defense
16 instruction.  Because Duarte's theory of defense is legally sound and will be
17 supported by the evidence, the defendant respectfully request this Court give the
18 requested special jury instructions.

19

20 Dated: 7/23/2021                        Respectfully submitted,
21                                         /s/Oliver P. Cleary
22                                         Attorney for Defendant,
                                           Steven Duarte
23

1

I.

## Defendant is Entitled to a Theory of Defense Jury Instruction

"A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence". *See* United States v. Escobar de Bright, 742 F.2d 1196, 1198 (9th Cir. 1984)

If the Court does not instruct on Mr. Duarte's theory of defense, it will commit reversible error.  United States v. Smith, 217 F.3d 746, 750 ("Where a defendant's theory is legally sound and supported by the evidence, it is reversible error for a court to refuse a theory of the defense").

II.

## Where Vehicle Jointly Occupied, Constructive Possession Doesn't Fit

Here, DUARTE is a passenger in a friend's vehicle.  Like a residence with more than one occupant, a vehicle jointly occupied, is insufficient to prove possession through constructive possession.

In United States v. Griffin, 684 F.3d 691 (7th Cir. 2012),  Mr. Griffin was convicted of possession of a shotgun found behind the kitchen door of a house he shared with his parents. On appeal, the fact that a defendant lived in a residence where a gun was openly present did not establish that he possessed the gun. The court noted that there was no evidence that Griffin ever had physical possession of the gun and he did not have exclusive control over the premises.

More importantly, the court rejected the government's argument that mere residency and knowledge that the contraband was present was sufficient to prove constructive possession.  Rather, something more than mere proximity is required and access does not equal possession.

Despite Griffin's "substantial connection" to the residence, it was insufficient to establish constructive possession of the shotgun in the residence. Here, the government will likely argue the defendant's presence in the vehicle is

constructive possession of the ammunition, if not the gun, located in between the front seat.

However mere presence in the vehicle where contraband is located, as in Griffin, *supra,* requires a 'substantial connection' between the defendant and the item itself, not just the residence before constructive possession applies. Id. at 697. Rather, "[p]roximity must be coupled with other evidence, including connection with an impermissible item, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise in order to sustain a guilty verdict." United States v. Reed, 744 F.3d 519, 526 (7th Cir. 2014) (citing Griffin, 684 F.3d at 696. Here, no such evidence is present.

In a case similar to the one at bar, United States v. Hooks, 551 F.3d 1205, 1213-15 (10th Cir. 2009), constructive possession based in the defendant's presence in a vehicle with three others and no showing of knowledge or dominion and control failed.

For the foregoing reasons, Mr. DUARTE respectfully requests the Court give the following theory of defense instruction:

Defendant's Proposed Instruction No.: 1

> It is the government's burden to prove the defendant possessed the firearm and ammunition. In doing so, the government must show more than a "*mere proximity*" to the gun. Where, as here, the gun was found in a jointly occupied vehicle, the fact that defendant was in the car where the prohibited items were located is insufficient to establish constructive possession of those items. Proof of constructive possession requires the government to demonstrate a '*substantial connection*' between the gun and ammunition and the defendant, not simply his mere presence in the vehicle.

3

### III.
### DNA/Fingerprints Alone Insufficient to Prove Possession

The government may rely on DNA or fingerprint evidence to show a connection to the gun located in Ms. Ortiz's vehicle and defendant. However, DNA or even fingerprints are insufficient to establish a connection to a gun for purposes of proving possession. In United States v. Katz, 582 F.3d 749 (7th Cir. 2009), a defendant was charged with possession of a shotgun found at his girlfriend's house with his fingerprint on it.

The issue on appeal was when the fingerprint was placed on the gun, before or after the defendant became a prohibited person? Because the fingerprint technician could not say how long the print had been on the gun, the court found there was "absolutely no evidence" that Katz was in possession of the gun on the date charged. Similar to the rational in Griffen, the court reasoned the defendant's presence at the residence was insufficient to establish constructive possession of the shotgun found inside a jointly occupied residence.

DNA evidence was also insufficient to establish possession where, as in Griffin, the temporal link between the DNA and its location on the gun was not clear. In Miller v. State, 107 So. 3d 498 (Fla. Ct. App. 2013), a gun found in between the mattress and box springs of a defendant's sister's bed in a house they jointly occupied with others was insufficient evidence to show possession because it was unknown when the DNA was left on the gun.

In Finley v. State, 139 So. 3d 940 (Fla. Ct. App. 2014), a burglar ransacked Finley's apartment. When police turned up to investigate, they located a firearm lying on a box spring left exposed by an overturned mattress. DNA from the handgun and the magazine matched Finley. The Court reversed for insufficiency of the evidence grounds because there was no evidence as to when the DNA was

placed on the gun, and, "more significantly…secondary DNA transfer was possible…without Finley ever having touched the gun." Finley had argued the burglar had left the gun and the state did not put the burglar on the stand to deny possession of the gun nor did they test the burglar's DNA to compare it to the handgun or magazine.

 Given that DNA evidence without more has been insufficient to support convictions for being a felon in possession, DUARTE respectfully requests the court give the following defense theory instruction:

Defendant's Proposed Instruction No.: 2

>Defendant is charged with possession of a firearm or ammunition. If you find this was a jointly occupied vehicle, the defendant's presence inside the vehicle without a more substantial connection to the contraband is insufficient to show constructive possession of the firearm or ammunition.
>You may consider DNA/Fingerprint evidence together with all the other evidence in deciding whether or not the government has proved beyond a reasonable doubt whether defendant was in possession of the firearm/ammunition on the date alleged in the indictment.

Dated: 7/23/2021

Respectfully submitted,
s/Oliver Cleary
Attorney for Defendant
Steven Duarte

IT IS HEREBY CERTIFIED THAT:

I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age.  My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210.

I have caused service of <u>Motion for Defendant's Special Jury Instructions</u> by e-filing them while the following recipients currently on the list to receive e-mail notices for this case have thus been served electronically at the following email addresses:

Juan.Rodriguez@usdoj.gov,

Kyle.Kahan@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed:    July 23, 2021              s/Oliver Cleary
                                        Attorney for Defendant
                                        Steven Duarte