Oliver P. Cleary
Attorney at Law [CSB#168440]
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
T: (424) 324-8874

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR20-00387-FMO |
|---|---|
| Plaintiff, | Motions In Limine |
| vs. | Date: 8/24/21<br>Time: 9:00 am |
| STEVEN DUARTE, | Courtroom: 6A |
| Defendant. | |

I.
THE COURT SHOULD ORDER IMMEDIATE PRODUCTION OF ALL HENTHORN, BRADY, GIGLIO, AND JENCKS MATERIALS

The Court should remind the government of its continuing obligation to timely produce all Henthorn, Brady, Giglio, and Jencks materials prior to and even after the applicable deadlines have passed. The government's obligation to provide exculpatory evidence pursuant to Brady in a timely manner is not diminished by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. §3500, or by that fact that such evidence need not be produced according to Rule 16. See United States v. Tarantino, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); see also Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled.") Should relevant and discoverable information come to light, the defense requests its timely disclosure.

1

## II.
## Mr. DUARTE'S ALLEGED PRIOR BAD ACTS MAY NOT BE USED AGAINST HIM

**A.    The Government Has Not Complied with the Notice Requirements of Fed. R. Evid. 404(b).**

Fed. R. Evid. 404(b) requires that the Government give notice of the "general nature" of any prior act evidence that it may seek to introduce. As of this writing, the Government has said only that it will seek to admit whatever prior convictions it can. Because the Government has provided no notice of the "general nature" of such evidence -- let alone discovery -- any such evidence should be excluded for failure to comply with Rule 404(b).

**B.    404(b) Evidence Must be Excluded.**

In this country it is a settled and fundamental principle that persons charged with crimes must be tried for what they allegedly did, not for who they are. See United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985). The Ninth Circuit Court of Appeals has observed:

> Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that defendant engaged in other acts of wrongdoing. Id.
> No matter how vile or despicable a person may appear to be, he or she is entitled to a fair trial. Id. Constitutional provisions clearly provide that individuals may only be convicted for the crimes with which they are charged; they may not be subject to criminal conviction merely because they have a detestable or abhorrent background. Id. "Our entire system of justice would deteriorate if we did not jealously protect these constitutional safeguards for all citizens."

South Dakota v. Moeller, 548 N.W. 2d 465, 468 (S.D. 1996) (referring to prior acts evidence).

///

Mr. DUARTE moves to exclude evidence of his prior conviction for felon in possession of a firearm under two theories. First, Mr. DUARTE's prior conviction does not fit within the definition of 404(b) under existing Ninth Circuit law. See United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.); cert. denied, 501 U.S. 1234 (1991) (Evidence of prior criminal conduct may be admitted to prove knowledge if only if all four prongs of four part test are met by the government). Second, if this court determines that Mr. DUARTE's prior conviction is admissible pursuant to 404(b), Mr. DUARTE maintains that the "probative value" of the prior conviction "is substantially outweighed by the danger of unfair prejudice" and the admission of such evidence would be a violation of both Mr. DUARTE's Fifth Amendment Due Process right, and his Sixth Amendment right to a fair trial.

C. **Exclusion of Prior Firearm Conviction As Irrelevant And Not Similar.**

The government may seek to introduce evidence of Mr. DUARTE's prior firearm conviction under the guise of Rule 404(b), evidence of knowledge. The government's use of this evidence will be simply a veiled attempt to introduce propensity evidence. Fed. R. Evid. 404(b) states in relevant part -

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . .intent. . . [or] knowledge, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial.Fed. R. Evid. 404(b).

Rule 404(b) strictly forbids use of evidence of prior crimes or bad acts merely to prove bad character. United States v. Garcia-Orozco, 997 F.2d 1302, 1303-04 (9th Cir. 1993). The use of evidence pursuant to this rule "must be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its relevance to an actual issue in the case." Id. at 1304 (citing United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985)). The purpose of Rule 404(b) is to "avoid a danger that the jury

will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." United States v. Hill, 953 F.2d 452, 457 (9th Cir. 1991).

However, evidence of prior criminal conduct may be admitted to prove knowledge under Rule 404(b) only if the government establishes (1) the other act evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the other act is similar to the offense charged. Bibo-Rodriguez, 922 F.2d at 1400. When the government's theory of admission under Fed. R. Evid. 404(b) is knowledge, "the government must prove a logical connection between knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." United States v. Mayans, 17 F.3d 1174, 1181-82 (9th Cir. 1994) (citing United States v. Hernandez-Miranda, 601 F.2d 1104 (9th Cir. 1979)).

Evidence of a prior conviction is not admissible simply because the defendant was convicted of the same offense as the current charge. The prior conviction becomes relevant and admissible only where the same offense was committed in a sufficiently similar way to suggest a "logical connection" between the knowledge gained from the prior act and the charged offense. Id. The government must specifically articulate the basis for the admission of the evidence and why it is relevant.

In order for the government to establish a "logical thread" or "common thread", the similarity between the two offenses must be "striking" and "undeniable." United States v. Rubio-Villareal, 927 F.2d 1495 (9th Cir. 1991) (defendant charged with importing cocaine that was contained in a secret compartment and the Ninth Circuit upheld admission of a prior conviction for importing marijuana that was located in a secret compartment); Bibo-Rodriguez, 922 F.2d 1398 (upholding introduction of evidence where the defendant was charged with importing cocaine in a secret compartment in a vehicle across the border, and had subsequently found to be transporting marijuana across the border in a secret compartment, to prove the

defendant's knowledge of the contraband); United States v. Longoria, 624 F.2d 66 (9th Cir. 1980)

The similarities in this case are not "striking" or "undeniable."  What is undeniable is only that Mr. DUARTE was previously convicted of one of the charged offenses in this case.  However, the prior conviction is not relevant to demonstrate knowledge because the common thread of "possession" is not enough to bring the offense within the exception of Rule 404(b).  Therefore, the government should be precluded from introducing the evidence.

D. **Exclusion of Mr. DUARTE's Prior Conviction Under 403.**

Even when all of the other requirements of "extrinsic acts" evidence are met, the evidence may be accepted only if, on balance, its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant.  Fed. R. Evid. 403.  Rule 403 provides "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  As to a criminal defendant, Rule 403's term "unfair prejudice" speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on an improper basis rather than on proof specific to the offense charged.  Old Chief v. United States, 519 U.S. 172, 173 (1997).  Such improper grounds certainly include generalizing from a past bad act that a defendant is by propensity the probable perpetrator of the current crime.  Id.  In this case, evidence of Mr. DUARTE's prior conviction may lead the jury to a conviction based upon an improper basis, propensity.  This result is exactly what Rule 403 forbids and evidence of Mr. DUARTE's prior conviction should be excluded.

III.
MR. DUARTE'S ALLEGED PRIOR CONVICTIONS
SHOULD NOT BE USED TO IMPEACH UNDER RULE 609.

According to the rap sheet produced by the Government, Mr. DUARTE suffered at least four prior felony convictions.  It is anticipated that if Mr. DUARTE testifies, the Government will attempt to introduce prior convictions as impeachment material under

Rule 609(a)(1) of the Federal Rules of Evidence. However, even under Rule 609(a)(1), such evidence is inadmissible.

**Rule 609 provides:**
> (a) General rule. For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused.

Fed. R. Evid. 609(a)(1) (emphasis added). The plain language of Rule 609(a)(1) and the 1990 Advisory Committee Note clearly indicate that the standard governing the admissibility of a criminal defendant's prior felony conviction is more stringent than the standard governing the admissibility of prior felony convictions of other witnesses. See 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence § 609[04], at 609-42 (1996) ("The amended Rule 609(a)(1) was intended to resolve the problems of fairness by treating criminal defendants differently from other witnesses.

The Advisory Committee was aware of the 'unique risk of prejudice' faced by criminal defendants who want to testify on their own behalf: that prior conviction evidence will be 'misused by a jury as propensity evidence.'") (quoting 1990 Advisory Committee Note). Specifically, in cases where the witness is not a criminal defendant, it is presumed that the prior conviction is admissible and therefore the party seeking exclusion has the burden of showing that the probative value of the prior conviction "is substantially outweighed by the danger of unfair prejudice" under Rule 403. Such a standard, however, does not apply to the prior convictions of testifying criminal defendants. Rather, there is a presumption against the admission of a criminal defendant's prior conviction and "[t]he Government bears the burden of showing . . . that the proffered evidence's probative value substantially outweighs its prejudicial effect." United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.), cert. denied 516 U.S. 878 (1995) (emphasis added).

Whether the Government has successfully rebutted the presumption against admissibility depends on the balancing of five factors outlined by the Ninth Circuit in United States v. Cook, 608 F.2d 1175 (9th Cir. 1979) (en banc), overruled on other grounds in Luce v. United States, 469 U.S. 38 (1984).  These factors are: (1) the impeachment value of the prior conviction; (2) the temporal relationship between the conviction and the subsequent history of the defendant; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.  Cook, 608 F.2d at 1185 n.8 (citing Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied 390 U.S. 1029 (1968)).

After evaluating these five factors, it is clear that the Government cannot show that the probative value of Mr. DUARTE's prior convictions substantially outweighs its prejudicial effect so as to rebut the presumption against admissibility.

With respect to the first factor (the impeachment value of the prior conviction), Chief Justice Berger explained: "A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not . . . ."  Gordon, 383 F.2d at 940.9  Because Mr. DUARTE's prior felonies are not violent crimes, it would appear that its impeachment value is minimal. None of his prior convictions involve fraud.

The second factor (the remoteness of the prior conviction and the subsequent history of the defendant) also weighs in favor of exclusion.  The third factor (the similarity between the prior conviction and the instant offense) weighs against admission as to the firearm conviction, which is similar on a generic, categorical level.   The fourth factor (the importance of the defendant's testimony) strongly weighs in favor of exclusion.  The firearm case is over five years old, and the notice required under Fed. R. Evid. 609(b) has not been given.  Chief Justice Berger explained the fourth factor as follows:

One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions.

Even though a judge might find that the prior convictions and the risk of prejudice to the defendant does not warrant their exclusion, he may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment.

Gordon, 383 F.2d at 940-41. In other words, when the defendant's testimony is critical, he should not be forced to decline testifying because he fears that prior convictions will be admitted. Thus, the question becomes whether Mr. DUARTE's testimony is critical in this case. Clearly, it is. "The need for defendant's version of the events, 'unembarrassed by mention of his previous difficulties with the law,' is particularly great 'where inferences founded upon unexplained acts are likely to be heavily operative.'" 3 Weinstein & Berger, § 609[03], at 609-40.

Finally, with respect to the fifth factor (the centrality of the credibility issue), it is conceded that if Mr. DUARTE testifies, his credibility will be a central issue. After all, whenever a defendant testifies, his credibility is at issue. However, the fifth factor is generally concerned with cases where "there is a clear-cut conflict between the testimony of prosecution and defense witnesses so that someone has to be lying." Id. Put simply, the fifth factor is concerned with those cases where the issue will be "narrowed to the credibility of two persons -- the accused and his accuser," and this is not one of those cases. Gordon, 383 F.2d at 941. Here, the main issue will be whether the allegations are accurate.

In sum, when considering the balance of the five factors, it becomes clear that the Government cannot meet its burden of showing that the probative value of Mr. DUARTE's prior convictions substantially outweighs their prejudicial effect. It should also be noted that Mr. DUARTE does not intend to offer any character evidence, and does not intend "to misrepresent his character or to testify falsely as to his prior criminal record." United States v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985) (holding that district court abused its discretion in admitting prior conviction). As a result, his prior convictions should be excluded.

Dated: 7/23/2021

Respectfully submitted,

*Oliver P. Cleary*
Attorney for Defendant,
Steven Duarte

1 | IT IS CERTIFIED THAT:

2 | I served the following documents via the cm/ecf electronic filing system to which the following parties subscribe and were served via the cm/ecf electronic filing system:

Juan Rodriguez, AUSA, Juan.Rodriguez@usdoj.gov,

Kyle Kahan, AUSA, Kyle.Kahan@usdoj.gov

DATE: 7/23/2021

Respectfully submitted,
/s/ *Oliver P. Cleary*
Oliver P. Cleary
Attorney for Defendant,
STEVEN DUARTE