TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/0304
    Facsimile: (213) 894-0141
    E-mail:   kyle.kahan@usdoj.gov
             juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>STEVEN DUARTE,<br><br>        Defendant. | No. CR 20-387-FMO<br><br>GOVERNMENT'S *EX PARTE* APPLICATION TO CONTINUE THE TRIAL DATE TO AUGUST 31, 2021 OR, IN THE ALTERNATIVE, TRANSFER THE CASE FOR TRIAL; DECLARATION OF JUAN M. RODRIGUEZ<br><br>Trial Date:  August 24, 2021<br>Trial Time:  9:00 a.m.<br>Location:    Courtroom of the<br>               Hon. Fernando M.<br>               Olguin |

    The United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan and Juan M. Rodriguez, respectfully seeks entry of an order continuing the trial date from August 24, 2021 to August 31, 2021 at 9:00 a.m. or, in the alternative, transferring the case to another district judge for trial.

//

On July 26, 2021, the government contacted defense counsel Oliver P. Clearly to advise him of the government's ex parte application and obtain his position on the requests. Defendant objects to both continuing the trial date and to transferring the case for trial.

**BACKGROUND**

1. The Indictment in this case was filed on September 1, 2020. (Dkt. 1.) Defendant is charged with one count of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition. The government also provided notice in the indictment of its intent to seek forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

2. The government estimates that its case-in-chief in this matter will last two days.

3. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 13, 2020. (Dkt. 9.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial begin on or before January 5, 2021.

4. On December 2, 2020, the government filed an unopposed ex parte application to continue the jury trial from January 5, 2021 to June 1, 2021 and for the Court make findings pursuant to the Speedy Trial Act of excludable time. (Dkt. 20.) The Court ordered the jury trial continued to June 1, 2021 and made findings regarding excludable time periods pursuant to the Speedy Trial Act. (Dkt. 21.)

5. On April 26, 2021, the government filed a second ex parte application to continue the jury trial from June 1, 2021 to July 27, 2021. (Dkt. 27.) Defendant opposed the ex parte application. (Id.) The Court ordered the jury trial continued to July 27, 2021

and made findings regarding excludable time periods pursuant to the Speedy Trial Act.  (Dkt. 30.)

6.   On June 3, 2021, the government filed a third ex parte application to continue the jury trial from July 27, 2021 to August 24, 2021, August 31, 2021, or September 7, 2021.  (Dkt. 33.)  Defendant filed an objection to a continuance.  (Dkt. 34.)  The Court ordered the jury trial continued to August 24, 2021 and made findings regarding excludable time periods pursuant to the Speedy Trial Act.  (Dkt. 35.)

7.   Pursuant to the Speedy Trial Act, the last day for jury trial to commence is September 10, 2021.

8.   On July 19, 2021, the Court's Courtroom Deputy requested the AUSAs involved in United States v. Diaz, 19-CR-784-FMO, United States v. Anthony, 18-CR-146(A)-FMO, and this matter confer to determine a priority list as all matters were scheduled for jury trial on August 24, 2021.  Since then, the Court has advanced the Anthony jury trial to August 17, 2021.  The Diaz trial is still set to go forward on the original date of August 24, 2021; that case has a "T-Max" date of September 8, 2021.

9.   On July 26, 2021, the government met and conferred by telephone with defense counsel regarding the trial date in this case.  (Declaration of Juan M. Rodriguez, at ¶ 3.)  The government also asked defense counsel if he would object to moving the trial to August 31, 2021 with no findings pursuant to the Speedy Trial Act.  Defense counsel declined to stipulate to a continuance either with or without Speedy Trial Act findings and maintained his desire to have the trial proceed on August 24, 2021.

10. The government also asked defense counsel on July 26, 2021 if he would object to a transfer of the case to a different judge as an alternative to the continuance request. Defense counsel declined to stipulate to a transfer to a new judge.

11. By this application, the government seeks entry of an order continuing the trial date to August 31, 2021, or, in the alternative, transferring the case to another district judge to hold trial as soon as defendant and defense counsel are willing and able to proceed. If the latter, the trial should begin no later than September 10, 2021, the deadline under the Speedy Trial Act and the Court's previous excludable time findings.

## DISCUSSION

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Defendant's current trial date is August 24, 2021 and, after accounting for previous excludable period of time findings by this Court, the Speedy Trial Act requires defendant's trial to begin by September 10, 2021.

Defendant has declined to stipulate to continue the trial date beyond August 24, 2021 and has previously objected to continuing the trial date twice. The government moved *ex parte* to postpone the trial date two times over his objection and one time unopposed. Because jury trials have now resumed (C.D. Cal. General Order No. 21-08 (June 11, 2021)), the government does not anticipate requesting any further trial continuances at this time outside of this limited continuance to accommodate the Court's current trial

4

schedule. Additionally, the government believes that if the Court is not available to move the trial date to August 31, 2021, the Court should, in the alternative, transfer the case to another district judge who would hold trial as soon as defendant and defense counsel are willing and able to proceed to trial to protect defendant's Speedy Trial rights.

## CONCLUSION

In summary, the government has no objection to continuing the trial date, but defendant does and is asserting his right to begin trial within the time frame authorized by the Speedy Trial Act and this Court's previous excludable time findings. To protect defendant's right to a speedy trial, the government respectfully requests that the Court either (1) move the trial to a date the Court, defendant, and defense counsel are able to proceed, specifically August 31, 2021; or (2) transfer the case to another district judge who can hold trial before September 10, 2021.

Dated: July 27, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
_____
KYLE W. KAHAN
JUAN M. RODRIGUEZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5