TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/0304
    Facsimile: (213) 894-0141
    E-mail:    kyle.kahan@usdoj.gov
               juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PRIOR BAD ACTS |
| v. | |
| STEVEN DUARTE, | Hearing Date: August 13, 2021<br>Hearing Time: 2:00 p.m. |
| Defendant. | Location:    Courtroom of the<br>Hon. Fernando M.<br>Olguin |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Kyle W. Kahan and

Juan M. Rodriguez, hereby files its opposition to defendant's motion

in limine to exclude prior bad acts.

//

//

1

2

3

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

4

5    Dated: July 30, 2021                Respectfully submitted,

6                                        TRACY L. WILKISON
                                         Acting United States Attorney
7
                                         SCOTT M. GARRINGER
8                                        Assistant United States Attorney
                                         Chief, Criminal Division
9

10                                       /s/
                                         _____
                                         KYLE W. KAHAN
11                                       JUAN M. RODRIGUEZ
                                         Assistant United States Attorneys
12
                                         Attorneys for Plaintiff
13                                       UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    INTRODUCTION**

3    STEVEN DUARTE ("defendant"), who accumulated five felony

4    convictions between 2013 to 2019, was arrested on March 20, 2020 for

5    felon in possession of a firearm and ammunition.  The government has

6    timely provided defendant with notice of its intent to use

7    defendant's active post-release community supervision ("PRCS") status

8    as evidence of his motive in the instant case and his plan,

9    knowledge, absence of mistake, and lack of accident related to the

10   fact that, as a felon, he was prohibited form possessing a firearm

11   and ammunition.  Fed. R. Evid. 404(b); (Exhibit A, July 16, 2021

12   Notice.)  The government also provided notice of its intent to use

13   four of defendant's prior felony convictions to impeach his

14   credibility in the event he testifies.  Fed. R. Evid. 608(b),

15   609(a)(1)(B); (Exhibit A; Exhibit B, July 20, 2021 Supplemental

16   Notice).  Defendant now moves to exclude defendant's prior conviction

17   for Felon in Possession of a Firearm as evidence under Federal Rules

18   of Evidence 404(b), and 609(a)(1)(B).  (Dkt. 62 ("Motion").)

19   As a preliminary matter, defendant has thus far declined to

20   stipulate to his prior convictions, and his knowledge thereof, both

21   of which are elements of the charged offense that the government must

22   prove at trial.  Thus, to the extent no stipulation is forthcoming,

23   the government will seek to admit certain of defendant's prior

24   convictions pursuant to its obligation to prove up those elements.

25   Separately, and should defendant stipulate on those elements,

26   the first part of defendant's motion is moot, as the government does

27   not intend to use defendant's prior felony conviction for Felon in

28   Possession of a Firearm as Rule 404(b) evidence.  However, to offer

1

the jury with a full, comprehensive view of defendant's criminal history and ensure that the jury is provided with a fair opportunity to truly evaluate the defendant's credibility, defendant's prior felony conviction for Felon in Possession of a Firearm, along with his convictions for Evading a Peace Officer and Possession of a Controlled Substance for Sale, should be admitted for impeachment purposes.  Accordingly, defendant's motion should thus be denied.[1]

## II.   STATEMENT OF FACTS

Defendant has been convicted of five felonies between 2013 to 2019:

1) A felony conviction for California Penal Code section 594(a) – Vandalism – on or about February 6, 2013;

2) A felony conviction for California Penal Code section 29800(a)(1) – Felon in Possession of a Firearm – on or about September 8, 2016;

3) A felony conviction for California Vehicle Code section 2800.2 – Evading a Peace Officer – on or about September 8, 2016;

4) A felony conviction for California Health & Safety Code section 11351.5 – Possession of a Controlled Substance for Sale – on or about September 8, 2016; and

5) A felony conviction for California Vehicle Code section 2800.2 – Evading a Peace Officer – on or about February 5, 2019.

On July 16, 2021, the government timely noticed defendant of its intent to use defendant's 2016 felony convictions for Evading a Peace Officer and Possession of a Controlled Substance for Sale, and his

---

[1] Defendant also makes a request for immediate production of discovery.  The government will continue to comply with its discovery obligations under the law, including Brady v. Maryland, 373 U.S. 83 (1963).

2019 felony conviction for Evading a Peace Officer, as impeachment evidence against defendant in the event he testifies.[2]  On July 20, 2021, the government supplemented its July 16, 2021 notice to add defendant's 2016 felony conviction for Felon in Possession of a Firearm as potential impeachment evidence against defendant. (Exhibit B.)

**III. ARGUMENT**

> **A.    The Government Does Not Intend to Use Defendant's Prior Conviction for California Penal Code Section 29800(a)(1) Under Federal Rule of Evidence 404(b).**

The government does not intend to use defendant's prior felony conviction under California Penal Code section 29800(a)(1) as evidence under Rule 404(b).  As explained below, the government only intends to use this evidence for impeachment purposes under Rule 609(a)(1)(B).  As discussed in the government's motion in limine #1, the only evidence the government seeks to admit pursuant to Rule 404(b) is the fact of defendant's active post-release community supervision status on March 20, 2020.  (See Dkt. 51.)

> **B.    The Government Timely Notified Defendant of Its Intent to Use Defendant's Prior Convictions as Impeachment Evidence; The Prior Convictions Are Admissible And Are Substantially Probative of Defendant's Credibility.**

At the outset, defendant claims that the government did not provide notice of its intent to use defendant's prior conviction for Felon in Possession of a Firearm as impeachment evidence.  This is not true.  The government provided notice to defendant in its July

---

[2] The government also provided notice of its intent to use defendant's active post-release community supervision status as evidence under Rule 404(b), and his 2013 felony conviction for Vandalism and 2016 felony conviction for Felon in Possession of a Firearm as impeachment by contradiction evidence under Rule 607. (Exhibit A.)

20, 2021 supplemental notice.  (See Exhibit A; Exhibit B.)  Defendant has not objected to the timeliness of the government's notices, despite the government requesting immediate contact in the event defendant believed the notices were insufficient.

Further, defendant seeks to convince this Court to prevent the government from impeaching him with his prior convictions, should he testify.  (Motion, at 5.)  Defendant has been convicted of a felony five times.  The government, as requested in the government's motion in limine #1, seeks to impeach defendant, should he testify, with four of these prior convictions: (1) defendant's September 8, 2016 felony conviction for Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code Section 11351.5; (2) defendant's September 8, 2016 felony conviction for Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1); (3) defendant's September 8, 2016 felony conviction for Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2 (collectively, the "2016 Convictions"); and (4) defendant's February 5, 2019, second conviction for Evading a Peace Officer, in violation of California Vehicle Code section 2800.2 (the "2019 Conviction").  (Dkt. 52.)  As explained below, the 2016 Convictions and the 2019 Conviction should be admitted to impeach defendant's "character for truthfulness," and the probative value of the evidence as to defendant's veracity outweighs any prejudicial effect.

        1.   Applicable Law for Impeachment Evidence

For purposes of attacking the credibility of a defendant-witness in a criminal case, Federal Rule of Evidence 609(a)(1)(B) requires the admission of a criminal conviction if: (1) the crime was

4

punishable by death or by imprisonment for more than one year;
(2) ten years or fewer have passed since the defendant's conviction
or release from confinement, whichever is later; and (3) "the
probative value of the evidence outweighs its prejudicial effect to
that defendant."  Fed. R. Evid. 609(a)(1)(B) This is so because, as
the Ninth Circuit has explained, a defendant "with a substantial
criminal history" should not be allowed to "misrepresent himself to
the jury, with the government forced to sit silently by, looking at a
criminal record which, if made known, would give the jury a more
comprehensive view of the trustworthiness as a witness."  United
States v. Cook, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc),
overruled on other grounds, Luce v. United States, 469 U.S. 38, 40
n.3, 43 (1984).

In balancing probative value against prejudicial effect in the
context of Rule 609, the Court should consider the following factors
as outlined in Cook: (1) the impeachment value of the prior crime;
(2) the point in time of the conviction and the witness' subsequent
history; (3) the similarity between the past crime and the charged
crime; (4) the importance of the defendant's testimony; and (5) the
centrality of the credibility issue.  United States v. Jimenez, 214
F.3d 1095, 1098 (9th Cir. 2000) (citing Cook, 608 F.2d at 1185 n.8).
The Court should balance all five factors.  See United States v.
Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial
of reh'g (Apr. 11, 1995).

2.    <u>Defendant's Prior Felony Convictions More Than Satisfy
the *Cook* Factors and Would Provide the Jury With
Appropriate Evidence to Judge Defendant's Credibility</u>

Contrary to defendant's assertions, all four of defendant's prior felony convictions meet the abovementioned criteria and should be admitted under Rule 609(a)(1)(B).

First, all four convictions are punishable by a term of imprisonment exceeding one year.  <u>See</u> Cal. Veh. Code § 2800.2(a) (punishable by imprisonment in state prison for up to three years if convicted of a felony); Cal. Health & Safety Code § 11351.5 (punishable by up to four years in state prison); Cal. Penal Code § 29800(a)(1) (punishable by up to three years in state prison). Indeed, defendant was sentenced to 24 months' imprisonment on each conviction.

Second, less than ten years have passed since defendant's convictions or release from confinement.  Defendant pleaded nolo contendere and was found guilty in the 2016 Convictions on September 8, 2016 and in the 2019 Conviction on February 5, 2019.

Third, the probative value of defendant's 2016 Convictions and 2019 Conviction outweigh any prejudice.  Fed. R. Evid. 403. Regarding the first <u>Cook</u> factor, defendant asserts that because defendant's "prior felonies are not violent crimes, it would appear that its impeachment value is minimal.  None of his prior convictions involve fraud."  (Motion, at 7.)  Although none of defendant's prior convictions are violent or involve fraud, the convictions still have significant impeachment value.  As to the impeachment value of defendant's 2016 conviction for Possession of a Controlled Substance for Sale, the Ninth Circuit has held that drug convictions are "probative of veracity."  <u>Alexander</u>, 48 F.3d at 1488 (quotation marks

omitted); see also United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997) (prior conviction of possession with intent to distribute cocaine was admissible under Rule 609) overruled on other grounds, United States v. Valencia-Lopez, 971 F.3d 891, 901 (9th Cir. 2020). Therefore, defendant's drug conviction has significant impeachment value and weighs in favor of admission.

Similarly, defendant's 2016 and 2019 Convictions for Evading a Peace Officer, as well as the 2016 conviction for Felon in Possession of a Firearm, have significant impeachment value because they cast doubt on defendant's trustworthiness and respect for the law. Part of the possible value of impeaching defendant will depend on what he will testify to, but regardless, he will, of course, want the jury to believe his testimony. Defendant's prior felony convictions will allow the government to show that defendant does not respect the law and, therefore, may hold little regard for the oath to tell the truth while testifying.

The second Cook factor, the point of time of the convictions and defendant's history, also weighs in favor of admission, not exclusion as defendant conclusory states without any factual or legal support. (Motion, at 7.) The 2016 Convictions occurred merely four years, and the 2019 Conviction occurred only one year, before the charged offense. Therefore, all the convictions are well within the ten-year window under Rule 609(a).

The third Cook factor, the similarity between the past crime and the charged crime, weighs in favor of admission, not exclusion. Notably, defendant only focuses on the Felon in Possession of a Firearm conviction. (Motion, at 7.) Although it is conviction for the same offense charged in the pending case, that is not a per se

bar to its admissibility under Rule 609.  The Ninth Circuit has held that an identical prior conviction to the one charged is permissible impeachment where a defendant's testimony and credibility is central to the defense in order to allow the government to provide the jury "with information which undercuts the defendant's trustworthiness as a witness." United States v. Browne, 829 F.2d 760, 763 (9th Cir. 1987) (permitting the government to introduce defendant's prior robbery conviction under Rule 609 despite the fact that the pending charge was also for robbery).  Also, because the other convictions (Possession of a Controlled Substance for Sale and Evading a Peace Officer) are significantly distinct crimes from the charged offense, there is little risk that the jury will believe that "because he did it before, he must have done it again."  See United States v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985).

As to the fourth and fifth Cook factors, the importance of defendant's testimony and the centrality of the credibility issue, weigh strongly in favor of admissibility.  The government asserts that the most disputed issue at trial will be whether defendant knowingly possessed the firearm and ammunition, an assertion that defendant does not dispute. (Motion, at 7-8.)  Accordingly, if defendant testifies, the jury will be asked to determine the defendant's credibility in weighing his trial testimony.  Defendant's credibility regarding knowledge would thus be a central factor in the jury's determination of guilt.  See Alexander, 48 F.3d at 1489 (9th Cir. 1995) (by testifying, defendant "place[d] his credibility directly at issue").  To evaluate the credibility of defendant's testimony, the jury is entitled to hear evidence bearing on defendant's veracity.  Defendant's 2016 Convictions and 2019

8

Conviction would be appropriate evidence to allow the jury to properly evaluate defendant's credibility.  Lastly, defendant incorrectly states that the government did provide the "notice required under Fed. R. Evid. 609(b)...." The government provided the requisite notice on July 16, 2021 and a supplemental notice on July 20, 2021.

To the extent defendant contends that the admission of his prior convictions pose significant risk that the jury will consider defendant's convictions for an improper propensity purpose, this can be ameliorated by a limiting instruction, which the government has already recommended, and "a jury is presumed to follow [a court's] instructions."  Weeks v. Angelone, 528 U.S. 225, 234 (2000); United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting instructions may reduce or eliminate prejudice which would otherwise occur.")

In sum, because defendant's credibility, if he chooses to testify, is so central to the determination of guilt, the probative value of the evidence of defendant's 2016 Convictions and 2019 Conviction outweigh any prejudicial effect.  Accordingly, defendant's 2016 Convictions and 2019 Convictions should be admitted pursuant to Rule 609.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in limine to exclude prior bad acts.