# **Exhibit A**



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*SAUSA Kyle W. Kahan*  *1100/1200 United States Courthouse*
*AUSA Juan M. Rodriguez*  *312 North Spring Street*
*Phone: (213) 894-2400*  *Los Angeles, California 90012*
*E-mail: kyle.kahan@usdoj.gov*
*juan.rodriguez@usdoj.gov*

July 16, 2021

<u>VIA E-MAIL</u>

Oliver P. Cleary
468 N Camden Dr., Ste. 200,
Beverly Hills, CA 90210
olivercleary@gmail.com

      Re:    <u>United States v. Steven Duarte</u>
                CR 20-387-FMO
                Notice re: Fed. R. Evid. 404(b), 607, 608, and 609

Dear Mr. Cleary:

      By this letter, the government hereby discloses a written summary of evidence that the government may use at trial pursuant to Rules 404(b), 607, 608(b), and 609(a)(1)(B), of the Federal Rules of Evidence.

## <u>404(b) Prior Acts Evidence</u>

      The government hereby provides notice and discloses a written summary of the evidence that the government may use at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, on the theory that defendant's active Post-Release Community Supervision ("PRCS") status is admissible to demonstrate his motive in the instant case and his plan, knowledge, absence of mistake, and lack of accident related to the fact that, as a felon, he was prohibited form possessing a firearm and ammunition.[1]

      At the time of the instant offense, defendant was on active PRCS from his conviction in Superior Court of the State of California, County of Los Angeles, case number YA097834.  The government may introduce evidence of this status to prove defendant's motive in the instant case and his plan, knowledge, absence of mistake, and lack of accident related to the fact that as a felon, he was prohibited from possessing a firearm and ammunition.  Specifically, the government would use defendant's active and recent PRCS status to explain why defendant

---

[1] The government does not intend to bring up the felony details underlying the PRCS unless defendant testifies, as discussed in below under "607 Impeachment by Contradiction."

Re: <u>United States v. Steven Duarte</u>
July 16, 2021
Page 2

would be motivated to throw the firearm from the vehicle and hide the loaded magazine. Namely, because defendant was aware of his status as a felon on active PRCS--a status that can only be imposed on those convicted of felonies and could potentially warrant a period of imprisonment if found in violation of the terms and conditions[2]--he wanted to conceal any evidence of possession of the firearm, magazine, and ammunition from law enforcement.

Finally, absent a stipulation on this issue, the government would use defendant's active PRCS status to counter any claim, argument, or testimony by defendant or any other witness that defendant was unaware of his status a felon who was prohibited from possessing any firearm or ammunition given the recency of the imposition of defendant's PRCS and the unlikelihood that after a conviction in 2019, defendant would suddenly forget he was a felony prohibited from possessing a firearm or ammunition in 2020.

### 608(b) and 609(a)(1)(B) Impeachment Evidence

Pursuant to Rules 608(b) and 609(a)(1)(B), the government believes that defendant's September 8, 2016 convictions for violations of California Vehicle Code section 2800.2 and Health & Safety Code section 11351.1, and February 5, 2019 conviction for California Vehicle Code section 2800.2, are admissible to attack defendant's credibility if he chooses to testify, and have a probative value that outweighs any prejudicial effect.  Details on those convictions are listed below:

1. Defendant's conviction on or about September 8, 2016, for felony Evading a Peace Officer, in violation of California Vehicle Code section 2800.2, in the Superior Court of the State of California, County of Los Angeles, case number YA094449.

2. Defendant's conviction on or about September 8, 2016 for Possession for Sale of a Controlled Substance, in violation of California Health & Safety Code section 11351.5, in the Superior Court of the State of California, County of Los Angeles, case number YA093485.

3. Defendant's conviction on or about February 5, 2019, for felony Evading a Peace Officer, in violation of California Vehicle Code section 2800.2, in the Superior Court of the State of California, County of Los Angeles, case number YA097834.

### 607 Impeachment by Contradiction Evidence:

Finally, the government hereby provides notice and discloses a written summary of the evidence that the government may use at trial, in the event defendant testifies, of its intent to admit extrinsic evidence of the three convictions mentioned above, along with his September 8, 2016 conviction for California Penal Code section 29800(a)(1) and February 6, 2013 conviction for California Penal Code section 594(a) pursuant to Rule 607 of the Federal Rules of Evidence, should defendant testify and disclaims any prior misconduct, an affinity to obeying the law, or a

---

[2] These include conditions described in California Penal Code section 3453, including obeying all laws, warrantless searches by peace officers, and not being within the presence of a firearm or ammunition.

Re: <u>United States v. Steven Duarte</u>
July 16, 2021
Page 3

lack of association with firearms or narcotics.  Such evidence would be used to impeach defendant's attempts to portray himself as law-abiding or unfamiliar with firearms and ammunition "by contradiction."  Those additional convictions (aside from the ones listed above) are:

1. Defendant's conviction on or about September 8, 2016, for Felon in Possession of a Firearm, in violation of California Penal Code section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number YA094449.

2. Defendant's conviction on or about February 6, 2013, for felony Vandalism, in violation of California Penal Code section 594(a), in the Superior Court of the State of California, County of Los Angeles, case number YA086028.

Please contact me immediately if you believe that this notice is insufficient.  Please let me know if you have any questions or would like to further discuss any of the matters raised above.

Best,

*Kyle Kahan*

Kyle W. Kahan
Juan M. Rodriguez
Assistant United States Attorneys
General Crimes Section