TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2238/0304
Facsimile: (213) 894-0141
E-mail: kyle.kahan@usdoj.gov
juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN DUARTE,<br><br>Defendant. | No. CR 20-387-FMO<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Hearing Date: August 13, 2021<br>Hearing Time: 2:00 p.m.<br>Location: Courtroom of the Hon. Fernand M. Olguin |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan and Juan M. Rodriguez, hereby files its opposition to defendant's motion to dismiss for preindictment delay. (Dkt. 56.)

//

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 30, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
KYLE W. KAHAN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES....................................4

I. INTRODUCTION.........................................................5

II. FACTUAL BACKGROUND..................................................6

III. ARGUMENT – PRE-INDICTMENT DELAY....................................7

A. Legal Standard.......................................................7

B. Defendant's Assertions of Prejudice Are Entirely Speculative; Any Pre-Indictment Delay was Minimal and Reasonable.........................................................9

C. The Extreme Remedy of Dismissal is Not Warranted Because Defendant Suffered No Prejudice, Any Pre-Indictment Delay Was Minimal, and the Delay Was Investigatory in Nature....................................11

IV. ARGUMENT – POST-INDICTMENT DELAY...................................13

A. Legal Standard......................................................13

B. The Barker Factors Do Not Support Dismissal.........................15

V. CONCLUSION..........................................................18

# TABLE OF AUTHORITIES

## CASES

Barker v. Wingo,
407 U.S. 514 (1972) .................................. 14, 15, 18

Doggett v. United States,
505 U.S. 647 (1992) .............................. 14, 15, 16, 17

United States v. Aguirre,
994 F.2d 1454 (9th Cir. 1993) .................................. 15

United States v. Asiegbu,
2009 WL 413132 (C.D. Cal. Feb. 17, 2009) ...................... 15

United States v. Barken,
412 F.3d 1131 (9th Cir. 2005) ................................... 8

United States v. Beamon,
992 F.2d 1009 (9th Cir. 1993) .............................. 15, 17

United States v. Cederquist,
641 F.2d 1347 (9th Cir. 1981) ................................... 7

United States v. Corona-Verbera,
509 F.3d 1105 (9th Cir. 2007) ...................... 5, 8, 9, 10

United States v. Doe,
149 F.3d 945 (9th Cir. 1998) .................................. 10

United States v. Gregory,
322 F.3d 1157 (9th Cir. 2003) ................................ 7, 8

United States v. Hattrup,
763 F.2d 376 (9th Cir. 1985) .................................. 12

United States v. Huntley,
976 F.2d 1287 (9th Cir. 1992) ............................ 7, 9, 11

United States v. Krug,
666 F. App'x 665 (9th Cir. 2016) ............................. 16

United States v. Loud Hawk,
816 F.2d 1323 (9th Cir. 1987) ............................... 7, 11

United States v. Lovasco,
431 U.S. 783 (1977) ........................................ 7, 8, 12

United States v. Manning,
56 F.3d 1188 (9th Cir. 1995) .................................... 9

United States v. Marion, 404 U.S. 307 (1971) ....................12

United States v. Martinez, 77 F.3d 332 (9th Cir. 1996) ....................7, 8

United States v. Mays, 549 F.2d 670 (9th Cir. 1977) ....................7

United States v. Mendoza, 530 F.3d 758 (9th Cir. 2008) ....................14, 15

United States v. Moran, 759 F.2d 777 (9th Cir. 1985) ....................7, 8, 11

United States v. Myers, 930 F.3d 1113 (9th Cir. 2019) ....................13, 14

United States v. Sandoval, 990 F.2d 481 (9th Cir. 1993) ....................13

United States v. Sears, Roebuck & Co., 877 F.2d 734 (9th Cir. 1989) ....................12

United States v. Sherlock, 962 F.2d 1349 (9th Cir. 1989) ....................11

United States v. Simmons, 536 F.2d 827 (9th Cir. 1976) ....................12

United States v. Talbot, 51 F.3d 183 (9th Cir. 1995) ....................12

United States v. Tornabene, 687 F.2d 312 (9th Cir. 1982) ....................11

United States v. Walker, 601 F.2d 1051 (9th Cir. 1979) ....................7

**STATUTES**

18 U.S.C. 3282 ....................9

18 U.S.C. 922(g) ....................9

**OTHER AUTHORITIES**

C.D. Cal. General Order No. 20-02 (Mar. 13, 2020) ....................16

California Executive Order N-33-20 (Mar. 19, 2020) ....................17

California Regional Stay at Home Order (Dec. 3, 2020) ....................17

Chief Judge Order 20-042 ....................16

General Order 20-09....................................................16

Safer at Home, Public Order Under City of Los Angeles Emergency Authority (Mar. 19, 2020)....................................17

**RULES**

Fed. R. Crim. P. 48(b).............................................11

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Due-process dismissal for pre-indictment delay is warranted only in exceptionally rare instances when the defendant proves that, even though he was indicted within the statute of limitations, the period of pre-indictment delay caused him "actual, non-speculative prejudice" and "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." United States v. Corona-Verbera, 509 F.3d 1105, 1112 (9th Cir. 2007) (internal quotation marks omitted). STEVEN DUARTE ("defendant") has proved neither, and his motion should be denied.

On March 20, 2020, defendant, a five-time convicted felon, was arrested for felon in possession of a firearm and ammunition. The government's investigation continued for the next several months; during that time, law enforcement sought and obtained DNA evidence showing that defendant's DNA was on the firearm and magazine. On September 1, 2020, a grand jury indicted defendant for a violation of 18 U.S.C. 922(g): Felon in Possession of a Firearm and Ammunition. (Dkt. 1.) Defendant first appeared in Court on November 13, 2020 for a post-indictment arraignment. (Dkt. 9.) On July 23, 2021, defendant filed a motion to dismiss based on pre-indictment delay, arguing that the delay adversely affected his ability to defend himself while the government "strengthened their own case. (Dkt. 56, at 2 ("Motion").) Defendant contends, without further specification, that the delay could have caused the loss of alibi witnesses, the destruction of material evidence, and the blurring of memories, all while the government built its case. (Motion, at 3.)

Defendant's motion should be denied. The purported pre-indictment delay defendant ascribes to the government was less than

six months—well within the five-year statute of limitation ascribed to the charge. Defendant has also failed to assert any specific, actual prejudice he has suffered from the pre-indictment delay. Likewise, defendant has failed to assert any specific, actual prejudice he has suffered from any post-indictment delay; nor can he. Trial is set for August 24, 2021--approximately 1.5 years after the offense conduct, and with much of that time due to COVID-19's impact on trials. Accordingly, defendant cannot meet the standards for dismissal, and the delay was not done to obtain a tactical advantage over defendant. The Court should deny defendant's motion.

## II. FACTUAL BACKGROUND

On March 20, 2020, Inglewood Police Department officers arrested defendant, a five-time felon, after observing him discard a firearm frame and receiver from a moving vehicle and in possession of a loaded magazine. On September 1, 2020, a grand jury indicted defendant on one count of 18 U.S.C. 922(g): Felon in Possession of a Firearm and Ammunition. (Dkt. 1.) On October 21, 2020, the Inglewood Police Department obtained a search warrant for defendant's cell phone and cell tower location records in an attempt to find and arrest him. On November 13, 2020, defendant was apprehended, placed into federal custody, and made his initial appearance. (Dkt. 9.) A jury trial date was set for January 5, 2021. (Dkt. 9.)

On December 2, 2020, the government filed an ex parte application to continue the jury trial to June 1, 2021.[1] (Dkt. 20.) The Court granted the government's request and continued the jury

[1] Defense counsel did not oppose the ex parte filing but was unable to consult defendant to obtain his position on the continuance itself.

trial. (Dkt. 21.) On April 26, 2021, the government filed an opposed ex parte application to continue the jury trial to July 27, 2021. (Dkt. 27.) The Court granted the government's request and continued the jury trial. (Dkt. 30.) On June 3, 2021, the government filed a final ex parte application to continue the jury trial to August 24, August 31, or September 7, 2021. (Dkt. 33.) Defendant filed an objection the same day. (Dkt. 34.) The Court granted the government's request and continued the jury trial to August 24, 2021. (Dkt. 35.)

## III. ARGUMENT – PRE-INDICTMENT DELAY

### A. Legal Standard

Because the legal standard for dismissing an indictment for pre-indictment delay is extremely high, the Ninth Circuit regularly reverses district courts for dismissing on these grounds. See, e.g., United States v. Gregory, 322 F.3d 1157, 1166 (9th Cir. 2003); United States v. Martinez, 77 F.3d 332, 337 (9th Cir. 1996) ("[W]e have found only two [out-of-circuit] cases since 1975 in which any circuit has upheld a due-process claim [for pre-indictment delay.]") ; United States v. Huntley, 976 F.2d 1287, 1293 (9th Cir. 1992); United States v. Loud Hawk, 816 F.2d 1323, 1325 (9th Cir. 1987); United States v. Moran, 759 F.2d 777, 786 (9th Cir. 1985); United States v. Cederquist, 641 F.2d 1347, 1354 (9th Cir. 1981); United States v. Walker, 601 F.2d 1051, 1059 (9th Cir. 1979); United States v. Mays, 549 F.2d 670, 680 (9th Cir. 1977).

Indeed, "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the primary guarantee against bringing overly stale criminal charges." United States v. Lovasco, 431 U.S. 783, 789 (1977) (internal

quotation marks omitted); see also Corona-Verbera, 509 F.3d at 1112 ("Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations."); Moran, 759 F.2d at 782 ("[P]rimary protection is afforded to defendants by the applicable statute of limitations."). Other restrictions on pre-indictment delay are therefore circumscribed and afford defendants relief only in rare circumstances. Lovasco, 431 U.S. at 789; see also United States v. Barken, 412 F.3d 1131, 1134 (9th Cir. 2005) ("An indictment is rarely dismissed because delay by the prosecution rises to the level of a Fifth Amendment due process violation.").

To succeed on a claim of pre-indictment delay under the due process clause, a defendant "must satisfy both prongs of a two-part test." Corona-Verbera, 509 F.3d at 1112. "First, he must prove actual, non-speculative prejudice from the delay." Id. (internal quotation marks omitted). "Second, . . . [he] must show that the delay offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." Id. (internal quotation marks omitted). At prong two, "the length of the delay is weighed against the reasons for the delay." Id. Accordingly, if the defendant does not prove prejudice at prong one, a court "cannot balance the reasons for delay against prejudice" at prong two, Martinez, 77 F.3d at 335, and "need not examine the reasons for the delay," Barken, 412 F.3d at 1136, or "consider whether the delay offends fundamental conceptions of justice," Gregory, 322 F.3d at 1165.

A defendant's burden in establishing prejudice is heavy and rarely met. Corona-Verbera, 509 F.3d at 1112. A defendant cannot rely on "[g]eneralized assertions of the loss of memory, witnesses,

or evidence" to meet his burden. United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995). Rather, a defendant must show that any lost testimony, witnesses, or evidence "meaningfully has impaired his ability to defendant himself." Huntley, 976 F.2d at 1290. This must be proven via "definite and non-speculative evidence" on how the loss of testimony, witnesses, or evidence is prejudicial. Id.

**B. Defendant's Assertions of Prejudice Are Entirely Speculative; Any Pre-Indictment Delay was Minimal and Reasonable.**

Defendant's motion falls far short of proving any Due Process claim, let alone a claim that would justify dismissal of the indictment here.

First, it undisputed that the indictment was filed well within the statute of limitations. See 18 U.S.C. 3282 ("Except as otherwise expressly provided by law, no person shall be prosecuted . . . for any offense, not capital, unless the indictment is found . . . within five years next after such offense have been committed."); 18 U.S.C. 922(g). Defendant committed and was arrested for the charged offense on March 20, 2020. The indictment was filed on September 1, 2020--a delay of less than six months. (Dkt. 1.) Thus, the government brought charges well within the statute of limitations.

Second, nowhere in his five-page motion does defendant actually assert any "actual, non-speculative prejudice" arising from the purported delay. Corona-Verbera, 509 F.3d at 1112. Indeed, despite contending that "these delays often result in the loss of alibi witnesses, the destruction of material evidence, and the blurring of memories," defendant fails to specifically allege what, if any, prejudice, he is actually claiming in his own case. Further, defendant's generalized assertions are not supported by either

affidavits or non-speculative proof on how he has suffered this purported prejudice. See Corona-Verbera, 509 F.3d at 1113 (rejecting defendant's motion to dismiss for pre-indictment delay after offering no affidavits or non-speculative proof "as to how he was prejudiced by the loss of his witnesses").

Despite generically asserting loss of alibi witnesses, destruction of material evidence, and blurring of memories, defendant fails to provide any affidavits or evidence in support.[2] Simply put, defendant's assertions are mere boilerplate and have no credible evidence in support. Defendant has not named a single witness whose memory has been blurred or whose presence has been impacted by the six-month delay between arrest and indictment. Indeed, defendant cannot credibly make this argument because the indictment was filed well within the statute of limitations. See, e.g., United States v. Doe, 149 F.3d 945, 948 (9th Cir. 1998) ("[The 9th Circuit] normally considers lost testimony to have been adequately protected when the government brings charges within the applicable statutes of limitation.") Defendant has also failed to assert what material evidence has been destroyed; indeed, defendant cannot legitimately make this argument because no material evidence in this matter has been destroyed. Defendant's speculative, generic claims thus cannot establish any "actual, substantial prejudice." Corona-Verbera, 509 F.3d at 1113.

Finally, even if defendant could establish prejudice—which he cannot—the delay certainly does not offend the "fundamental conceptions of justice which lie at the base of our civil and

[2] As of time of this filing, defendant has also not provided any notice of an alibi defense despite the government's request.

political institutions." United States v. Sherlock, 962 F.2d 1349, 1353-54 (9th Cir. 1989). To do so, the defendant must show that the "delay was caused by culpable actions of the government." Loud Hawk, 816 F.2d at 1325; see also United States v. Tornabene, 687 F.2d 312, 317 (9th Cir. 1982). If the government's conduct only amounts to negligent conduct, the delay or prejudice alleged by defendant must be even greater than when the government's conduct is reckless or intentional. Moran, 759 F.2d at 782.

Here, any gap in time between the offense conduct and the resulting indictment is minimal. Defendant was arrested on March 20, 2020 and was indicted on September 1, 2020. A delay of less than six-months is not nearly long enough to offend any fundamental conceptions of justice which lie at the base of our civil and political institutions. Indeed, a pre-indictment delay of this short length, without something more, cannot violate these fundamental conceptions. See Huntley, 976 F.2d at 1291 ("Nor have we found a case where a preindictment delay as short as the 7 1/2 month delay in this case has been found to violate the fundamental conceptions of justice which lie at the base of our civil and political institutions."). Thus, defendant fails to establish that the less than six-month delay between the initial arrest and federal indictment offends the fundamental conceptions of justice which lie at the base of our civil and political institutions and his motion should be denied.

**C. The Extreme Remedy of Dismissal is Not Warranted Because Defendant Suffered No Prejudice, Any Pre-Indictment Delay Was Minimal, and the Delay Was Investigatory in Nature.**

While Federal Rule of Criminal Procedure 48(b) ("Rule 48(b)") allows for the dismissal of a case for pre-indictment delay, such a

remedy "should only be imposed only in extreme circumstances." United States v. Sears, Roebuck & Co., 877 F.2d 734, 737 (9th Cir. 1989). Indeed, this drastic action should be done only "with caution" and after "forewarning" the government of the consequences of the delay. United States v. Simmons, 536 F.2d 827, 836 (9th Cir. 1976). This "caution requirement is satisfied where the reason for the dismissal is 'prosecutorial misconduct and demonstrable prejudice or substantial threat thereof.'" United States v. Talbot, 51 F.3d 183 (9th Cir. 1995) (quoting United States v. Hattrup, 763 F.2d 376, 378 (9th Cir. 1985). As for the pre-indictment delay itself, "proof of prejudice is generally a necessary but not sufficient element of a due process claim." Lovasco, 431 U.S. at 790. Indeed, any due process inquiry into a pre-indictment delay allegation "must consider the reasons for the delay as well as the prejudice to the accused." Id. While an intentional delay to obtain a "tactical advantage" causing substantial prejudice to defendant would require dismissal of the indictment, a decision to prosecute a defendant after a "investigative delay" does not deprive a defendant of due process. Id. at 795; United States v. Marion, 404 U.S. 307, 324-25 (1971).

Here, the government was never provided any forewarning of potential consequences for a delay in this matter. Moreover, defendant, as argued above, has failed to provide a necessary element: proof of actual prejudice from the less than six-month delay. See Lovasco, 431 U.S. at 790. Finally, there has been no intentional delay in this case. The cell tower warrant defendant claims provided the government a "tactical advantage" was issued post-indictment and done solely to locate and arrest defendant. Defendant contends that the warrant served as a tactical advantage

but fails to elaborate how the government benefited from any evidence derived from the warrant; an argument he cannot make because the government did not gain any sort of tactical, non-investigatory advantage from the delay.[3] Accordingly, this case was indicted in due course, and there was no effort to unfairly delay the indictment.

## IV. ARGUMENT – POST-INDICTMENT DELAY

Defendant's brief references to post-indictment delay are similarly meritless.[4]

### A. Legal Standard

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Once the accused demands a speedy trial, the government must "make a 'diligent, good-faith effort' to bring the accused before the court for trial." United States v. Sandoval, 990 F.2d 481, 484 (9th Cir. 1993) (citation omitted).

In determining when the constitutional right to a speedy trial has been violated, "the Supreme Court has rejected any rigid approaches or clearly defined rules." United States v. Myers, 930 F.3d 1113, 1119 (9th Cir. 2019). Instead, a court must conduct a balancing of the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the extent to which the defendant

---

[3] Indeed, the only notable evidence developed during the gap in time was the issuance of the Los Angeles County Sheriff's Department Laboratory report on August 15, 2020 linking defendant's DNA profile to the DNA profiles developed from the recovered firearm. This report is clearly investigatory in nature and there is no indication that the indictment was delayed for any tactical reason related to the state of the evidence.

[4] In an abundance of caution, and although the motion primarily focuses on alleged pre-indictment delay, the government responds to defendant's references to post-indictment delay.

asserted his right; and (4) whether defendant suffered prejudice as a result of the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Mendoza, 530 F.3d 758, 762 (9th Cir. 2008). None of the four Barker factors are either necessary or sufficient, when considered separately, to support a finding that a defendant's speedy trial rights have been violated. Barker, 407 U.S. at 533. Rather, the factors are related to each other and "must be considered together with such other circumstances as may be relevant." Id.

As to the first factor, the length of delay, the defendant "must show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay" in order to proceed to the broader Barker-factor analysis. Myers, 930 F.3d at 1120 (citation omitted). Courts have generally found that delays approaching one year are presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 652 (1992). An initial finding of presumptive prejudice "simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry." Id. at 652 n.1 (citation omitted). Even if the threshold has been met, which is not the case here, the length of delay becomes one factor, along with the other three, that a court must consider when evaluating the claim. Id. at 652.

As to the second factor, the reason for the delay, the Supreme Court has declined to adopt a clear rule for any category of delay; rather, the court must "consider the reasons for the delay in context." Myers, 930 F.3d at 1121. On the one hand, a "deliberate attempt to delay the trial in order to hamper the defendant should be weighed heavily against the Government." Barker, 407 U.S. at 531. On the other hand, a "more neutral reason such as negligence . . .

should be weighted less heavily," but nonetheless should receive consideration because the government ultimately bears the responsibility of delay. Id.

As to the third factor, a defendant's obligation to assert his speedy trial right arises after he knows that he has been indicted. See Mendoza, 530 F.3d at 764; United States v. Asiegbu, 2009 WL 413132, at *5 (C.D. Cal. Feb. 17, 2009). "The Speedy Trial Clause primarily protects those who assert their rights, not those who acquiesce in the delay." United States v. Aguirre, 994 F.2d 1454, 1457 (9th Cir. 1993).

With respect to the fourth and final factor, where the delay is neither entirely attributable to the government nor so lengthy as to relieve the defendant of establishing actual prejudice, the court must "weigh the reasons for and the extent of the delay against the evidence of actual prejudice." United States v. Beamon, 992 F.2d 1009, 1013 (9th Cir. 1993) (citing Doggett, 505 U.S. at 657).

**B. The Barker Factors Do Not Support Dismissal**

The grand jury returned its indictment on September 1, 2020 and defendant was formally arraigned on November 13, 2020. (Dkts. 1, 9.) On November 13, 2020 and November 18, 2020, the Court set a trial date of January 5, 2021, a pretrial conference date of December 18, 2020 at 2:00 p.m., and additional pretrial deadlines and a briefing schedule. (Dkts. 9, 10.) After multiple continuances, defendant's trial was, and currently is, scheduled for August 24, 2021. Accordingly, should the case proceed as scheduled, the post-indictment delay will be less than one year, which does not meet the presumptively prejudicial mark.

As to the first factor, the length of delay, the defendant "must show that the period between indictment and trial passes a threshold point of presumptively prejudicial delay, which courts have is around the one year mark. Doggett, 505 U.S. at 652. Given that the post-indictment delay is barely approaching the one year mark, this factor weighs against dismissal. See Doggett, 505 U.S. at 652, 657-58 (finding no Sixth Amendment violation despite 8 1/2-year delay, with six years attributable to government negligence); United States v. Krug, 666 F. App'x 665, 667-68 (9th Cir. 2016) (finding no Sixth Amendment violation despite 34-month delay, with 20 months attributable to government negligence).

As to the second factor, the reason for the delay, it also weighs against dismissal. The delay was not due to the government's deliberate attempt to delay trial in order to hamper the defendant, but its inability to locate the defendant and the COVID-19 pandemic.

In March 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02 (Mar. 13, 2020). The suspension of jury trials was one of the many health and safety restrictions adopted in response to COVID-19. Further, the Court's orders were based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the virus and slow its spread. See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1. Local conditions necessitated an especially robust response. State and local orders at various times during the pandemic also required residents to stay home, prohibited travel,

closed businesses, and suspended in-person schooling. See, e.g., California Executive Order N-33-20 (Mar. 19, 2020); Safer at Home, Public Order Under City of Los Angeles Emergency Authority (Mar. 19, 2020); California Regional Stay at Home Order Dec. 3, 2020).

The COVID-19 pandemic also hindered the government's inability to locate defendant because Los Angeles County residents, such as defendant, were required to stay at home, decreasing the likelihood of law enforcement encountering and arresting defendant. Indeed, that is partially why on October 21, 2020, the Inglewood Police Department obtained a search warrant for defendant's cell phone and cell tower location records in an attempt to find and arrest him.

As to the third factor, a defendant's obligation to assert his speedy trial right, the factor does lean in defendant's favor. Defendant's trial has been twice continued over his objection. (Dkts. 30, 35.) That said, in both instances the Court made findings regarding excludable time due, in part, to the COVID-19 pandemic. Although the factor does lean in defendant's favor, given the COVID-19 pandemic and the government's literal inability to proceed to trial, the Court should not place much emphasis on this factor.

With respect to the fourth and final factor, where the delay is neither entirely attributable to the government nor so lengthy as to relieve the defendant of establishing actual prejudice, the court must "weigh the reasons for and the extent of the delay against the evidence of actual prejudice." Beamon, 992 F.2d at 1013 (citing Doggett, 505 U.S. at 657). Again, the COVID-19 pandemic severely hindered the government's ability to locate defendant and proceed to trial; the government can hardly be faulted for a worldwide pandemic. Notably, the post-indictment delay has not been lengthy and the

defendant has made no showing of actual prejudice. Thus, this factor weighs against dismissal.

In sum, at best, only one of the Barker weighs in favor of dismissing the indictment for post-indictment delay and accordingly the Court should deny defendant's motion.

**V. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to dismiss in its entirety.