TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
General Crimes Section
     1100/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304/2238
     Facsimile: (213) 894-0141
     E-mail:    juan.rodriguez@usdoj.gov
                kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>STEVEN DUARTE,<br><br>          Defendant. | No. CR 20-387-FMO<br><br>DECLARATION OF JOSE BARRAGAN IN SUPPORT OF GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS DNA EVIDENCE AND REQUEST FOR A FRANKS HEARING<br><br>Hearing Date:  August 13, 2021<br>Hearing Time:  2:00 p.m.<br>Location: Courtroom of the Hon.<br>          Fernando M. Olguin |

DECLARATION OF JOSE BARRAGAN

I, JOSE BARRAGAN, declare as follows:

1.    I am a Detective for the Inglewood Police Department.  I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.  Because I am making this declaration for the limited purpose of addressing issues raised in defendant's motion to suppress, I have not included every fact known to me concerning this matter.

2.    I have been assigned as a Detective to the Inglewood Police Department's Gang Intelligence Unit since 2018.  I have been an officer for the Inglewood Police Department since 2003.  While with the Inglewood Police Department, I served in the Anti-Crime Team and Special Enforcement Team for approximately 12 years.  Before joining the Inglewood Police Department, I was a Probation Correctional Officer for the San Bernardino County Probation Office for approximately five years and a Custody Officer for the San Bernardino City Police Department for approximately one year.

3.    I am familiar with Steven Duarte through multiple contacts throughout my career, including encounters on the street and probation searches.  Through my own knowledge of Duarte and my review of the arrest report, I knew Duarte was on active Post-Release Community Supervision on March 20, 2020.  I am familiar with the terms and conditions of Post-Release Community Supervision and that one of the conditions is being subject to warrantless searches by law enforcement at any place or time.  Because probation officers monitor

those on Post-Release Community Supervision, I refer to those terms as probation conditions.

4.    I interviewed Duarte after his March 20, 2020 arrest on or about March 22, 2020 at the Inglewood Police Department jail.  The interview took place in a small interview room.  I am unable to recall if any other officers were present during the interview.  The interview lasted less than ten minutes.

5.    Upon entering the interview room, I handed Duarte a Miranda admonishment form which Duarte appeared to read.  Duarte then initialed and signed the form.  I then handed Duarte a consent form to obtain his DNA.  Duarte appeared to read the DNA consent form and became upset.  Duarte's tone changed and he pushed away the DNA consent form.  Duarte then began to say that the firearm Inglewood Police Department officers recovered on March 20, 2020 was not his. He continued and said he only knew the driver of the Infiniti for around one month and that all he was doing was drinking in the back seat of the car.

6.    I asked Duarte for his DNA sample and that I needed to swab him for it.  I explained to Duarte the terms and conditions of his probation, including his search condition.  Duarte informed me that he would not provide me with his DNA sample and that the only way he would do so was with a warrant.  I informed Duarte that I would have to write a report and submit it to a judge.  Duarte again refused to provide consent to take his DNA sample.

7.    I have previously requested Duarte provide me with the name of someone who sells narcotics or drugs as part of my job to gather gang intelligence.  I cannot recall if I asked defendant on March 22,

3

2020 or March 24, 2020 for that information due to my multiple conversations with him throughout my career. Due to the nature of this information, I would not have included either my request or defendant's answer, if any, in the Affidavit. However, even if I did request Duarte to provide me with the name of someone who sells narcotics or drugs, I would not have told him that if he provided the requested information I would release him from police custody.

8.   I cannot recall if defendant requested a lawyer during the March 22, 2020 conversation. I always end an interview if someone asks for a lawyer. If he had asked for a lawyer, I would have ended the conversation and I would have included his request in the affidavit.

9.   At no point did I say to Duarte any of the following:

    a.   "You're not going to admit it was your gun,"

    b.   "You're going to let her take the blame.

    c.   "You know I have the power to prosecute you or not."

    d.   "You know that gun was stolen from a police station."

    e.   "I have the power to take the case federal. You better tell me what I want to hear."

    f.   "This case will go federal unless you talk."

    g.   That I would let him go

    h.   That he was not going to speak to a lawyer.

    i.   Ask "Are you trying to assault me?"

10.   At no point did I do any of the following:

    a.   Threaten to shove an oral swab down Duarte's throat.

    b.   Threaten Duarte.

1    11.   At no point did Duarte inform me that he would tell his
2  family about any threats I allegedly made.

3    12.   I wrote a search warrant and affidavit to obtain a buccal
4  swab of Duarte's DNA sample on or about March 22, 2020.  I presented
5  the warrant and affidavit to the Honorable Judge Scott T. Millington
6  of the Superior Court of California - County of Los Angeles for
7  review and approval.  Judge Millington signed the search warrant on
8  March 24, 2020.

9    13.   I went back to the Inglewood Police Department on or about
10  March 24, 2020 with the signed warrant and requested a jailer bring
11  Duarte to the interview room.  I showed Duarte the warrant.  Duarte
12  read the warrant and submitted to a buccal swab for his DNA sample.
13  I was able to successfully buccal swab Duarte.

14    I declare under penalty of perjury under the laws of the United
15  States of America that the foregoing is true and correct and that
16  this declaration is executed at **Inglewood**, California, on **07/29/2021.**

JOSE BARRAGAN

5