TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238/0304
     Facsimile: (213) 894-0141
     E-mail:    kyle.kahan@usdoj.gov
                juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | DECLARATION OF SAUSA KYLE W. KAHAN PURSUANT TO CASE MANAGEMENT ORDER AND ORDER RE: CASE DEADLINES |
| v. | |
| STEVEN DUARTE, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan and Juan M. Rodriguez, hereby files the attached declaration pursuant to the Court's Case Management Order and Order Re: Case Deadlines. (Dkts. 10, 36.)

In making this filing, the government preserves an objection to the order requiring this declaration. Federal Rule of Criminal Procedure 5(f) necessitates only a "[r]eminder" of the prosecution's

disclosure obligation under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and Central District of California General Order 21-02 prescribes the content of that reminder.  The required declaration exceeds the parameters of Rule 5(f) and General Order 21-02.  It also exceeds the mandates of Brady and its progeny by stripping away the Supreme Court's limitations that Brady evidence must be both "favorable" to the accused and "material" to guilt or punishment.  Brady, 373 U.S. at 87; accord United States v. Bagley, 473 U.S. 667, 674 (1985); United States v. Collins, 551 F.3d 914, 923 (9th Cir. 2009).

To be clear, however, the government in no way seeks to narrow or shirk its discovery obligations.  The United States Attorney's Office and all of its prosecutors take their discovery obligations seriously and strive every day to comply not only with Brady, its progeny, and other federal discovery rules but also with internal policies that ordinarily mandate disclosures in excess of what the law requires.  While the government acknowledges the utmost importance of fulfilling its discovery obligations in every case, the attached declaration is not what the law requires.

Dated: July 30, 2021         Respectfully submitted,

                             TRACY L. WILKISON
                             Acting United States Attorney

                             SCOTT M. GARRINGER
                             Assistant United States Attorney
                             Chief, Criminal Division

                             /s/ Kyle W. Kahan
                             KYLE W. KAHAN
                             JUAN M. RODRIGUEZ
                             Assistant United States Attorneys

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

**DECLARATION OF KYLE W. KAHAN**

I, Kyle W. Kahan, declare as follows:

1. I am a Special Assistant United States Attorney in the United States Attorney's Office for the Central District of California, and I am counsel for the government in the above-captioned case.

2. The indictment in this case was filed on September 1, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 13, 2020.

3. Defendant is charged with Felon in Possession of a Firearm and Ammunition pursuant to 18 U.S.C § 922(g). Trial in this case is currently set for August 24, 2021.

4. On November 18, 2020, the Court entered the Case Management Order, setting certain dates and deadlines. (Dkt. 10.) Several of those initial deadlines have since been continued. (Dkts. 22, 36.) As of the most recent Order re: Case Deadlines, the Court ordered that no later than July 30, 2021, lead counsel for the government shall file, under penalty of perjury, "a declaration pursuant to Federal Rule of Criminal Procedure 5(f)" stating (1) whether the government has "produced all evidence that is relevant to defendant's guilt or punishment"; (2) whether the government has produced "all evidence that is favorable to defendant on the issue of guilt or punishment"; (3) "the efforts made by the government to obtain and produce the required Rule 5(f) and Brady information"; and (4) whether there is "any evidence the government has not produced and the legal basis for withholding such evidence." (Dkt. 36, at ¶ 6.)

5. Rule 5(f), as adopted by the Due Process Protections Act, requires the Court to issue an order "that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." Brady and its progeny require disclosure of exculpatory and impeachment evidence "that is favorable to an accused" and "material either to guilt or to punishment." Brady, 373 U.S. at 87.

6. Pursuant to the Court's Order, I hereby state as follows:

   a. Although not required by Brady or Rule 5(f), and subject to the disclosure in the government's in camera submission filed contemporaneously herewith, the government has produced to defendant all evidence currently in its possession that is relevant to defendant's guilt or punishment.

   b. The government has produced to defendant all evidence currently in its possession that is favorable to defendant on the issue of guilt or punishment.

   c. The government made efforts to obtain and produce the materials required by Rule 5(f) and Brady as part of its production of discovery in this case. Upon being assigned the case, I reviewed the case file maintained at the U.S. Attorney's Office for discoverable material, including potential Brady material. I then communicated with Inglewood Police Department Detective and Task Force Officer Jose Barragan to confirm that I had all discoverable materials from his case file in my possession. After reviewing the materials, I made twelve discovery productions to defense counsel between July 14, 2021 and July 28, 2021. Specifically, the government has produced approximately 978 pages of written reports

and photographs, CVs, laboratory notes and protocols, defendant's prior conviction records, a CD with Los Angeles County Sheriff's Department Laboratory DNA evidence, and five audio recordings, among other things.

        d. The only evidence the government has not produced is the curriculum vitae or resume of Celeste Hewson, the Inglewood Police Department forensics employee who collected DNA samples from the recovered firearm and magazine. The government has been unable to produce this document due to Ms. Hewson being on extended leave from the Inglewood Police Department and the inability of the case agent to secure the document. Upon receipt, the government will immediately disclose it to defendant. Even so, the government does not believe that anything contained in this document would be relevant to defendant's guilt or punishment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 30, 2021.

*/s/ Kyle W. Kahan*
KYLE W. KAHAN
Special Assistant United States Attorney