TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
     1100/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238/0304
     Facsimile: (213) 894-0141
     E-mail:    kyle.kahan@usdoj.gov
                juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>                v.<br><br>STEVEN DUARTE,<br><br>           Defendant. | No. CR 20-387-FMO<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS<br><br>Hearing Date: August 13, 2021<br>Hearing Time: 2:00 p.m.<br>Location:     Courtroom of the<br>              Hon. Fernando M.<br>              Olguin |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan and Juan M. Rodriguez, hereby files its response to STEVEN DUARTE's ("defendant") motion to suppress statements.  (Dkt. 59.)

//
//
//
//

This response is based upon the attached memorandum, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 30, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        */s/ Kyle W. Kahan*
                                        KYLE W. KAHAN
                                        JUAN M. RODRIGUEZ
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant is charged with a violation of 18 U.S.C. § 922(g), felon in possession of firearm and ammunition.  After defendant's arrest on the offense conduct (and prior to federal charges) by local authorities, defendant was interviewed by Inglewood Police Department Detective and Task Force Officer Jose Barragan.  Detective Barragan advised defendant of his Miranda rights and spoke to defendant about the incident; defendant also initialed and signed a Miranda rights form.  Defendant did not make any statements indicating he owned or possessed the firearm, magazine, or ammunition.  (See Dkt. 72, Declaration of Jose Barragan.)  Indeed, defendant denied possessing the firearm, though he admitted to sitting in the back seat of the suspect vehicle.

On July 23, 2021, defendant filed a motion to suppress his statements to Detective Barragan in violation of his Miranda and Sixth Amendment rights.  (Dkt. 59.)  In his motion, defendant does not actually assert any Miranda violation (and he cannot, given that it is undisputed that defendant signed an initialed a Miranda form), nor does he attach a declaration, as required, asserting any particular violation of his rights.

Nonetheless, while the government disagrees with defendant's assertion that Detective Barragan violated defendant's Miranda and Sixth Amendment rights, and believes that an evidentiary hearing would demonstrate defendant knowingly, intelligently, and voluntarily waived his rights, the government does not intend to use any of defendant's statements at trial.  Accordingly, defendant's motion is moot as it relates to trial admissibility.  However, to the extent the Court finds it necessary to address the validity of the Miranda

1 waiver and resulting statement, the government respectfully directs
2 the Court to its briefing on defendant's motion to suppress DNA
3 evidence (Dkts. 57, 72), in which it addresses the defendant's
4 arguments in full.