TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0304/2238
    Facsimile: (213) 894-0141
    E-mail:   juan.rodriguez@usdoj.gov
               kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-FMO |
|---|---|
| Plaintiff, | DECLARATION OF TYLER VILLICANA |
| v. | Hearing Date: August 13, 2021<br>Hearing Time: 2:00 p.m. |
| STEVEN DUARTE, | Location: Courtroom of the Hon.<br>          Fernando M. Olguin |
| Defendant. | |

DECLARATION OF TYLER VILLICANA

I, Tyler Villicana, declare as follows:

1. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness. Because I am making this declaration for the limited purpose of addressing issues raised in defendant's motion to suppress, I have not included every fact known to me concerning this matter.

2. I am an Officer with the Inglewood Police department ("IPD") and have been so employed since approximately 2014. I am a member of IPD's Special Weapons and Tactics (SWAT) Team and Special Enforcement Team since August 2019 and November 2019, respectively. I am also a Defense Tactics Instructor regarding use of force; I have been an instructor for approximately five years.

3. On March 20, 2020, my partner Troy Wunderlich ("Officer Wunderlich"), Officer Nicolas Bobbs ("Officer Bobbs"), and I were on duty in the Inglewood area. Officer Wunderlich and I were in the same black unmarked IPD patrol vehicle, which was driven by Officer Wunderlich. Officer Bobbs was in a separate IPD patrol vehicle.

4. At approximately 9:36 p.m., Officers Wunderlich and I were driving west on 109th Street (towards Prairie Avenue) when I observed a red 2007 Infiniti G37 (CA Lic# 8HSB089) turn east on 109th Street (from Prairie Avenue). As the vehicle drove by us, I noticed the front windows were tinted and the tint limited my view into the passenger compartment of the vehicle, in violation of California Vehicle Code 26708(C).

5. Officer Wunderlich turned our patrol vehicle around and trailed the vehicle east on 109th Street towards Doty Avenue. The

1  intersection of 109th Street and Doty Avenue is controlled by a stop
2  sign.  At the intersection of 109th Street and Doty Avenue, the
3  vehicle turned north onto Doty Avenue and failed to stop at the stop
4  sign, in violation of California Vehicle Code 22450(a).  Officer
5  Wunderlich then activated our patrol vehicle's forward facing red
6  lights and siren, illuminated the front floodlights, and activated
7  the spot light to conduct a traffic stop for the above mentioned
8  equipment and traffic violation.
9       6.   Once the lights were illuminated, I observed the right rear
10 window roll down and an arm extend out the window and discard a black
11 firearm.  The firearm hit a vehicle parked on the east curb line of
12 Doty Avenue, just north of 109th Street. I contacted assisting units,
13 including Officer Bobbs, to notify them of the location of the
14 firearm.  During this entire time, I maintained visual of the right
15 rear passenger, through the open rear window, and did not observe the
16 right rear passenger move from the right rear seat.  At this point, I
17 did not know the right rear passenger was Steven Duarte.
18      7.   The vehicle yielded on 108th Street, just east of Doty
19 Avenue.  Officer Wunderlich contacted the driver, who was later
20 identified as Ana Ortiz ("Ortiz"), and I contacted the right rear
21 passenger, Steven Duarte – the defendant.  Attached hereto as Exhibit
22 1 are true and correct copies of photographs of the vehicle taken
23 shortly after the stop was conduct.  Based on my observations of the
24 right rear passenger throwing a firearm out of the window, Ortiz and
25 defendant were detained pending further investigation. There were no
26 other passengers in the vehicle.
27      8.   I recognized defendant from previous contacts and was aware
28 that defendant was previously arrested for firearm related charges

3

and was on Post Release Community Supervision ("PRCS"). I conducted a wants/warrants inquiry on Ortiz and discovered that Ortiz was on active probation. I also conducted a wants/warrants inquiry on defendant and confirmed defendant's active PRCS status. Moreover, I contacted Los Angeles County Probation to confirm defendant's search and seizure conditions.

9. Given that Ortiz was on active probation and defendant was on PRCS, Officer Wunderlich conducted a probation compliance search of the vehicle and located a Smith and Wesson .380 caliber magazine with six .380 caliber bullets loaded within it. Based on my conversations with Officer Wunderlich, the magazine was stuffed between the center console and the passenger front seat, towards the rear of the seat. Based on where the magazine was located, I determined that it was within arm's reach of the rear passenger, which was the defendant.

10. Officer Wunderlich inserted the magazine, which was recovered from inside the vehicle, into the magazine well of the firearm recovered by Officer Bobbs. The magazine fit perfectly and the firearm and magazine were of the same brand and caliber.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 29, 2021.

TYLER VILLICANA

**Exhibit 1**





