1  Oliver P. Cleary
   Attorney at Law
2  [CSB # 168440]
   468 N. Camden Dr., #200
3  Beverly Hills, CA 90210
   Tel. (424) 324-8874
4

5

6                    UNITED STATES DISTRICT COURT
7                    CENTRAL DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,      | Case No.: 20-cr-00387-FMO
            Plaintiff,             |
10                                 | Defendant's Response in Opposition to the
       vs.                         | Government Motion In Limine # 1 to
11                                 | Admit Status on Community Supervision
   STEVEN  DUARTE,                 | as Unduly Prejudicial
12                                 |
            Defendant.             |
13                                 | Date: 8/13/21
14                                 | Time: 2:00 pm
                                   | Court: 6A
15

16
   To: the Clerk of the above-entitled Court; Juan M. Rodriguez and Kyle Kahan, the
17
   assigned Assistant United States Attorneys:
18
        Defendant, Steven Duarte, files this response in opposition to the government's
19
   motion in limine to admit defendant's status on community supervision as unduly
20
   prejudicial under Rule 403 because its probative value is outweighed by the danger of
21
   unfair prejudice.
22
     Date: July 23, 2021                    Respectfully submitted,
23                                          /s/Oliver P. Cleary
24                                          Attorney for Defendant,
                                            Steven Duarte
25

26

27

28

                                            1

I.

## Defendant's Status on Community Supervision is Propensity Evidence by Another Name

The government's seeks admission of defendant's status on supervision to help prove an element of the offense. Although the government suggests the use of defendant's community supervision status is helpful, its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Evid. 403.

"Unfair prejudice" speaks to the capacity of some evidence to lure the fact finder into declaring guilt on an improper basis rather than on proof specific to the offense charged. Old Chief v. United States, 519 U.S. 172, 173 (1997). Such improper grounds certainly include generalizing from a past bad act that a defendant is by propensity the probable perpetrator of the current crime. Id.

In this case, evidence of Mr. Duarte's status on probation may lead the jury to a conviction based upon an improper basis, propensity. This result is exactly what Rule 403 forbids and the evidence of Mr. Duarte's status on PRCS should be excluded.

II.

## Defendant's PRCS status is Not Probative but Does Prejudice Defendant

The government wishes to introduce defendant's PRCS status to "allow the jury to understand the narrative of what Officer Villicana and Wunderlich did," an impermissible purpose. Rule 404(a) specifically disallows evidence of a person's character or a trait of character to prove action in conformity therewith on a particular occasion. Here, it appears that the government is attempting to side-step the prohibition by asserting they need to "explain why officers searched the car". In other words, the prosecution is seeking to introduce defendant's status on PRCS as a means of introducing the character trait that Duarte is someone who breaks the law.

Here, the government has not explained exactly how Duarte's status on PCRS works on the mind of a juror to understand the "narrative". Explaining why officers

searched the car does not exactly relate to a character trait of the defendant other than to resort to propensity evidence, which is specifically disallowed. United States v. Miller, 673 F.3d 688, 699 (7th Cir. 2012)

### III.

### Defendant's PCRS Status is Inadmissible to Prove Motive, Intent, or, Plan

The government plans to introduce defendant's status on PRCS simply to show he is more likely to have possessed a firearm in this case because he is on PCRS. Here, the status of Duarte on PRCS is evidence of other crimes and is not admissible under Rule 404(b) to show action in conformity therewith. What point is the government seeking to prove other than the prohibited propensity purpose of criminal disposition. It should not be admitted into evidence. United States v. Gomez, 763 F.3d 845, 863 (7th Cir. 2014).

In the end, the government offers no theory other than propensity. Id. They offer it will show motive to hide the gun and ammunition, or, plan to secret the gun and ammunition because he was disobeying the law. This evidence is the type of evidence courts exclude because:

> "When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful impact. That, of course, is why the prosecution uses such evidence whenever it can. When prior bad acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, a convicted criminal, and that if he 'did it before, he probably did it again.' That is why the trial court's duty is to apply Rule 404(b) correctly and, before admitting such evidence, to decide carefully whether it will be more substantially prejudicial than probative."

United States v. Bell, 516 F.3d 432, 444-45 (6th Cir. 2008) Here, it is just that.

IV.

**Defendant Requests the Court Issue a Limiting Instruction**

Defendant requests in the event the court decides the evidence of his status on PCRS supervision is admissible, defendant requests a limiting instruction. "A limiting instruction will minimize to some degree the prejudicial nature of other criminal acts; it is not, however, a sure-fire panacea for the prejudice resulting from needless admission of such evidence." Haywood, 280 F.3d at 724; US v. Eckhardt, 466 F.3d 938, 946-47 (11th Cir. 2006), cert. denied, 549 US 1230, 127 S.Ct. 1305, 167 L. Ed. 2d 117 (2007). Although defendant objects to the introduction of the prior bad acts evidence of Duarte PRCS status, nevertheless, should the court decide to allow the government to illicit such evidence, the defendant requests the court give a limiting instruction under Rule 105 to the effect that the jury is not to consider the evidence as going to the character of the defendant but only going to the particular purpose for which it is offered, US v. Tse, 375 F.3d 148, 157 (1st Cir. 2004).

CONCLUSION

Defendant Duarte objects to the admission of his status on community supervision as unduly prejudicial under Rule 403 because its probative value is outweighed by the danger of unfair prejudice.

Date: July 23, 2021  Respectfully submitted,

*/s/Oliver P. Cleary*
Attorney for defendant,
Steven Duarte

IT IS HEREBY CERTIFIED THAT:

I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age. My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210.

I have caused service of <u>Response in Opposition to Government's Motion In Limine #1</u> by e-filing them while the following recipients currently on the list to receive e-mail notices for this case have thus been served electronically at the following email addresses:

Juan.Rodriguez@usdoj.gov,

Kyle.Kahan@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 7/30/2021                              s/Oliver Cleary
                                                    Attorney for Defendant
                                                    STEVEN DUARTE