Oliver P. Cleary
Attorney at Law[CSB#168440]
468 N. Camden Drive, #200
Beverly Hills, CA 90210
T: (424) 324-8874

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: CR20-000387-FMO |
|---|---|
| Plaintiff, | **Defendant's Response in Opposition to Government's Motion In Limine #2 to Admit Defendant's Priors** |
| vs. | |
| STEVEN DUARTE, | Date: 8/13/21 |
| Defendant. | Time: 2:00 p.m. |
| | Court: 6A |

To: the Clerk of the above-entitled Court; Juan M. Rodriguez and Kyle Kahan, the assigned Assistant United States Attorneys:

    Defendant, Steven Duarte, files this response in opposition to the government's motion in limine #2 to admit defendant's prior convictions for impeachment purposes as unfair and inflammatory evidence precluded by Rule 403.

Dated: 7/30/2021

Respectfully submitted,
<u>/s/Oliver P. Cleary</u>
Attorney for defendant,
STEVEN DUARTE

1

**Table of Contents**

Table of Authorities……………………………………………………………………….3

I.   Admission of Defendant's Prior Felony Convictions Is Unfair, Prejudicial, Confuses the Issues, and, Misleads the Jury……………………………………..4

II.  Duarte's 2016 Convictions and 2019 Conviction are Inadmissible …………..5

III. Motion to Strike Surplusage From the Indictment……….………………….7

IV.  Conclusion………………………………………………………………….8

# Table of Authorities

Cases:

United States v. Stone, 139 .3d 822, 833 n.11 (11th Cir. 1998)..................................4

United States v. McGatha, 891 F.2d 1520, 1521-22 (11th Cir. 1990).........................4

United States v. Rumney, 867 F.2d 714, 719 (1st Cir. 1989).....................................4

United States v. Affleck, 861 F.2d 97 (5th Cir. 1988)................................................4

Apprendi v. New Jersey, 530 US 466 (2000)..........................................................4

Krulewitch v. United States, 336 U.S. 440 (1949)....................................................5

United States v. Torres-Gonzalez, 570 F. Supp. 2d 217, 219 (D.P.R. 2008)................5

United States v. Lewis, 40 F.3d 1325(1st Cir. 1994)..................................................5

United States v. Melvin, 27 F.3d 703, 707 (1st Cir. 1994)....................................5, 6

United States v. Tavares, 21 F.3d 1, 5 (1st Cir. 1994)...............................................5

United States v. Langley, 62 F.3d 602, 604 (4th Cir. 1995).......................................6

United States v. Kafka, 222 F.3d 1129 (9th Cir. 2000)..............................................6

United States v. Sherbondy, 865 F.2d 996, 1002 (9th Cir. 1988).............................6

United States v. Davis, 726 F.3d 434 (3rd Cir. 2013)................................................6

United States v. Thomas, 321 F.3d 627(7th Cir. 2003)..............................................6

United States v. Caldwell, 760 F.3d 267 (2014)......................................................7

Marshall v. Lonberger, 459 US 422 (1983)............................................................ 7

Codes:

18 USC §922.......................................................................................................4

18 USC §922(g)(1)...............................................................................................4

Federal Rules of Evidence 403..............................................................................4

Federal Rule of Criminal Procedure 7(d).................................................................7

# I.
# Admission of all of Defendant's Prior Felony Convictions
# Is Unfair, Prejudicial, Confuses the Issues, and Misleads the Jury

Here, the prosecution seeks to admit prejudicial facts of Duarte's prior convictions, namely, evading a police officer, being a felon in possession of a firearm, possession of a controlled substances for sale, and, evading a police officer.  Under 18 USC § 922, the government need only prove one prior conviction in order to obtain a guilty verdict.  Here, the excessive prior allegations contained in the indictment are prejudicial and inflammatory denying defendant a fair trial.

It is well settled, where, as here, the government needs prove no more than the minimum required to show a violation of 18 USC § 922(g)(1), excessive evidence of inflammatory of prejudicial evidence is unnecessary.  (See United States v. Stone, 139 .3d 822, 833 n.11 (11th Cir. 1998) (treating the number of prior convictions as a sentencing factor);  United States v. McGatha, 891 F.2d 1520, 1521-22 (11th Cir. 1990) (ACCA prior felony convictions did not have to be set forth in the indictment or proved beyond a reasonable doubt at trial); United States v. Rumney, 867 F.2d 714, 719 (1st Cir. 1989)(indictment charging defendant with being a felon in possession of a firearm did not have to allege all predicate offense in order for sentence to be enhanced under ACCA); United States v. Affleck, 861 F.2d 97 (5th Cir. 1988)  (statute establishing a minimum sentence of 15 years was merely a sentence enhancement provision, and the propriety of prior convictions thus did not have to be submitted to the jury); Apprendi v. New Jersey, 530 US 466 (2000)(holding that facts which increase the maximum sentence must be proved to the jury but noting exception for fact of  prior conviction)

As Mr. Justice Jackson said in Krulewitch v. United States, 336 U.S. 440, 445 , 453 (concurring opinion), "The naive assumption that prejudicial effects can be overcome by instructions to the jury…all practicing lawyers know to be unmitigated fiction." Here, it is an 'unmitigated fiction' that somehow the jury can fairly try the defendant on the present charges of being a felon in possession of a firearm after hearing that Duarte was previously convicted of same crimes before. For the above reasons, defendant seeks to exclude the evidence of his prior convictions as the needless presentation of cumulative evidence in violation of Federal Rule 403.

## II.
## Duarte's 2016 Convictions and 2019 Conviction are Inadmissible

The prosecution seeks to admit defendant's 2016 convictions (Felon in possession, Evading, and, Possession of a Controlled Substance for Sale) and his 2019 conviction (Evading) all under the auspices of proving Duarte was convicted of "a crime punishable by imprisonment for a term exceeding one year". In addition, the prosecution seeks to admit the conviction to prove that he knew he was convicted of a crime punishable by more than one year imprisonment.

This evidence is inadmissible on both grounds. First, the nature of the prior convictions is inadmissible. United States v. Torres-Gonzalez, 570 F. Supp. 2d 217, 219 (D.P.R. 2008)(when a defendant is charged with being a felon-in-possession of a firearm, evidence of the nature of the prior conviction is not admissible unless special circumstances establish the relevance of eh evidence sufficiently compelling to survive the balancing test of Fed.R.Evid. 403, United States v. Lewis, 40 F.3d 1325, 1342-1343 (1st Cir. 1994); United States v. Melvin, 27 F.3d 703, 707 (1st Cir. 1994); United States v. Tavares, 21 F.3d 1, 5 (1st Cir. 1994)  As such, evidence of a defendant's prior conviction can only be admitted if the Court identifies special circumstances which

show that the relevant evidence outweighs any likely prejudice. Melvin, 27 F.3d at 707. Furthermore, the admissibility of prior convictions can be analyzed under Federal Rule of Evidence 404(b). See Melvin, 27 F.3d at 709. Similar to the test under Rule 403, Rule 404(b) requires a balancing analysis where the relevance of the admissibility of the prior convictions outweighs its prejudice. Id.

Secondly, the term "knowing possession" has been interpreted to mean that the defendant must "know" that he possesses a gun, not that he must know of his prohibited status, e.g. felony conviction, United States v. Langley, 62 F.3d 602, 604 (4th Cir. 1995) (proof that defendant knew he was a felon not required), or, that his status precludes his possession of a firearm. United States v. Kafka, 222 F.3d 1129 (9th Cir. 2000) (government not required to prove knowledge that possession of firearm violates domestic violence restraining order); United States v. Sherbondy, 865 F.2d 996, 1002 (9th Cir. 1988) (government not required to prove knowledge of illegality of possession).

Thus, there is no relevance to the admission of the nature of Duarte's convictions other than to show propensity, a forbidden purpose. In cases such as this where the government wishes to introduce prior bad act evidence, "the government must explain how the evidence fits into a chain of inferences-a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." See United States v. Davis, 726 F.3d 434, 443-44 (3rd Cir. 2013)

Here, the evidence sought to be introduced, namely, Duarte's convictions for Felon in possession, Evading, and, Possession of a Controlled Substance for Sale, does nothing more than show Duarte's propensity to commit gun crimes.

The government fails to explain how the evidence goes to show something other than Duarte's character. In United States v. Thomas, 321 F.3d 627, 634, 637 (7th Cir.

2003), at trial, the government presented two Chicago Police Department officers who described their two previous arrests for felon in possession to show motive, opportunity, and identity. Although the defendant objected, the court allowed the testimony. On granting a new trial, the Court of Appeals stated;

> "Though the government attempts to use motive and opportunity as a shield, what the government's use of the prior convictions really does is appeal to Thomas' propensity to carry guns, and nothing more."

Here, the government claims it needs to introduce defendant's "other bad acts" to prove an element of the charged offense, however, "knowledge of his status" is not an element. What the government cannot do is explain how the defendant's arrest for possession of a controlled substance for sale or evading proves Duarte had knowledge of the gun found by Inglewood Police Department officers in the middle of the street on March 20, 2020. The government fails to explain exactly *how* the proffered evidence should work in the mind of a juror to establish the fact the government claims to be trying to prove. See Caldwell, 760 F.3d at 277 (2014) Here, the government's attempt to show knowledge are based on speculation and conjecture. The court should prohibit the admission of defendant's priors as unduly prejudicial in violation of Rule 403.

## III.

## Motion to Strike Surplusage From the Indictment

Where, as here, the prosecution has alleged more than one prior in the indictment, the defendant may seek to have the other convictions stricken as surplusage. See Fed.R.Crim.P. 7(d). The court has discretion to strike surplusage where the inherent prejudice of multiple convictions would otherwise deny the defendant a fair trial on the merits. Marshall v. Lonberger, 459 U.S. 422, 438 (1983).

Defendant request the court strike more than the requisite single felony crime from the indictment as surplusage:

1. Vandalism, in violation of California Penal Code Section 594(a), in the Superior Court for the State of California, County of Los Angeles, Case Number YA086028, on or about February 6, 2013;
2. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number YA094449, on or about September 8, 2016;
3. Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number YA094449, on or about September 8, 2016;
4. Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code Section 11351.5, in the Superior Court for the state of California, County of Los Angeles, Case Number YA093485, on or about September 8, 2016; and
5. Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number YA097834, on or about February 5, 2019.

## Conclusion

For the above reasons and all those mentioned at the hearing, Mr. DUARTE respectfully requests this Court deny the government's motion in limine #2. In the alternative, if the Court finds the evidence admissible, Mr. DUARTE moves this Court to cleanse the priors and strike the surplusage from the indictment.

Date: 7/30/21

Respectfully submitted,

*s/Oliver P. Cleary*
Attorney for Defendant,
STEVEN DUARTE

IT IS HEREBY CERTIFIED THAT:

 I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age. My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210. I have caused service of <u>Response In Opposition to Government's Motion in Limine #2</u>

 The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

 Juan Rodriguez, AUSA, juan.rodriguez@usdoj.gov

 Kyle Kahan, AUSA, kyle.kahan@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 30, 2021     <u>s/Oliver Cleary</u>
                Attorney for Defendant
                STEVEN DUARTE