TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/0304
    Facsimile: (213) 894-0141
    E-mail:   kyle.kahan@usdoj.gov
                juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>STEVEN DUARTE,<br><br>        Defendant. | No. CR 20-387-FMO<br><br>GOVERNMENT's REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #1 TO ADMIT DEFENDANT'S POST-RELEASE COMMUNITY SUPERVISION STATUS AS INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSE AND AS EVIDENCE OF MOTIVE, INTENT, AND PLAN UNDER RULE 404(b)<br><br>Hearing Date: August 13, 2021<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the Hon. Fernando M. Olguin |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Kyle W. Kahan and Assistant United States Attorney Juan M. Rodriguez, hereby files its reply to STEVEN DUARTE's ("defendant") opposition to the government's motion in limine #1 to admit defendant's post-release

community supervision as inextricably intertwined with the charged offense and as evidence of motive, intent, and plan under Rule 404(b).

    This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

| | |
|---|---|
| Dated: August 3, 2021 | Respectfully submitted, |
| | TRACY L. WILKISON<br>Acting United States Attorney |
| | SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | */s/ Kyle W. Kahan*<br>KYLE W. KAHAN<br>Special Assistant United States Attorney |
| | JUAN M. RODRIGUEZ<br>Assistant United States Attorney |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In its motion in limine, the government explained that defendant's PRCS status is both inextricably intertwined with the charged offense and is evidence of defendant's motive, intent, and plan to hide the firearm and ammunition from law enforcement pursuant to Federal Rule of Evidence 404(b).  (Dkt. 51.)  Specifically, as the government noted, defendant's PRCS status is direct evidence of defendant's knowledge of his felony status (an element the government has to prove at trial), it is also inextricably intertwined with the offense conduct, as it is necessary to allow the government to offer to the jury a coherent and comprehensible account about why officers pulled over and searched the vehicle in which the charged firearm and ammunition were found.

In his opposition, defendant sidesteps these arguments and instead blanketly states that defendant's PRCS status is propensity evidence that is unduly prejudicial.  (Dkt. 81.)  Defendant's arguments are misguided and not supported by any relevant case law. First, as noted above, defendant's PRCS is not propensity evidence, but rather is direct evidence of a required element, and is inextricably intertwined with the charged offense.  Second, case law clearly establishes that the supervised status of a defendant is admissible evidence under Rule 404(b) when used to prove concepts such as motive, intent, or plan.  See United States v. Manarite, 44 F.3d 1407, 1418 (9th Cir. 1995).  Accordingly, given its substantial probative value in proving why defendant tried to hide his possession of a firearm and ammunition from law enforcement, it should be

admitted under Rules 404(b) and 403. The government's motion <u>in limine</u> should thus be granted.

**II. ARGUMENT**

    **A. Defendant's PRCS Status is Evidence that Defendant Knew He Had Been Convicted of a Felony and is not Excludable under Rule 403**

The government is "entitled to prove" the elements of the charged offense by introduction of probative evidence. <u>United States v. Campbell</u>, 774 F.2d 354, 356 (9th Cir. 1985); <u>United States v. Back</u>, 740 F. App'x 525, 527 ("The parties made no stipulations as to the elements of the charges, and thus the government was entitled to prove its case.")

Defendant has declined to enter into any stipulations in this trial. Accordingly, the government is entitled to prove each element of the charged offense through probative evidence. Defendant is charged with one count of 18 U.S.C. § 922(g). (Dkt. 1.) One of the elements the government must prove beyond a reasonable doubt is that defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. (Dkt. 50, at 42.) The fact that defendant had recently being placed on PRCS, which is a status only given to felons, is significantly probative evidence that he knew he has been convicted of a felony.

Defendant's only response to this argument is that his PRCS status is unduly prejudicial and would only serve as propensity evidence. (Dkt. 81, at 2.) Defendant fails to contend how defendant's PRCS status would actually be prejudicial; instead he just claims that it would be propensity evidence. (<u>Id.</u>) Any prejudicial effect from defendant's PRCS would be minimal, at best, because the jury will already be aware of defendant's five prior

felonies as listed in the indictment. (Dkt. 1.) This prejudice is even further diminished when considering that defendant's PRCS status is not as inflammatory than the charged offense. See United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) ("[e]vidence will not be excluded as unduly prejudicial when it is not more inflammatory than the charged crime.") Defendant has refused to stipulate to either his knowledge of is prior felony convictions or to the convictions themselves. Accordingly, the jury will here in detail about defendant's prior convictions. Adding on that defendant was on active PRCS for his most recent conviction would not be any more prejudicial than what the jury would already be aware of. Accordingly, because defendant's PRCS has such significant probative value towards proving defendant's knowledge and has a minimal prejudicial effect, the evidence should be admitted.

**B.   Defendant's PRCS Status is Inextricably Intertwined with the Charged Offense and is Not Subject to Rule 404(b) Analysis**

Second, defendant's PRCS status is not propensity evidence, but rather, it is evidence that is inextricably intertwined with the narrative of the case.

Evidence that is inextricably intertwined is not treated as "other crimes" subject to a Rule 404(b) analysis. See United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987). Such evidence can include evidence that is "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012).

Defendant claims that the government's use of defendant's PRCS to provide this narrative is impermissible under Rule 404(b).

Defendant erroneously conflates whether the conduct is inextricably intertwined with the charged offense with a Rule 404(b) analysis.  If the evidence is, in fact, inextricably intertwined with the charged offense, then Rule 404(b) has no applicability to its admittance.  See United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994); Soliman, 813 F.2d at 279.

In order to provide the jury with a coherent story about why law enforcement officers searched a vehicle in Inglewood after a nighttime traffic stop, it will be necessary for the government's witnesses to explain that defendant was on active PRCS with a search condition.  While the officers had another reason to search the vehicle (the driver's active probation with a search condition), the driver is not on trial.  Defendant is.  And allowing the jury to hear about defendant's active PRCS with search conditions would thus provide a clear and complete narrative of what the officers did and why they did it.  Notably, defendant ignores this argument and instead asks for a Rule 404(b) analysis, an unwarranted step when the evidence is inextricably intertwined.  See Soliman, 813 F.3d at 279.  This Court should thus find defendant's PRCS to be inextricably and narratively intertwined with the charged offense.

**C.   Even if Subject to Rule 404(b) Analysis, Defendant's PRCS Status is Admissible to Prove His Motive, Intent, and Plan.**

Contrary to defendant's claim, defendant's PRCS status is admissible under Rule 404(b).  (Dkt 51, at 10-11.)  Defendant's PRCS status reveals his motive; namely, it explains why he threw a firearm frame and receiver out of a moving vehicle and hid the loaded magazine upon Inglewood Police officers activating their vehicle's flashing lights and siren.  Defendant's PRCS status also reveals his

4

intent and plan; namely his intent and plan to hide the firearm and loaded magazine because he was prohibited from possessing or being near a firearm, and to hide contraband that would be found after officers searched his person or the vehicle.

Defendant's reliance on United States v. Bell 516 F.3d 432 (6th Cir. 2008), a non-binding, out-of-circuit case, is misplaced. In Bell, a case involving possession of marijuana and cocaine base with intent to distribute and felon in possession of a firearm, the Sixth Circuit concluded that the district court erred when it admitted the defendant's prior drug convictions under Rule 404(b). Id. at 444-47. Specifically, the Sixth Circuit noted that the four prior drug convictions had a "weak probative value" compared to its "significant" prejudicial effect. Id. at 446. Notably, the Sixth Circuit focused on the similarity between the charged and prior offenses and expressed concern that the prior offenses "painted a picture of [the defendant] as a repeat drug offender, greatly increasing the chance that the jury would punish him . . . because he appeared to be a 'bad' guy." Id. Unlike in Bell, the underlying nature of the PRCS is an actual element of the crime, namely defendant's prior 2019 felony conviction. Moreover, there is no similarity between the underlying offense and the charged offense. Defendant's 2019 conviction is for evading a peace officer pursuant to California Vehicle Code section 2800.2. There is no allegation or charge indicating defendant's evaded law enforcement. (Dkt. 1.) Accordingly, there is no similarity and the concerns expressed by the Sixth Circuit have no applicability to this matter. See United States v. Hardy, 643 F.3d 143 (6th Cir. 2011) (upholding admittance of prior drug sales due to their probative value under Rule 404(b)).

5

**D.   The Court Can Issue a Limiting Instruction as Requested in the Joint Jury Instructions**

In the event this Court grants the government's motion in limine and allows the introduction of defendant's PRCS status, be it as inextricably intertwined or under Rule 404(b), the government has no objection to the use of a limiting instruction, as defendant suggests.  Indeed, the government has filed a list of joint jury instructions that addresses these concerns.  (Dkt. 50, at 24-25, 33.)

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine #1 to admit defendant's post-release community supervision as inextricably intertwined with the charged offense and as evidence of motive, intent and plan under Rule 404(b).