TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorneys
General Crimes Section
      1100/1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0304/2238
      Facsimile: (213) 894-0141
      E-mail:    juan.rodriguez@usdoj.gov
                 kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>STEVEN DUARTE,<br><br>             Defendant. | No. CR 20-387-FMO<br><br>GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO *MOTION IN LIMINE* #2 TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS SUBSTANTIVELY AND FOR IMPEACHMENT PURPOSES UNDER FEDERAL RULE OF EVIDENCE 609<br><br>Hearing Date: August 13, 2021<br>Hearing Time: 2:00 p.m.<br>Location: Courtroom of the Hon.<br>             Fernando M. Olguin |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez and Kyle W. Kahan, hereby files its reply to defendant's opposition to the government's motion in limine to admit evidence of defendant STEVEN DUARTE'S prior convictions substantively and for impeachment purposes under Federal Rule of Evidence 609.

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 3, 2021                    Respectfully submitted,

                                         TRACY L. WILKISON
                                         Acting United States Attorney

                                         SCOTT M. GARRINGER
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                            /s/
                                         _____
                                         JUAN M. RODRIGUEZ
                                         KYLE W. KAHAN
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant STEVEN DUARTE ("defendant") is proceeding to trial on August 24, 2021, on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  At trial, the government must prove, as relevant here, that: (1) defendant was convicted of at least one crime punishable by a term of imprisonment exceeding one year; and (2) defendant knew this.  Rehaif v. United States, 139 S. Ct. 2191, 2199-20 (2019).  The government accordingly moved to introduce defendant's prior felony convictions substantively, because they directly bear on these elements, and for impeachment purposes under Federal Rule of Evidence ("Rule") 609, subject to Rule 403, should defendant testify at trial.  (Dkt. 52.)  On July 30, 2021, defendant opposed the government's motion on the grounds that: (1) admission of all four prior felony convictions would be unfair, prejudicial, confuse the issues, and mislead the jury, and (2) the convictions are inadmissible.  (Dkt. 82.)  These arguments are meritless.  Further, in the opposition, defendant, for the first time, moves to strike purported surplusage from the indictment, which is both procedurally improper and unavailing.  Accordingly, the Court should admit the prior convictions substantively and for impeachment purposes under Rule 609 and deny defendant's motion to strike surplusage from the indictment.

**II.   ARGUMENT**

   1.   Admitting All of Defendant's Convictions Is Not Unduly Prejudicial

Defendant argues that the Court should only admit one of defendant's convictions because the government "need only prove one

prior conviction in order to obtain a guilty verdict" and thus admitting more than one conviction is prohibited by Federal Rule of Evidence 403.  (Def. Mot. at 4:7-8.)  Defendant's legal authority is inapposite because in none of the cases he cites did the government have to bear the burden, as here, of proving the defendant was a convicted of a crime punishable by more than a year and knew that he was convicted of a crime punishable by more than a year.  (Id. at 4:13-26.)  Indeed, defendant did not even attempt to distinguish the government's authority (because he cannot).

There is no "maximum" amount of criminal act evidence that may introduced to prove knowledge[1] – the government is "permitted to introduce evidence of [the defendant's] prior acts so long as the acts tended to make the existence of his knowledge or intent more probable than it would be without the evidence."  United States v. Jones, 982 F.2d 380, 382 (9th Cir. 1992) (affirming admission of various crimes committed over a three year span).  Indeed, the Ninth Circuit has expressly declined "to limit the government to proof of one conviction" in felon in possession cases, "if the defendant

---

[1] Defendant contends that the only knowledge element the government must prove is defendant's knowing possession of a firearm, not defendant's knowledge of his status.  (Opp'n at 6-7 ("the term 'knowing possession' has been interpreted to mean that the defendant must 'know' that he possesses a gun, not that he must know of his prohibited status, e.g. felony conviction . . . .").)  But the authorities defendant cites were overruled by the Supreme Court's holding in Rehaif v. United States that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm)."  139 S. Ct. 2191, 2199-20 (2019) (emphasis added) & id. at 2197 ("It is therefore the defendant's status, and not his conduct alone, that makes the difference.  Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful.") (emphases added).

refuses to stipulate."  United States v. Lloyd, 981 F.2d 1071, 1073
(9th Cir. 1992) (concluding district court did not abuse its
discretion in admitting proof of three prior felonies where the
defendant "refused to stipulate he was a convicted felon or to agree
not to challenge the validity of a prior conviction").  This makes
good sense – there is no point at which the government's evidence
becomes so overwhelming that a jury must find an ultimate fact is
proven, and the government should not be prevented from presenting
additional evidence, in this case prior convictions, that may tip the
scales and lead the jury to find the government has met its burden
that defendant of at least one crime punishable by more than one
year.  See Jones, 982 F.2d at 382.

Further, the government generally is free under Rule 403 to
offer evidence of prior criminal behavior to prove scienter,
regardless of whether the defendant fails to contest knowledge and
regardless of whether other evidence of knowledge is also introduced.
Here, defendant has declined to stipulate to any elements of the
§ 922(g)(1) count, including both the fact that he was convicted of
at least one felony, and that he knew so.  Accordingly, the certified
conviction records are highly probative evidence of critical facts
the government must prove.

While this evidence tends show that defendant is guilty of the
crime as charged (by satisfying elements the government must prove),
that is not the kind of "unfair" prejudice that Rule 403 prohibits.
Further, any risk that the jury would consider defendant's
convictions for an improper propensity purpose can be ameliorated by
a limiting instruction, which the government has already recommended,
and "a jury is presumed to follow [a court's] instructions."  Weeks

1    v. Angelone, 528 U.S. 225, 234 (2000); United States v. Romero, 282

2    F.3d 683, 688 n.1 (9th Cir. 2002) (affirming admission of prior

3    crimes evidence, when "[a]ny possible prejudicial impact of the

4    testimony was lessened by the court's limiting instruction").

5         Given the high probative value of the evidence (indeed, it is

6    essential for the government to prove two elements), and an

7    applicable jury instruction to mitigate any chance that the jury will

8    use such evidence for an improper purpose, the records of conviction

9    plainly are not barred under Rule 403.

10        2.   Admission of Defendant's Convictions Is Not Barred Under
             Rule 404(b)

11

12        Defendant contends that the nature of the convictions is

13   inadmissible because it is unduly prejudicial and irrelevant as well

14   as improper Rule 404(b) evidence.  Defendant is wrong.

15        Defendant cites multiple legal authorities for the proposition

16   that the nature of a prior conviction is inadmissible in a felon-in-

17   possession prosecution.  (Def. Mot. at 5:19-6:5.)  Those cases are

18   easily distinguishable.  For example, in United States v. Lewis,

19   defendant Lewis "had three prior convictions for armed robbery and

20   offered to stipulate that he was a felon."  40 F.3d 1325, 1342 (1st

21   Cir. 1994).  Despite defendant's offer to stipulate, the government

22   refused to stipulate to defendant's felon status, and "[t]he district

23   court did not require the government to accept [defendant's] proposed

24   stipulation but rather allowed the government to introduce evidence

25   of the nature of [defendant's] conviction. . . ."  Id.  Here, the

26   situation is readily distinguishable: the government is willing to

27   stipulate (and has repeatedly offered to stipulate) to the elements

28

                                      4

1   that defendant was a felon and that he knew he was a felon but

2   defendant has declined to stipulate.

3       While introducing the nature of prior convictions is unduly

4   prejudicial if the defendant is willing to stipulate to these

5   elements, that is not the case where the government must meet its

6   burden of proof as to these elements.  Stated differently, the

7   Supreme Court has recognized introduction of felony convictions is

8   prejudicial when the defendant is willing to stipulate, which is why

9   the government must accept such a stipulation.  See Old Chief v.

10  United States, 519 U.S. 172, 190-91 (1997).  However, if the

11  defendant refuses to stipulate, the government may introduce the

12  nature of convictions to prove its case-in-chief.  The convictions

13  are plainly relevant to two elements the government must prove beyond

14  a reasonable doubt: that defendant was convicted of at least one

15  crime punishable by more than one year of imprisonment, and knew so.

16      3.  Defendant's Convictions Also Are Admissible Under Federal
            Rule of Evidence 609 if Defendant Testifies

17
        Defendant's convictions are also admissible under Rule 609 if

18  defendant testifies.  As the government detailed in its motion, the

19  Cook factors, which assist the Court in determining whether the

20  probative value of the evidence outweighs its prejudicial effect to

21  that defendant, support admission of the nature of the convictions.

22  (Dkt. 52 at 7:22-12:4.)  For example, defendant's 2016 conviction for

23  Possession of a Controlled Substance for Sale has significant

24  impeachment value because it is "probative of veracity," as the Ninth

25  Circuit has held.  United States v. Cordoba, 104 F.3d 225, 229 (9th

26  Cir. 1997) (prior conviction of possession with intent to distribute

27

28

1  cocaine was admissible under Rule 609) <u>overruled on other grounds</u>,

2  <u>United States v. Valencia-Lopez</u>, 971 F.3d 891, 901 (9th Cir. 2020).

3      Defendant's contention that the nature of his prior convictions

4  "do[] nothing more than [impermissibly] show [defendant's] propensity

5  to commit gun crimes" in contravention of Rule 404(b) is also

6  incorrect.  Although a defendant's prior convictions might constitute

7  "other bad acts" under Rule 404(b) when introduced in other types of

8  prosecutions, here, the government <u>must</u> offer the prior convictions

9  in order to prove elements of the charged offenses – and thus the

10  crimes are not "other" acts unrelated to the present indictment.  <u>See</u>

11  <u>United States v. Loftis</u>, 843 F.3d 1173, 1176 (9th Cir. 2016) (Rule

12  404 thus does <u>not</u> apply "to any prosecution in which the 'other'

13  crime in question is in fact 'an element of the crime charged'.")

14  Because both the existence of defendant's felony convictions and

15  defendant's knowledge of those convictions are elements the

16  government must prove at trial, Rule 404(b) poses no bar to admission

17  of evidence regarding those convictions.  <u>See</u> <u>id.</u> at 1177 (when

18  evidence concerns "charged conduct," Rule 404(b) is inapplicable).

19      Even with regards to Rule 609, introducing the nature of the

20  convictions does not run afoul of Rule 404(b) because most of

21  defendant's convictions are significantly distinct from the charged

22  offense, thus there is little risk that the jury will believe that

23  "because he did it before, he must have done it again."  <u>See</u> <u>United</u>

24  <u>States v. Bagley</u>, 772 F.2d 482, 488 (9th Cir. 1985).  Regarding

25  defendant's 2016 conviction for Felon in Possession of a Firearm,

26  although it is conviction for the same offense charged in the pending

27  case that is not a <u>per se</u> bar to its admissibility.  <u>See</u> <u>United</u>

28  <u>States v. Browne</u>, 829 F.2d 760, 763 (9th Cir. 1987) (permitting the

6

1   government to introduce defendant's prior robbery conviction under

2   Rule 609 despite the fact that the pending charge was also for

3   robbery).  In any event, the government proposed a limiting

4   instruction to lessen any prejudicial impact.  See <u>United States v.</u>

5   <u>Bradshaw</u>, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting instructions

6   may reduce or eliminate prejudice which would otherwise occur.");

7   <u>Angelone</u>, 528 U.S. at 234.[2]

8       4.   <u>Defendant's Motion to Strike Surplusage From the Indictment</u>
         <u>is Procedurally Improper and Meritless</u>

9

10      Defendant's Motion to Strike Surplusage must be denied for

11  several reasons.  First, it is combined with an opposition.  This

12  Court has previously struck a similar filing.  (Dkt. 36 (denying

13  multiple motions because the "[C]ourt will not accept combined

14  motions.  Each motion should be filed separately, comply with the

15  Local Rules and the court's case management order....").)  Second,

16  the motion is untimely because all pretrial motions were to be filed

17  by July 23, 2021.  (See <u>id.</u>; Dkt 36, Order Re: Case Deadlines.)

18      Even if defendant's motion was procedurally proper, it is

19  meritless.  Rule 7(d) of the Federal Rules of Criminal Procedure

20  provides "[u]pon the defendant's motion, the court may strike

21  surplusage from the indictment or information."  Fed. R. Crim. P.

22  7(d).  The proper purpose of a motion to strike under Rule 7(d) is to

23  protect a defendant against "'prejudicial or inflammatory allegations

24  that are neither relevant nor material to the charges.'"  <u>United</u>

25

26  _____

27      [2] Defendant's opposition does not address the government's
    argument that defendant's convictions are admissible as extrinsic
    evidence for impeachment by contradiction if defendant opens the door

28  while testifying.  Accordingly, defendant concedes the propriety of
    this argument.

1    States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988) (quoting United

2    States v. Ramirez, 710 F.2d 535, 544-45 (9th Cir. 1983)); United

3    States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986) ("Insofar as

4    the language of an indictment goes beyond alleging elements of the

5    crime, it is mere surplusage that need not be proved.")

6       In Terrigno, the Ninth Circuit made clear that if allegations in

7    the indictment are "relevant and material to" a charge the government

8    must prove, the language should not be stricken even if it is

9    prejudicial.  838 F.2d at 373 (holding that district court did not

10    abuse its discretion in denying motion to strike factual allegations

11    relating to embezzlement charge because "these facts, while they may

12    be somewhat prejudicial, are all relevant and material to the charge

13    of embezzlement").  "[A] motion to strike surplusage should be

14    granted only if it is clear that the allegations are not relevant to

15    the charge and are inflammatory and prejudicial.  This is a rather

16    exacting standard, and only rarely has surplusage been ordered

17    stricken."  1 Wright and Miller, Federal Practice and Procedures:

18    Criminal § 127 (3rd ed. 1999); United States v. Larkin, No. 2:12-CR-

19    319-JCM-GWF, 2017 WL 379415, at *2 (D. Nev. Jan. 24, 2017) (the test

20    for striking surplusage requires that the material be both irrelevant

21    and prejudicial) (citing United States v. Hedgepeth, 434 F.3d 609,

22    612 (3rd Cir. 2006)).

23       Here, defendant has declined to stipulate to the elements he had

24    been convicted of a crime punishable by more than one year and knew

25    this.  Accordingly, defendant's motion to strike surplusage should be

26    denied because his convictions are highly relevant (indeed,

27    necessary) to prove these two elements.  See Lloyd, 981 F.2d at 1073

28    (holding that a district court may allow the prosecution to introduce

evidence of more than one felony conviction if the defendant refuses to stipulate); <u>United States v. Root</u>, 366 F.2d 377 (9th Cir. 1966) ("[w]ords that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken out as surplusage.").