Oliver P. Cleary [SB#168440]
468 N. Camden Drive, #200
Beverly Hills, CA 90210
T: (424) 324-8874
olivercleary@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN DUARTE <br><br> Defendant. | Case No.: CR 20-cr-00387-FMO <br><br> Reply in Support of Defendant's Motion to Suppress Evidence Seized After Illegal Traffic Stop <br><br> Date: 8/13/21 <br> Time: 2:00 pm <br> Court: 6A |

## I.
## The Front Window was not Illegally Tinted

A front window tinted to that degree would still provide a *clear, unobstructed view* of the driver's compartment of the vehicle and fully comply with Section 26708(d)(2) of the California Vehicle Code. US v. Wallace, 213 F.3 1216 (9th Cir. 2000). Here, the equipment violation alleged is not supported by the evidence. Photographic evidence submitted indicate the vehicle was not impermissibly tinted as the view into the interior of the vehicle was not obscured as officers readily viewed into the interior enough to see the individual seated in the back seat as well as the driver.

Clearly, the vehicle's tint was transparent making it legal or the officer's had x-ray vision.

## II.

When, as here, Officers attempt to justify the stop when no valid traffic violation is observed, the Fourth Amendment has been violated. Vehicle Code section 22450(A) specifically states:

> 22450. (a) The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop at a limit line, if marked, otherwise before entering the crosswalk on the near side of the intersection. If there is no limit line or crosswalk, the driver shall stop at the entrance to the intersecting roadway.

Here, Anna Ortiz did not violate the vehicle code as it does not require, as officer Wunderlich and Villicana claim, that there be a stop at the limit line. Only where marked. Otherwise, the stop shall be before entering the cross walk or on the near side of the intersection which is what best describes what occurred when Ms. Ortiz' vehicle approached the intersection. Thus, no violation of law occurred to justify this illegal stop and arrest.

An officer may not detain a motorist without "a particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Arvizu, 534 U.S. 266 (2002); United States v. Cortez, 449 U.S. 411, 417-18 (1981).

As such, these fail to justify the warrantless stop in this case. As such, all items seized due to this stop must be suppressed.

Unless evidence is obtained on the basis of information wholly unconnected with the initial unlawful search or arrest, it must be suppressed. See Murray v. United States, 487 U.S. 533, 540 (1988).

## CONCLUSION

All evidence and the fruits of the unconstitutional detention, all resulting evidence must be suppressed. For the above stated reasons, the court should grant defendant Duarte's Motions to Suppress the Evidence.

Dated: 8/3/2021                     Respectfully submitted,
                                    <u>Oliver P. Cleary</u>
                                    Attorney for Defendant,
                                    Steven Duarte

IT IS HEREBY CERTIFIED THAT:

    I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age. My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210.

    I have caused service of <u>REPLY IN SUPPORT OF MOTION TO SUPPRESS</u> to be filed on the court's electronic filing system (CM/ECF) to which the following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

Juan.Rodriguez@usdoj.gov

Kyle.kahan@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 8/3/2021          *s/Oliver Cleary*
                                       Attorney for Defendant
                                       Steven Duarte

EXHIBIT 1

**Declaration of Steven Duarte In Support of Suppression Motion**

I, STEVEN DUARTE, declare under the laws of the United States of America, the following is true and correct and if called as a witness, I could competently testify to the matters stated herein;

1. On the date of March 20, 2020, I was a passenger in Anna ORTIZ's 2007 Infiniti G37.
2. At around 9:30 pm, she was driving north on Prairie Ave and made a right turn eastbound onto W. 109th St.
3. As she began turning on 109th St, her vehicle's headlights illuminated a car parked parallel to the curb on our left side with the headlights completely off.
4. I was able to see two occupants inside the vehicle sitting motionless.
5. As we proceeded down the street, the same vehicle started trailing behind us.
6. The trailing vehicle's lights were completely off.
7. We came to a complete stop at the stop-sign on corner of W. 109th St. and Doty Ave.
8. After making a proper stop, we made a left turn northbound onto Doty when suddenly the unmarked vehicle behind us activated bright lights.
9. ORTIZ pulled her car over on the right side of West 108th Street and came to a stop.
10. Police vehicles were behind us and we were told to put our hands outside the vehicle.
11. Multiple officers approached the vehicle with guns drawn.
12. An officer got me out of the vehicle, handcuffed me and placed me on the curb next to the unmarked police car that had been following us.

13. I was sitting on the curb approximately 15'-20' from officer Wunderlich as he searched ORTIZ's entire vehicle finding nothing.
14. Officer Wunderlich asked officer Bobbs who was walking up do a second search.
15. It was only officer Bobbs search Ortiz's vehicle that he said he found a magazine with ammunition inside the from console area of Ortiz's vehicle.
16. The front passenger windows were rolled down at the time making it impossible to view whether or not the windows were tinted.

Dated:                         *to be signed and submitted*
                                             STEVEN DUARTE