Oliver P. Cleary
Attorney at Law [CSB#168440]
468 N. Camden Drive, #200
Beverly Hills, CA 90210
T: (424) 324-8874

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  STEVEN DUARTE  Defendant. | Case No.: CR 20-387-FMO  **Reply to the Government's Response to Defendant's Motion for Discovery**  Date: 8/13/21  Time: 2:00 pm  Court: 6A |

**Status of Discovery:**

It is the government's position that they have disclosed discovery but maintains they are only required to "disclose information favorable to the defense that meets the appropriate standard of materiality." (Gov't Opposition, p. 6, l. 16-17)  The issue at hand is the truthfulness and

1

credibility of witnesses.  Here, the government has yet to perform a manual review of law enforcement witnesses' personnel files until August 5, 2021.

This is beyond the response date of  July 30, 2021 wherein the government was to file under penalty of perjury a declaration pursuant to Rule 5(f) that (1) states whether the government has produced all evidence that is relevant to defendant's guilt or punishment; (2) states whether the government has produced all evidence that is favorable to the defendant on the issue of guilt or punishment; (3) describes in detail the efforts made by the government to obtain and produce the required Rule 5(f) and Brady information; and (4) states whether there is any evidence the government has not produced and the legal basis for withholding such evidence.  (Dkt # 36)

By delaying the actual date of the performance of a manual search of law enforcement files, that leaves the government unable to accurately reply to the court order dated June 4, 2021.  For what you don't search for you cannot find.  It is in Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to the accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87.  See Giglio v. United States, 405 U.S. 150 (1972); United States v. McCrane, 527 F.2d 906 (3rd Cir. 1975) aff'd after remand, 547 F.2d 205 (1976).  The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the Brady rule.  United States v. Bagley, 473 U.S. 669, 678 (1985).  Such

evidence, if disclosed and used effectively, may make the difference between conviction and acquittal.  See Napue v. Illinois, 360 U.S. 264 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.")

In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." Giles v. Maryland, 386 U.S. 66, 74 (1967).  Additionally, favorable evidence need not be competent evidence or evidence admissible at trial.  United States v. Gleason, 265 F.Supp. 880, 886 (S.D.N.Y. 1967); Sellers v. Estelle, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence.)

## CONCLUSION

For the foregoing reasons, Mr. Duarte respectfully requests that this Court grant his request for the disclosure of information set forth above, sufficiently in advance of trial to permit defendant to prepare to investigate, meet or use such information and evidence.

Respectfully Submitted,

Dated: 8/3/2021

*/s/ **Oliver P. Cleary***
Attorneys for defendant,
Steve Duarte

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Chambers

Copy Assistant U.S. Attorney via ECF NEF

Copy Defendant

Dated: 8/3/2021

/s/*Oliver P.Cleary*
468 N. Camden Dr., #200
Beverly Hills, CA 90210
Tel: 424.324.8874
Email: olivercleary@gmail.com