Oliver P. Cleary
Attorney at Law[CSB#168440]
468 N. Camden Drive, #200
Beverly Hills, CA 90210
T: (424) 324-8874

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR20-000387-FMO |
| Plaintiff, | **Defendant's Reply to Government's Opposition to Defendant's Motion to Suppress and Request for a *Franks* Hearing** |
| vs. | |
| STEVEN DUARTE, | |
| Defendant. | Date: 8/13/21 |
| | Time: 2:00 p.m. |
| | Court: 6A |

The defendant files this reply to the government's opposition to the defendant's motion to suppress the buccal swab taken after Duarte's arrest as fruits of the poisonous tree.

Dated: 8/3/2021

Respectfully submitted,
*/s/Oliver P. Cleary*
Attorney for defendant,
Steven Duarte

1

I.

**Government Seeks to Admit DNA Evidence Regardless of the Violation**

In defendant's motion to suppress, the defendant explained how IPD officer Barragan threatened, coerced, intimidated, and, ridiculed Duarte in order to obtain a buccal swab of his DNA. (Dkt # 57) In their opposition, the prosecution fails to explains that despite the omissions and misstatements in the affidavit, the Officer relies on it in good faith. (Dkt # 72) Defendant's seeks through this reply to show that defendant's motion to suppress the DNA evidence should be granted.

The misstatements and omissions in the affiant's application are material to the issue of probable cause because they attest to the officer's credibility. Here, the officer's credibility is less than the standard required and does not merit good faith reliance as claimed by the government.

II.

**DNA Search Warrant Affidavit Contained False Statements or Material Omissions Impugning its Validity**

When Duarte did not voluntarily consent to the extraction of his DNA, Detective Barragan sought a search warrant, however, in doing so, he failed to include several important facts in the probable cause statement. Detective Barragan's counter-declaration explaining how he usually goes about completing an application for a search warrant fails to cure the omissions and misstatements contained in the warrant for Duarte's oral swab. Barragan memory lapses when it comes to important details such as whether or not Duarte asked to speak to a lawyer. Barragan claims he "cannot recall if defendant requested a lawyer during the March 22, 2020 conversation." (Dkt # 72-1, p. 4, ¶ 8) Duarte's refusal to the oral swab is shown on the form itself. (See Exhibit 1) Barragan admitted in his affidavit that he has not included every fact known to him concerning the matter

(Dkt # 72-1, p. 2, ¶1) And, asserts that he can't recall this interrogation "due to the multiple conversations with him throughout my career". (Dkt # 72-1, p. 3, ¶7). Barragan doesn't even recall whether there were other officers present in the small interview room during their exchange. (Dkt # 72-1, p. 3, ¶4)

In his counter-declaration, Barragan repeats the phrase; "I cannot recall" three times when asked to address significant allegations of violations of defendant's constitutional rights, namely, whether there were other officers present who could refute Duarte's claims, whether he recalled promising to let Duarte go if he gave up a suspect in a drug crime, and, whether or not he could recall if Duarte asked to speak to an attorney.

The government focuses on Duarte's status on probation, his alleged crime and a counter-declaration by Barragan which repeats his "failing to recall" or misstated facts but, does not address the tainted evidence. Barragan intentionally mislead the magistrate from discovering the unconstitutional violation of Duarte Sixth Amendment rights. In the end, the government claim of "good faith" flies in the face of the facts.

The omission of the coercive behavior, threats denials of a suspect's request for counsel add up to illegally-obtained or otherwise tainted evidence included in the search warrant. Where evidence such as Duarte's statements and omitting his request for counsel add up too a violation of his sixth amendment rights, the affidavit is tainted and the evidence seized as a result of its taint should be suppress  See, United States v. Bishop, 2§4 F.3d 919, 924 (9th Cir. 2001), United States v. Gillenwaters, 890 F.2d 679 (4th Cir. 1989)

This deprived the magistrate of factual circumstances through which she could exercise her independent judgement concerning the validity of the warrant.

This material omission/misrepresentation merits suppression of the results of the buccal swab.

### III.

### Duarte Makes Substantial preliminary Showing of False Statements in the Affidavit Entitling him to a *Franks* Hearing

When, as here, a defendant makes a preliminary showing that a search warrant affidavit includes a false statement, or one made with reckless disregard of the truth, then he is entitled to a hearing to determine the validity of the warrant. Franks v. Delaware, 438 U.S. 154 (1978). In United States v. Curry, 751 F.2d 442, 449 (1st Cir. 1984), the failure of the police to distinguish between father and son in the affidavit required a *Franks* hearing. In United States v. Tate, 524 F.3d 449, 455 (4th Cir. 2008), an agent's omissions about the location of trash was deliberately deceptive and requiring a *Franks* hearing. In United States v. Whitley, 249 F.3d 614, 624 (7th Cir. 2001), holding an officer's false statements in the affidavit was sufficiently reckless to warrant a *Franks* hearing. United States v. Reinholz, 245 F.3d 765, 774 (8th Cir. 2001) found no error for ordering *Franks* hearing to review the officer's misrepresentations about the source of his information. In United States v. Kyllo, 37 F.3d 526, 529-30 (9th Cir. 1994) held that a *Franks* hearing was required when material facts were omitted that substantially undermined probable cause of the search warrant. Finally, in United States v. Avery, 295 F.3d 1158, 1167 (10th Cir. 2002), an omission of the informant's lengthy criminal record required a *Franks* hearing. In light of the above-precedent, the fact that Detective Barragan omitted his violations of Duarte's repeated requests for counsel, omitted his coercive behavior, his threats, promises, and lies, merit the holding of a *Franks* hearing.

**Conclusion**

For the above reasons and all those mentioned at the hearing, Mr. Duarte, by and though his counsel, respectfully requests this Court for an order suppressing the buccal swab, or, in the alternative, a hearing under <u>Franks v. Delaware</u>.

Date: <u>August 3, 2021</u>              Respectfully submitted,

<u>s/Oliver P. Cleary</u>
Attorney for Defendant,
Steven Duarte

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**INGLEWOOD POLICE DEPARTMENT**
☆ DETECTIVE BUREAU ☆

# ORAL SWAB CONSENT FORM

DR NUMBER  20 - 17470

I, Steven Duarte                           12 / 14 / 92
        NAME                                DATE OF BIRTH

do freely and voluntarily consent to provide an oral swab sample to representatives of the **Inglewood Police Department**.

My consent to obtain an oral swab sample is made with full knowledge that I have a constitutional right to refuse such. No promises, threats or coercion of any kind have been made to me in order to relinquish this right; I consent do so freely and voluntarily.

x Refused 3-22-20 #878          /    /
SIGNATURE OF CONSENTER          DATE      TIME

_____          _____
      WITNESS                      ID #

_____          _____
      WITNESS                      ID #

IT IS HEREBY CERTIFIED THAT:

I, Oliver Cleary, am a citizen of the United States and am at least eighteen years of age. My business address is 468 N. Camden Dr., #200, Beverly Hills, CA 90210. I have caused service of <u>MOTION TO SUPPRESS & REQUEST FOR A *FRANKS* HEARING</u>

The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

Juan Rodriguez, AUSA, juan.rodriguez@usdoj.gov

Kyle Kahan, AUSA, kyle.kahan@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 3, 2021         *s/Oliver Cleary*
                                                   Attorney for Defendant
                                                   STEVEN DUARTE