TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/0304
    Facsimile: (213) 894-0141
    E-mail:   kyle.kahan@usdoj.gov
             juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>STEVEN DUARTE,<br><br>        Defendant. | No. CR 20-387-AB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S LETTER BRIEF IN SUPPORT OF *IN LIMINE* MOTION TO EXCLUDE DNA EVIDENCE<br><br>Hearing Date: August 19, 2021<br>Hearing Time: 11:00 p.m.<br>Location:    Courtroom of the<br>              Hon. André Birotte,<br>              Jr. |

      Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Special Assistant United States Attorney Kyle W.

Kahan and Assistant United States Attorney Juan M. Rodriguez hereby

files its opposition to defendant's letter brief in support of in

limine motion to exclude DNA evidence.

//

//

This opposition is based upon the attached memorandum of points and authorities, exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 18, 2021                    Respectfully submitted,

                                          TRACY L. WILKISON
                                          Acting United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          */s/ Kyle W. Kahan*
                                          KYLE W. KAHAN
                                          Special Assistant United States
                                          Attorney

                                          JUAN M. RODRIGUEZ
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      On July 16, 2021, the government timely disclosed its DNA expert

4  witness, who is expected to testify regarding his DNA analysis of

5  biological samples provided by the Inglewood Police Department

6  related to the case at hand.  One day before the pre-trial conference

7  and less than a week before the jury trial, STEVEN DUARTE

8  ("defendant") has filed a request for a hearing pursuant to <u>Daubert</u>

9  <u>v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  (Dkt.

10  105, "Motion".)  Rather than challenge the reliability of the DNA

11  expert's testimony, however, defendant instead merely challenges the

12  government's ability to lay a proper foundation for the DNA evidence

13  given a purported lack of "any forensic request or any other

14  documentation for DNA processing related to [defendant's] case."

15  (Motion, at 2.)

16      This untimely request (made nearly a month after motions <u>in</u>

17  <u>limine</u> were due) is both unnecessary and an erroneous application of

18  <u>Daubert</u>.  It is also factually wrong.  The government timely

19  disclosed the DNA analysis report connecting defendant to the

20  recovered firearm and magazine on April 22, 2021.  Immediately upon

21  delivery by the Los Angeles Sheriff's Department Laboratory on July

22  23, 2021, the government disclosed case notes, photographs, and

23  extensive discovery related to the DNA report to defendant.  This

24  included a request by Inglewood Police Department Senior Forensics

25  Specialist Celeste Hewson to analyze biological swabs collected by

26  her and Inglewood Police Department Detective Jose Barragan related

27  to the arrest of defendant.  (Exhibit A, Los Angeles County Sheriff's

28  Department Service Request).

1    Further, defendant's request for a Daubert hearing is
2    fundamentally flawed as he, at no point, raises a challenge regarding
3    the DNA expert witness' underlying reasoning, methodology, or
4    reliability.  Accordingly, defendant's request does not fall under
5    the purview of Daubert.  Defendant's motion should thus be denied.
6    In the event the Court wishes to hear the matter, the government
7    requests additional time to fully brief the issue.

8    **II.   ARGUMENT**

9        **A.   Defendant Erroneously States No Forensic Requests Exist.**

10   At the outset, defendant is wrong when he asserts that there is
11   no "forensic request or any other documentation for DNA processing
12   related to [defendant's] case." (Motion, at 2.)  On July 23, 2021,
13   the government disclosed to defense a document authored by Specialist
14   Hewson requesting DNA analysis on biological swabs collected by her
15   and Detective Barragan.  (Exhibit A).  Included in this request was
16   the agency case number, incident report date, and defendant's name.
17   (Id.)  Thus, the government has provided defendant with a forensic
18   request for DNA processing related to defendant's case.  Accordingly,
19   a Daubert hearing would be an undue waste of time and unnecessary
20   because the issue underlying defendant's motion is moot.

21       **B.   Defendant's Request is Not an Appropriate Use of a Daubert**
22           **Hearing.**

23   Even if there were a factual basis for his request, which there
24   is not, defendant's request is also an inappropriate interpretation
25   of Daubert.  At no point does defendant challenge the reliability or
26   relevance of the government's expert, let alone his credentials.
27   While the Court must perform a gatekeeping role to ensure expert
28   testimony is relevant and reliable, defendant has not raised this

issue.  See Fed. R. Evid. 702 (mandating an expert's testimony assist
the trier of fact to understand the evidence or contested fact, be
based on sufficient facts and based on reliable methods, and
appropriate applied to the facts at issue); Daubert, 509 U.S. at 579-
80.  Here, defendant does not challenge any criteria required by Rule
702 or Daubert and its progeny.  Instead, defendant erroneously
asserts that the government will be unable to lay a foundation for
its evidence and requests a hearing based solely off that.
Defendant's demand is this an inappropriate request for a Daubert
hearing.

> **C. Defendant's Request is Untimely and the Government Requests Additional Time to Brief the Issue.**

Finally, in the event the Court entertains defendant's motion,
the government requests additional time to brief this matter.
Defendant filed this request on August 18, 2021 at 2:35 p.m. and
provided no notice to the government beforehand.  This is one day
before the pre-trial conference and six days before the jury trial.
Moreover, this request was filed one day before the pre-trial
conference and six days before the jury trial.[1]  The government thus
requests additional time to brief this matter given its proximity to
the hearing date, and that it was filed over three weeks after
motions in limine were due.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests
that this Court deny defendant's request or, alternatively, provide
the government additional time to brief the matter.

---

[1] Moreover, defendant's request was filed long after all motions
in limine, oppositions, and replies in support of the motions were
due.  (Dkt. 36.)

3