1 TRACY L. WILKISON
  United States Attorney
2 SCOTT M. GARRINGER
  Assistant United States Attorney
3 Chief, Criminal Division
  JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
4 Assistant United States Attorney
  KYLE W. KAHAN (Cal. Bar No. 298848)
5 Special Assistant United States Attorney
  General Crimes Section
6      1200 United States Courthouse
       312 North Spring Street
7      Los Angeles, California 90012
       Telephone: (213) 894-0304/2238
8      Facsimile: (213) 894-0141
       E-mail:    juan.rodriguez@usdoj.gov
9                 kyle.kahan@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-387-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT STEVEN DUARTE |
| v. | |
| STEVEN DUARTE, | Hearing Date: December 17, 2021<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. André Birotte Jr. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Juan M. Rodriguez and Special Assistant United States Attorney Kyle W. Kahan, hereby files its Sentencing Position for defendant Steven Duarte.

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and

//

//

such further evidence and argument as the Court may permit.  The government respectfully requests the right to supplement this Sentencing Position with additional information as needed.

Dated: December 3, 2021         Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                       /s/
                                ─────────────────────────────
                                JUAN M. RODRIGUEZ
                                Assistant United States Attorney
                                KYLE W. KAHAN
                                Special Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Steven Duarte ("defendant"), a five-time convicted felon, knew it was illegal for him to have a firearm *or* ammunition. Yet in March of 2020, defendant had a stolen firearm and a loaded magazine in a moving car. When Inglewood Police Department ("IPD") Officers attempted to pull over the car, the driver failed to yield to the police, and the defendant tried to get rid of the evidence. While the driver sped away, defendant lowered the window and threw out the pistol frame and receiver with an empty magazine well. He then attempted to hide the magazine (with six .380 caliber bullets loaded within it) between the passenger seat and center console. After a three-day trial, a federal jury found defendant guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Dkts. 114, 120.)

The United States Probation and Pretrial Services Office ("USPPSO") calculated a total offense level of 22 and a criminal history category of VI, resulting in a Sentencing Guidelines range of 84-105 months' imprisonment and one to three years' supervised release. (Dkt. 123, Pretrial Sentence Report ("PSR") ¶¶ 14-24.) The government agrees with the USPPSO's calculations. The Guidelines appropriately account for the nature of defendant's conduct and his substantial criminal history. Accordingly, the government submits that a sentence within the Guidelines range is warranted. Based on the totality of the factors set forth in 18 U.S.C. § 3553(a), as discussed below, the government respectfully recommends that the Court sentence defendant to 84 months' imprisonment, three years' supervised release, and a $100 special assessment.

## II.   FACTUAL BACKGROUND

On March 20, 2020, IPD officers saw a car with illegal tinting run a stop sign.  IPD officers turned on their sirens, spotlights, and floodlights to pull the car over.  When they did, they saw defendant throw a firearm from the moving car onto the street of a residential neighborhood in Inglewood.  The officers asked another IPD unit to search for the firearm while they continued to follow the car.  The car eventually stopped approximately one block from where the officer originally attempted to pull it over.  Ultimately, IPD officers recovered the firearm defendant threw, namely, a Smith and Wesson .380 caliber pistol frame with an empty magazine well.  IPD officers searched the car and found a Smith and Wesson magazine with six .380 caliber bullets loaded within it.  The magazine fit inside the recovered pistol; the pistol had been reported stolen. (PSR ¶¶ 6-8.)

Prior to March 2020, defendant had sustained the following five felony convictions: (1) in March of 2012, defendant was convicted of Possession of a Controlled Substance; (2) in November of 2012, defendant was convicted of Vandalism; (3) in October of 2015, defendant was convicted of Possession of a Controlled Substance for Sale; (4) in July of 2016, defendant was convicted of being a Felon or Addict in Possession of a Firearm and Evading an Officer; and (5) in March of 2018, defendant was again convicted of Evading an Officer.  (Id. ¶¶ 29, 31, 34-36.)  Following his March 2018 conviction, defendant was sentenced to two-years' imprisonment. (Id. ¶ 36.)  He was released on Post Release Community Supervision before committing the crime in this case.

### III. THE PRESENTENCE INVESTIGATION REPORT

The PSR calculated a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because prior to the conviction in this case defendant sustained a felony controlled substance offense. (Id. ¶¶ 14-15.) The PSR calculated a two-level increase, pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because defendant possessed a stolen firearm.[1] (Id. ¶ 16.) Accordingly, the PSR calculated defendant's total offense level as 22. (Id. ¶ 24.) The government agrees with the PSR's calculations.

The government also agrees with the PSR's calculation of defendant's criminal history category of VI, based on 13 criminal history points. (Id. ¶ 39.) Accordingly, the government agrees with the PSR that the total offense level is 22, the criminal history category is VI, and the applicable Guidelines range is 84 to 105 months' imprisonment.

### IV. 84 MONTHS' IMPRISONMENT AND 3 YEARS' SUPERVISED RELEASE IS WARRANTED AND APPROPRIATELY TAILORED TO THE 3553(A) FACTORS

The government respectfully requests that the Court sentence defendant to a low-end sentence of 84 months' imprisonment, three years' supervised release, and a $100 special assessment. Such a sentence is sufficient but not greater than necessary to account for the factors set forth in 18 U.S.C. § 3553(a).

---

[1] Contrary to defendant's objections to the PSR (Dkt. 125), Alleyne v United States, 570 U.S. 99 (2013) is inapposite to specific offense characteristics findings that increase the applicable Guidelines range. Alleyne limits the ability of a court to increase a minimum statutory penalty without a finding by a jury and has no impact on the Court's ability to impose discretionary specific offense characteristics enhancements pursuant to the Guidelines. See Alleyne, 570 U.S. at 107-08.

Defendant illegally possessed a firearm and ammunition in a moving car after sustaining not one but five prior felonies. More specifically, in March of 2020, defendant knew he was prohibited from having a firearm or ammunition, yet he had both. When police tried to pull over the car defendant was in, in a rash attempt to evade detection and escape criminal liability defendant threw the firearm frame onto the sidewalk of a residential neighborhood, thereby endangering the community. Defendant's criminal conduct was serious and demonstrated a disregard for the community and for law enforcement.

Defendant's conduct in this case was also not an aberration. For nearly a decade, he has been engaged in a steady stream of criminal activity, sustaining five felony convictions, including for possession of controlled substances, being a felon in possession of a firearm, and evading police officers (twice). Clearly his prior sentences, including his most recent sentence of two-years' imprisonment for evading police, have had no effect at deterring him from committing further crimes. Indeed, at the time he committed the crime in this case, defendant was on a term of post-release community supervision after his release from his most recent felony conviction and sentence. (PSR ¶¶ 36, 38.)

In light of defendant's conduct in this case, and his repeated pattern of criminal activity, a substantial sentence is necessary to protect the community from future crimes of the defendant, deter him from committing further crimes, account for the nature, circumstances, and seriousness of the offense, and promote respect for the law. The Guidelines accurately account for defendant's conduct in this case and his criminal history, which combine to yield

4

the sentencing range of 84-105 months.  Given defendant's history and characteristics, including the fact that the longest period of incarceration that defendant has been sentenced to is two years, a low-end Guidelines sentence is appropriate.  Furthermore, a three-year term of supervised release will also provide an additional measure of supervision and deterrence to help prevent future crimes by this defendant.  Such deterrence is particularly important given defendant's criminal history.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 84 months' imprisonment, three years' supervised release, and a $100 special assessment.